# EXHIBIT 1

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 1

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/29/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In the Matter of the Application of   :   Index No.

              :

THE OFFICE OF THE COMMISSIONER OF :
BASEBALL,            :   **VERIFIED PETITION**

              :

         Petitioner,  :

              :

 against          :

              :

MICHAEL S. SITRICK,      :

              :

        Respondent. :

              :

For an Order Compelling Compliance with a :
Subpoena.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    Petitioner The Office of the Commissioner of Baseball, doing business as Major

League Baseball ("MLB") by its attorneys, Proskauer Rose LLP ("Proskauer"), for its petition

against Respondent Michael S. Sitrick ("Sitrick") respectfully alleges:

    1.   This is a proceeding pursuant to N.Y. C.P.L.R. 2308 to compel Sitrick to

comply with a trial subpoena, dated September 19, 2013 (the "Subpoena") that was issued by

Arbitration Panel Chairman, Fredric R. Horowitz, pursuant to N.Y. C.P.L.R. 7505 seeking

testimony and the production of documents at the arbitration between the Major League Baseball

Players Association (Alex Rodriguez) and MLB, Grievance No. 2013-02 (the "Arbitration").

**THE PARTIES**

    2.   Petitioner MLB is a New York unincorporated association whose

members are the 30 Major League Baseball Clubs and whose principal place of business is

located at 245 Park Avenue, 31st floor, New York, New York.

3.      On information and belief, Respondent, Sitrick, is a natural person who is the founder, Chairman and Chief Executive Officer of Sitrick & Company.  Sitrick & Company is a public relations firm, which has offices in several cities, including in New York.  Sitrick & Company's New York office is located at Seven Times Square, Suite 2600, New York, NY 10036.  Mr. Sitrick and Sitrick & Company advertise to the public on the company's website that the New York office is his and its place of business.

4.   On information and belief, in or around January 2013, Sitrick & Company was retained to provide public relations services to Alex Rodriguez, a Major League Baseball Player and the Grievant in the Arbitration ("Rodriguez").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this proceeding pursuant to N.Y. C.P.L.R. 2308(b) and N.Y. C.P.L.R. Article 75.

6.      Venue is proper because Petitioner's principal place of business is in New York County, Respondent has an actual place of business in New York County, and the Arbitration is taking place in New York County.

## THE PENDING ARBITRATION

7.   Pursuant to agreements that are the product of collective bargaining between MLB and the Major League Baseball Players' Association (the "Union") – the Joint Drug Prevention and Treatment Program (the "Joint Drug Agreement") and the Basic Agreement - Major League players are prohibited from possessing or using certain performance enhancing substances and from engaging in conduct that is materially detrimental or materially prejudicial to the best interests of Baseball, and are subject to discipline by MLB for such conduct.

8.      On or about January 29, 2013, the *Miami New Times*, a Miami-area newspaper, published what it described as excerpts from handwritten records maintained by Anthony

2

Bosch ("Bosch"), the proprietor of a now-defunct anti-aging clinic based in South Florida, last known as "Biogenesis." The hand-written records as published by the *Miami New Times* identified several Major League players as having received from Bosch and/or the clinics with which he was associated certain performance enhancing substances that Major League players are prohibited from possessing or using under the Joint Drug Agreement. One of the players so identified was Alex Rodriguez of the New York Yankees.

9.     On August 5, 2013, following an investigation, MLB disciplined Rodriguez, by suspending him (effective as of August 8, 2013) for the remainder of the 2013 season and for the entire 2014 season, based upon his continuous and prolonged possession and use of numerous prohibited performance enhancing substances, and for his attempting to cover up his violations of the Joint Drug Agreement and engaging in a course of conduct that was intended to obstruct and frustrate MLB's investigation into his and other players' violations of that Agreement. Pursuant to the Basic Agreement's grievance and arbitration procedure, the Union filed a grievance the discipline on behalf of Rodriguez; and the arbitration of that grievance is currently pending before Arbitrator Fredric R. Horowitz, Chairman of the Arbitration Panel.

10.     In the course of its investigation, MLB uncovered evidence indicating that Rodriguez, or others acting on his behalf, had obtained certain records, which had been maintained by Bosch, doing so for the apparent purpose of preventing MLB from obtaining those records and from uncovering evidence of Rodriguez's use and possession of prohibited substances.

## THE SUBPOENA

11.     The Subpoena was issued pursuant to N.Y. C.P.L.R. 2305 and 7502 in order to enable MLB to obtain evidence relevant to the claims and defenses in the Arbitration.

3

12.     On September 19, 2013, the Subpoena was properly served pursuant to N.Y. C.P.L.R. 308(2). The Subpoena and the requisite witness fee were hand-delivered to an adult employee of Sitrick & Company at Seven Times Square, Suite 2600, New York, NY 10036 and mailed to Mr. Sitrick's attention at Sitrick & Company at the same address.

13.     The subpoena seeks Sitrick's appearance at the Arbitration to provide testimony and to bring with him a limited number of requested documents.

14.     On September 27, 2013, Sitrick's counsel, J. Michael Hennigan of McKool Smith Hennigan, sent a letter to counsel for MLB objecting to the subpoena and indicating that Sitrick would neither appear to give testimony nor produce documents.

