# Ganz Aff. Exhibit 3

# Sitrick And Company

*800.288.8809*



## About

Sitrick And Company was founded in 1989 by Michael S. Sitrick, the firm's Chairman & CEO. Nearly every year since its founding, the firm has been ranked as one of the top strategic communications companies in the nation. Our clients include public and private companies as well as government agencies and high-profile individuals, ranging from financier Thomas H. Lee to rocker Tommy Lee. Today, Sitrick And Company has approximately 50 people working out of five offices: Los Angeles, New York, Denver, San Francisco and Silicon Valley.

From the onset, Sitrick And Company has focused on corporate, financial, transactional and crisis communications. Although we have an extensive and successful practice in each of the foregoing areas, our firm is best known for its work in sensitive make-or-break situations. Whether helping a client with an IPO, a merger or a criminal indictment, we work to ensure that all of our clients' key audiences are covered. This can include such groups as the media (digital and traditional), employees, the investment community, customers, suppliers and government officials.

Matters with which we have been involved span the spectrum. In addition to such corporate areas as earnings releases and reputation management, they include business litigation, state and federal government investigations, criminal indictments, insurance fraud, labor issues (including emergency executive transitions, sexual harassment and discrimination cases), fraudulent conveyance cases, trade disputes, mergers and acquisitions, proxy contests, withhold vote contests, product recalls, environmental issues and product liability claims, financial restatements and write-downs, and in and out of court restructurings. (The firm has been involved in more than 300 Chapter 11 cases since its founding and more than 100 out of court restructurings.)

Our executives are broadly experienced professionals with both media and senior-level corporate experience. Senior executives have served as officers and directors of both private and publicly-traded companies and as reporters, editors and producers of such news organizations as the Wall Street Journal, New York Times, Los Angeles Times, San Jose Mercury News, Detroit Free Press, Chicago

Tribune, Bloomberg, Dow Jones, Miami Herald, NBC Television, the China Morning News and various Latin American media.

Our digital media team is led by two executives who directed online media initiatives for the Los Angeles Times and Premiere Radio, one of the nation's top syndicators of radio programs. The firm's executive rank also includes former litigators and business executives.

SEARCH

- About
- Practice areas
- Stories on the Firm
- Newsroom
- Contact

- Michael S. Sitrick
- Senior Executives
    - Brenda Adrian
    - Jim Bates
    - Tom Becker
    - H Steven Blum
    - Jason G. Booth
    - Terry Fahn
    - Seth Faison
    - Sallie Hofmeister
    - Lance Ignon
    - Tony Knight
    - Anita-Marie Laurie
    - Jeffrey Lloyd, Ph. D.
    - Thomas S. Mulligan
    - Danielle Newman
    - Lew Phelps
    - Wendy Tanaka
    - Tamara Taylor
    - Thom Weidlich

**Offices**

*Los Angeles 11999 San Vicente Blvd., Penthouse*
*Los Angeles, CA 90049*

phone:
    310.788.2850
fax:
    310.788.2855
toll free:
    800.288.8809

- New York
- San Francisco
- Chicago
- London

## About

- Michael S. Sitrick
- Senior Executives

## Practice areas

- Crisis
- Restructuring
- Litigation Support
- Corporate
- Entertainment
- Labor Issues
- Reputation Management
- Digital
- Asia Pacific
- Client List

## Stories on the Firm

## Contact

## Newsroom

- Sitrick Executives Quoted as Experts
- Sitrick News
- What Others Say About Us

# Sitrick And Company

*800.288.8809*



## Michael S. Sitrick

**phone:** 310.788.2850
**email:** mike_sitrick@sitrick.com
Download vCard

Michael Sitrick is the founder, Chairman and Chief Executive Officer of Sitrick And Company. An internationally recognized expert in the strategic use of communications, Mr. Sitrick has been the subject of numerous articles focusing on the results he has achieved for clients. *Fortune* Magazine called him "one of the most accomplished practitioners of the dark arts of public relations" and "The Winston Wolf of Public Relations." "Wolf," *Fortune* explained, was the fixer in *Pulp Fiction*. Played by Harvey Keitel, he washed away assassins splatter and gore. Sitrick "cleans up the messes of companies, celebrities and others and he's a strategist who isn't averse to treating PR as combat." The *Los Angeles Times* called him, "The Wizard of Spin," *Forbes*, "The Flack For When You're Under Attack" and the *Financial Times*, the spin doctor's spin doctor." *Fast Company* said, "Everyone understands the importance of shaping a story, but few are as shrewdly proficient at manipulating the media as L.A. crisis manager Mike Sitrick…" *Los Angeles Magazine* wrote: "Sitrick is a pure product of the 24-hour news cycle, of a culture dominated and defined by newspapers, magazines, TV, radio, the Internet, of the never-ending noise streaming into our lives. Beyond his aggressiveness, beyond his toughness, what distinguishes Sitrick is his ability to play the media to his clients' advantage."