## SITRICK'S IMPORTANCE AS A WITNESS

15.     On or about January 29, 2013, the date of publication of the *Miami New Times* article referred to above, Sitrick & Company issued a statement on behalf of Rodriguez, asserting, *inter alia*, that Rodriguez had never been treated or advised by Bosch and that the documents referenced in the *Miami New Times* article, at least as they related to Rodriguez, were not legitimate.

16.     On or about February 5, 2013, *Yahoo! Sports* published a story identifying Major League players who it claimed had received performance enhancing substances from Bosch – naming players (including Ryan Braun of the Milwaukee Brewers and Francisco Cervelli of the New York Yankees) who had *not* been identified in the *Miami New Times* article that had been published one week earlier, such as Ryan Braun and Francisco Cervelli. In addition, *Yahoo!* published excerpts of handwritten records said to have been maintained by Bosch that had *not* been published previously by the *Miami New Times* or any other publication.

17.     Upon information and belief, these additional excerpts from Bosch's handwritten records that *Yahoo!* published on February 5, 2013 had been provided to Sitrick &

4

company by Rodriguez or others acting on his behalf, and were then provided by Sitrick & Company to *Yahoo!*. Indeed, on August 16, 2013, the news program *60 Minutes*, citing two unnamed sources with direct knowledge of the matter, published a story on its website reporting that members of Rodriguez's inner circle had obtained and then leaked to *Yahoo!* the Bosch records implicating Braun and Cervelli.

18.     In connection with MLB's investigation, MLB and the Union agreed that Rodriguez would provide MLB with any documents and information regarding or reflecting any efforts made by Rodriguez, or others acting on his behalf, to obtain records that had been maintained by Bosch, including but not limited to documents within the possession, custody or control of Sitrick & Company  Alternatively, the Union agreed that, if it was unable to produce such documents or information, it would provide MLB with a certification from Sitrick & Company that Sitrick did not have and never had any such documents.  When the Union advised MLB that it was unable to produce the documents in question, an agreed-upon form of certification (an affidavit) was sent to Michael Sitrick and Sitrick & Company for execution.

19.     To date, MLB has received neither responsive documents from Sitrick & Company, nor an affidavit from Mr. Sitrick certifying that neither he nor the Company has or ever had the documents in question.

20.     The testimony of Mr. Sitrick is necessary to establish whether Rodriguez or his representatives have or had documents relevant to MLB's allegations in the Arbitration in their possession and when those documents were obtained.

WHEREFORE, MLB respectfully requests an order directing Sitrick to comply with the Subpoena and appear before the Arbitration Panel at The Office of the Commissioner of Baseball, 245 Park Avenue, New York, New York, at 9:00 a.m. on November 18, 2013, and at any adjourned or recessed date of that hearing, to testify and produce the documents requested in

the Subpoena.  MLB further requests that the Court impose on Sitrick a fine of $50 as costs, and

the reasonable attorneys' fees MLB incurred in connection with this special proceeding and

motion to compel.

New York, New York
October 29, 2013

        PROSKAUER ROSE LLP

        By: _Howard L. Ganz_

          Howard L. Ganz
          Neil H. Abramson
          Adam M. Lupion
          11 Times Square
          New York, NY 10036-8299
          Tel. (212) 969-3000
          Fax (212) 969-2900
          hganz@proskauer.com
          nabramson@proskauer.com
          alupion@proskauer.com

          *Attorneys for Petitioner*

6

## VERIFICATION

Howard L. Ganz, an attorney admitted to practice before the courts of this state and a member of the law firm of Proskauer Rose LLP, affirms under penalties of perjury that: (1) he is counsel to Petitioner, the Office of the Commissioner of Baseball ; (2) he has read the foregoing Verified Petition and knows the contents thereof; and (3) the contents thereof are true to his knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

Dated: October 29, 2013
      New York, New York

                                                   _____
                                                     Howard L. Ganz

7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ALEXANDER EMMANUEL RODRIGUEZ,

                    Plaintiff,

          v.

MAJOR LEAGUE BASEBALL, OFFICE OF
THE COMMISSIONER OF MAJOR
LEAGUE BASEBALL and ALLAN HUBER
"BUD" SELIG,

                    Defendants.

Index No.:

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

MAJOR LEAGUE BASEBALL
245 Park Avenue
New York, New York 10167

OFFICE OF THE COMMISSIONER OF
MAJOR LEAGUE BASEBALL
245 Park Avenue
New York, New York 10167

ALLAN HUBER "BUD" SELIG
c/o Office of the Commissioner of
Major League Baseball
245 Park Avenue
New York, New York 10167

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 3, 2013
          New York, New York

REED SMITH LLP

By: _____
    Jordan W. Siev, Esq.
    James C. McCarroll, Esq.
    Casey D. Laffey, Esq.
    599 Lexington Avenue
    New York, New York 10022
    Tel: (212) 521-5400
    Fax: (212) 521-5450
          -and-

TACOPINA SEIGEL & TURANO, P.C.
By: Joseph Tacopina, Esq.
275 Madison Avenue
New York, New York 10016
Tel: (212) 227-8877

    -and-

GORDON & REES LLP
By: Wm. David Cornwell, Sr., Esq.
3455 Peachtree Road, Ste. 1500
Atlanta, Georgia 30326
Tel: (404) 869-9054