Since founding Sitrick And Company, he has provided advice and counsel to more than 1,000 companies, including some of the nation's largest corporations, and some of our nation's highest profile individuals — both on routine and extremely sensitive matters. Matters with which he has been involved pretty much span the spectrum. While many of his cases dominate the headlines, perhaps even most telling are the cases which are never heard about — where Mr. Sitrick and his firm are brought in to keep their clients out of the press, a much more difficult task.

Under his direction, Sitrick And Company grew to the 15th largest independent firm in the nation in its first year of business. It broke into the top ten in its second year. Today, the firm has offices in Los Angeles, New York, San Francisco and Baltimore.

Prior to forming the firm, Mr. Sitrick served as Senior Vice President – Communications for Wickes Companies, Inc. A member of that company's senior management group, he was the architect of Wickes' Chapter 11 communications programs. He also directed the company's communications efforts through a series of takeover attempts and defenses, litigation issues, a major product liability problem and numerous other critical matters.

Before joining Wickes, Mr. Sitrick headed Communications and Government Affairs for National Can Corporation, was a Group Supervisor for the Chicago public relations firm Selz, Seabolt and Associates, and served as Assistant Director of Public Information in the Richard J. Daley administration in Chicago. He also did reporting for such publications as the Washington Star and the Baltimore News American, as well as WSID Radio in Baltimore.

Mr. Sitrick has lectured on public relations and crisis management before numerous professional groups and forums, as well as at the graduate schools of Columbia, Dartmouth, UCLA, USC and the Mike Wallace Journalism Fellows Program at the University of Michigan. Mr. Sitrick is the author of the critically acclaimed book, "Spin– How to turn the power of the press to your advantage" which was published in April 1998 by Regnery Publishing Co. and is a contributing author to the book, "Turnarounds and Workouts," published by Dow Jones/Irwin and "The Art Of Doing," published by Penguin.

Mr. Sitrick serves on the Board of Directors of the privately-held pharmaceutical company, Nant Pharma and the non-profit Chan Soon-Shiong Institute for Advanced Health and Saint John's Health Center. He is a former board member of NASDAQ listed APP Pharmaceuticals Company and Abraxis BioScience, the Turnaround Management Association and the Jewish Television Network.

Mr. Sitrick holds a B.S. degree in Business Administration with a major in Journalism from the University of Maryland, College Park. He is married to the former Nancy Eiseman and together they have three daughters and four grandchildren.

SEARCH

- About
- Practice areas
- Stories on the Firm
- Newsroom
- Contact

- Michael S. Sitrick
- Senior Executives
  - Brenda Adrian
  - Jim Bates
  - Tom Becker
  - H Steven Blum
  - Jason G. Booth
  - Terry Fahn

- Seth Faison
- Sallie Hofmeister
- Lance Ignon
- Tony Knight
- Anita-Marie Laurie
- Jeffrey Lloyd, Ph. D.
- Thomas S. Mulligan
- Danielle Newman
- Lew Phelps
- Wendy Tanaka
- Tamara Taylor
- Thom Weidlich

**Offices**

*Los Angeles 11999 San Vicente Blvd., Penthouse
Los Angeles, CA 90049*

phone:
>   310.788.2850
fax:
>   310.788.2855
toll free:
>   800.288.8809

- New York
- San Francisco
- Chicago
- London

## About

- Michael S. Sitrick
- Senior Executives

## Practice areas

- Crisis
- Restructuring
- Litigation Support
- Corporate
- Entertainment
- Labor Issues
- Reputation Management
- Digital
- Asia Pacific
- Client List

## Stories on the Firm

**Contact**

**Newsroom**

- Sitrick Executives Quoted as Experts
- Sitrick News
- What Others Say About Us

| | |
|---|---|
| **Full Name:** | Michael Sitrick |
| **Last Name:** | Sitrick |
| **First Name:** | Michael |
| **Job Title:** | Chairman and Chief Executive |
| **Company:** | Sitrick And Company |
| | |
| **Business Address:** | 1840 Century Park East, 8th Floor |
| | Los Angeles, CA 90067 |
| | |
| | 7 Times Square, Suite 2600 |
| | New York, NY  10036 |
| | |
| **Business:** | (310) 788-2850 |
| **Business 2:** | (212) 573-6100 |
| **Other Fax:** | (212) 573-6165 |
| | |
| **E-mail:** | Mike_Sitrick@sitrick.com |
| **E-mail Display As:** | Michael Sitrick (Mike_Sitrick@sitrick.com) |

# Ganz Aff. Exhibit 4

# Alex Rodriguez Issues Statement In Response To Media And Other Inquiries

PR Newswire

MIAMI, Jan. 29, 2013

MIAMI, Jan. 29, 2013 /PRNewswire/ -- In response to media and other inquiries, a spokesman for Alex Rodriguez today issued the following statement:

*The news report about a purported relationship between Alex Rodriguez and Anthony Bosch are not true. Alex Rodriguez was not Mr. Bosch's patient, he was never treated by him and he was never advised by him. The purported documents referenced in the story -- at least as they relate to Alex Rodriguez -- are not legitimate.*

SOURCE Alex Rodriguez; Sitrick And Company, Inc.

# Ganz Aff. Exhibit 5

 Happy owners love VPI
See why.


By

Michael Radutzky /

CBS News/ August 16, 2013, 2:14 PM

# Alex Rodriguez implicated fellow players in doping investigation

★ *109* Shares    ✉ *65* Tweets    ◉ Stumble    ✉ Email    More +
53 Comments

"60 Minutes" has learned that members of New York Yankees third baseman Alex Rodriguez's inner circle in February obtained and leaked documents that implicated Milwaukee Brewers slugger Ryan Braun as well as his own Yankees teammate, catcher Francisco Cervelli, in the doping scandal that has enveloped Major League Baseball.

The leak came just days after the weekly newspaper Miami New Times published documents in January detailing Rodriguez's pervasive use of performance enhancing drugs.

The handwritten documents of Anthony Bosch, the key witness in Major League Baseball's PED investigation, revealed comprehensive doping regimens that Bosch had engineered for a host of professional athletes. His cooperation with MLB has resulted in the suspension of Rodriguez and 13 other major league players.

Braun and Cervelli's names were redacted in the Miami New Times documents. Members of Rodriguez's camp at the time obtained unredacted versions and leaked them to Yahoo! Sports, according to two sources with direct knowledge of the matter. The unredacted documents also implicated Baltimore Oriole Danny Valencia, who MLB later investigated and cleared.

 CBSSports' Danny Knobler: Among A-Rod's sins, outing other players is a new low

In a statement to "60 Minutes," Rodriguez lawyer David Cornwell said, "The allegations are untrue and are another attempt to harm Alex -- this time by driving a wedge between Alex and other players in the game. While Alex focuses on baseball and repeatedly states that he is going to respect the appeal process, the drumbeat of false allegations continues."

On July 22, Braun accepted a 65-game suspension for the remainder of the 2013 season for taking performance-enhancing drugs. And on Aug. 5, Cervelli, along

with 11 other players, accepted a 50-game ban. MLB has suspended Rodriguez for 211 games. He is appealing.

All three of the unredacted documents leaked to Yahoo! Sports list Braun's name. One document shows Braun on a Bosch list along with Rodriguez, Cervelli, Toronto Blue Jays outfielder Melky Cabrera and minor league pitcher Cesar Carrillo, all of whom have been suspended for PEDs.



Play Video

### 2007: A-Rod denies doping on "60 Minutes"

The revelation that members of Rodriguez's camp at the time leaked documents implicating other players to the media could present significant problems for Rodriguez's legal team as they enter the arbitration process to appeal his suspension. Baseball officials say they levied a harsher suspension on Rodriguez because of his continued use of PEDs over multiple years as well as his attempt to "obstruct and frustrate" MLB's investigation.

Rodriguez's case is set to be heard by arbitrator Fredric Horowitz in the coming weeks. If MLB were to present evidence that Rodriguez's camp knowingly leaked additional Bosch business records, it might demonstrate that Rodriguez's camp had not only obtained them to keep them out of the hands of investigators, but that he actively sought to interfere with baseball's investigation by releasing other players' names.

Baseball's collective bargaining agreement requires that any allegations of PED use are to first be dealt with privately before either the Commissioner's office or the Players Association makes any names public. The premature release of a player's name is a direct violation of the collective bargaining agreement.

MLB Players Association head Michael Weiner has said he will support Rodriguez's appeal of the 211-game ban.

"We feel what he (MLB Commissioner Bud Selig) did, frankly, was inappropriate and almost ridiculous," he said in an interview earlier this month. "Look at the penalties that have been [given] out and cases that have been decided by the commissioner's office along with the Players Association. Nothing comes close to 211 games."

> Inside Alex Rodriguez's defense
> Alex Rodriguez booed in first game since doping charges
> Emotional Alex Rodriguez: It's "been a nightmare"
> A-Rod denies doping, on "60 Minutes"

In early April, accusations arose that Rodriguez had purchased at least some of Bosch's business records. Rodriguez's spokesperson at the time flatly denied the reports.

Rodriguez has denied any connection to Bosch and his clinic, and says he was never treated by him, advised by him, and that the Miami New Times documents implicating him are not legitimate.

© 2013 CBS Interactive Inc. All Rights Reserved.

**109** Shares • **65** Tweets • Stumble • Email   More +

**53** Comments

# Around the Web


Raquel Welch: Aging Beautifully
AARP


Homeowners Are In For A Big Surprise...
Smart Life Weekly


Credit Cards With No Interest Until ...
Next Advisor


Control 4 Hormones All Skinny People ...
Real Dose Nutrition

## Popular on CBSNews.com



# Ganz Aff. Exhibit 6

AFFIDAVIT

MICHAEL SITRICK, being duly sworn, deposes and says:

1. I am employed by Sitrick and Company ("Sitrick"), a public relations firm that was retained by the firm of Black Srebnick Kornspan Stumpf (the "Black Firm") to provide services on behalf of Alex Rodriguez, at the time Mr. Rodriguez was a client of the Black Firm; and I make this affidavit at the request of Mr. Rodriguez and Joseph Tacopina, of the firm of Tacopina Seigel & Turano, Mr. Rodriguez's current counsel.

2. Neither I nor Sitrick has or ever had possession, custody or control of any records (originals or copies, and whether in hard copy or electronic form) of Anthony Bosch, Biogenesis or related entities, except for any copies of such records that I or others at Sitrick may have obtained through publically available sources, such as through the media or the internet.

_____

Michael Sitrick

Sworn to before me this

___ day of September, 2013

_____

Notary Public

IAS Part 37 of the Supreme Court
of the State of New York, held in
and for the County of New York, at
60 Centre Street, New York,
on the 30ᵗ day of October, 2013.

Present: Hon. Arthur F. Engoron, Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X
In the Matter of the Application of                    :
                                                       :     Index No. 653774/2013
THE OFFICE OF THE COMMISSIONER OF                      :
BASEBALL,                                              :
                                                       :     **ORDER TO SHOW CAUSE TO**
                                   Petitioner,         :     **COMPEL COMPLIANCE**
                                                       :     **WITH SUBPOENA**
                   against                             :
                                                       :
MICHAEL S. SITRICK,                                    :
                                                       :
                                   Respondent.         :
                                                       :
For an Order Compelling Compliance with a              :
Subpoena.                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Upon the annexed Verified Petition of The Office of the Commissioner of Baseball, the

Affirmation of Howard L. Ganz dated October 29, 2013 and the exhibits annexed thereto, it is

hereby:

ORDERED that respondent Michael S. Sitrick ("Respondent") or his attorney show cause

at an Individual Assignment Part ^37 of the Supreme Court of the State of New York, County of

New York, at the Courthouse, 60 Centre Street, ^Rm. 328 New York, New York, on the 13ᵗ day of

November, 2013, at 9:30 o'clock A.M./P.M., or as soon thereafter as counsel may be heard, why

an order should not be made pursuant to N.Y. C.P.L.R. 2308(b) to compel Respondent to comply

with the trial subpoena issued by Fredric R. Horowitz, Chairman of the Arbitration Panel, and

served on Respondent on the 19th day of September, 2013 (the "Subpoena"), requiring

Respondent to appear before the Arbitration Panel at The Office of the Commissioner of Baseball, 245 Park Avenue, New York, New York, at 9:00 a.m. on September 30, 2013, and at any adjourned or recessed date of that hearing, to testify and produce the documents requested in the Subpoena, on the ground that Respondent has not complied with the subpoena, and for such other and further relief as the court may deem proper.

ORDERED that Petitioner shall serve a copy of this order together with the papers on which it was granted, upon the Respondent at his place of business, Sitrick & Company, 7 Times Square, Suite 2600, New York, New York 10036 on or before the _1st_ day of November, 2013. *by pursuant to CPLR 308*

ORDERED that Respondent shall serve opposing papers, if any, by hand delivery or overnight mail, on Petitioner's counsel, Howard L. Ganz, Esq., Proskauer Rose LLP, 11 Times Square, New York, New York, 10036, on or before November_, 2013.

ORDERED that Respondent pay $50 (fifty dollars) as costs of this motion pursuant to N.Y.C.P.L.R. 2308(b) within _____ days of service of a copy of this order upon him.

Enter:

_____
J.S.C.
**HON. ARTHUR F. ENGORON**

# Ganz Aff. Exhibit 7

# McKool Smith
## Hennigan

J. Michael Hennigan
(213) 694-1002
hennigan@mckoolsmithhennigan.com

865 South Figueroa Street
Suite 2900
Los Angeles, California 90017

Telephone: (213) 694-1200
Telecopier: (213) 694-1234

September 27, 2013

**VIA EMAIL AND U.S. MAIL**

Howard L. Ganz, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
*email: hganz@proskauer.com*

Re:  *In the matter of the Arbitration between Major League Baseball Players
Association (Alex Rodriguez) and The Office of the Commissioner of Baseball*
Grievance No. 2013-02: Trial Subpoena Addressed to Michael S. Sitrick

Dear Mr. Ganz,

We are counsel to Michael S. Sitrick and Sitrick And Company (together, "Mr. Sitrick")
in connection with the September 19, 2013 Trial Subpoena ("Subpoena") purportedly served on
Mr. Sitrick at his employer's New York office by The Office of the Commissioner of Baseball
("Requestor") in the above-referenced proceeding.

This letter will serve as Mr. Sitrick's objections to the Subpoena. Due to the defects
described below, Mr. Sitrick will not appear before the Arbitration Panel as requested to provide
testimony or documents.

While reserving his right to supplement or amend this response, Mr. Sitrick hereby
responds and objects to the Subpoena on at least the following grounds:

1.  Mr. Sitrick objects to the Subpoena on the ground that the Requestor failed to
    serve Mr. Sitrick in a manner consistent with CPLR §§ 2303, 308 and 311.

2.  Mr. Sitrick objects to the Subpoena on the ground that the Requestor failed to
    provide the requisite twenty days notice required under CPLR § 3120.

3.  Mr. Sitrick objects to the Requests in their entirety to the extent that they purport
    to call for the disclosure of information, or the production of documents, that are

subject to the attorney-client privilege, the attorney work product protection, or any other applicable privilege, doctrine or immunity.

4. Mr. Sitrick objects to the requests in their entirety on the grounds that, and to the extent that, they are unduly vague, ambiguous, burdensome, overbroad, oppressive and seek documents, information or things neither relevant to the subject matter of the resolution of the proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

5. Mr. Sitrick objects to the Requests on the grounds that, and to the extent that, they seek proprietary business information, trade secrets, sensitive or confidential commercial or business documents and/or confidential personal information.

6. Mr. Sitrick objects to the subpoena on the grounds that it was not accompanied by the required check to cover costs of travel and the production of documents pursuant to CPLR § 2303.

7. Mr. Sitrick objects to the requests except to the extent that Requestor agrees to provide him with reasonable reimbursement, including reimbursement for attorneys' fees, in order to protect Mr. Sitrick from the significant expense and burden stemming from an effort to respond to the Requests.

8. Mr. Sitrick objects to the request to appear in New York before the Arbitration Panel. Mr. Sitrick is a California resident and objects to the undue burden and expense of traveling to New York. Mr. Sitrick further objects that, as a California resident, he cannot be compelled to travel to New York to appear to testify in person before the Arbitration Panel.

9. Mr. Sitrick objects to the Instructions and Definitions in Attachment A to the Subpoena in that they are overly broad, ambiguous and vague, rendering any search for documents impossible. For instance, references to unspecified, undefined or unnamed "other representatives, and its predecessors, successors, parents, or assigns, collectively and singularly, and their agents, employees, officers, directors, principals, contractors, and other representatives," in Section E, and "any representatives – including attorneys, agents, assistants, consultants, or employees – of such current or former Major League Baseball players," in Section F, places not only an undue burden, but also an impossible burden, upon Mr. Sitrick, who is unable to ascertain the unspecified, undefined or unnamed persons or entities referred to.

10. Mr. Sitrick objects to the Instructions and Definitions in Attachment A, Section F in defining "Players" as "any and all professional baseball players who are

employed or playing for, or have in the past been employed by or played for, any of the 30 Major League Baseball Clubs." Such a broad definition is burdensome and will include information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Sitrick further objects to the extent that he has confidential client relationships with individuals employed by Major League Baseball Clubs that have no bearing on this proceeding.

11. Mr. Sitrick objects to the Instructions and Definitions in Attachment A to the extent that they purport to impose any obligations upon Mr. Sitrick beyond those required by the applicable law.

12. Mr. Sitrick objects to the requests to the extent they call for documents not within his personal possession, custody or control.

13. Mr. Sitrick objects to all requests to the extent they call for documents "relating to" particular events, entities, actions, proceedings or subject matters. Such term is inherently vague, ambiguous and subjective, and creates insurmountable problems of interpretation, as well as an undue burden on a third party. Where a request calls for a document "relating to" a particular event, entity, action, proceeding or subject matter, Mr. Sitrick would interpret such request as calling for documents referring to such event or subject matter to correct such request's imprecise construction.

14. Mr. Sitrick objects to the Requests in their entirety to the extent they seek electronically stored information that is not reasonably accessible, including without limitation, (a) data stored on back-up tapes and data that is inaccessible absent some sort of restoration process, (b) data that is not accessible to or used by Mr. Sitrick as a part of Mr. Sitrick's regular, routine and ongoing business operations, and (c) all other electronic data to the extent that that the scope of data subject to review cannot be reasonably narrowed and tailored in a manner that avoids an undue hardship and burden. Mr. Sitrick further objects to any request to attempt to locate electronically stored information without compensation for his time and the time of individuals and counsel required to perform such searches and for the preparation of a privilege log.

15. Mr. Sitrick objects to Sections H and I of the Instructions and Definitions in Attachment A to the extent they impose a burden on a third party beyond the scope of that permitted by the applicable law.

16. Mr. Sitrick objects to Requests Numbers 1 and 2 as overly broad, ambiguous and vague, including, but not limited to, with respect to the extent to which it purports to encompass information and matters not pertaining to Mr. Rodriguez. The Requests for "entities acting on his behalf" is ambiguous and vague, thereby rendering any search for documents or electronic data impossible. Mr. Sitrick is unable to ascertain the unspecified, undefined or unnamed persons or entities referred to in the Requests.

17. Mr. Sitrick objects to the Requests to the extent that they seek information concerning individuals other than Mr. Rodriguez employed by Major League Baseball Clubs that have no bearing on this proceeding. Mr. Sitrick has confidential client relationships with individuals employed by Major League Baseball Clubs and documents and testimony concerning such confidential relationships are not discoverable.

18. No objection or limitation, or lack thereof constitutes an admission as to the existence or nonexistence of documents or information by Mr. Sitrick.

19. Mr. Sitrick objects to the Requests in their entirety to the extent that they purport to require the production of identical copies or drafts of the same document.

20. Mr. Sitrick objects to the Requests in their entirety to the extent that they are duplicative or cumulative.

21. Mr. Sitrick objects to the Requests in their entirety to the extent that they seek information that can be obtained from some other source that is more convenient, less burdensome, or less expensive.

22. Mr. Sitrick reserves all of its respective rights, including its right to supplement, amend, or correct any of these responses and objections to the Requests. Citations or references to particular definitions or topics do not constitute a waiver of any and all objections Mr. Sitrick has, or may interpose in the future, to any definitions and/or topics not cited herein.

Due to Requestor's failure to comply with the service and notice requirements for a non-party subpoena and the foregoing objections, Mr. Sitrick will not appear or produce documents on September 30, 2013 as requested.

929349

Howard L. Ganz, Esq.
Proskauer Rose LLP
September 27, 2013
Page 5


If you have any questions, please contact either Peter Most [pmost@mckoolsmithhennigan.com; 213-694-1040] or me to discuss.

Sincerely,

J. Michael Hennigan (ai)

JMH/ai

929349