# EXHIBIT 6

JUDGE SCHOFIELD

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------
ALEXANDER EMMANUEL RODRIGUEZ,

                           Plaintiff,

                v.

MAJOR LEAGUE BASEBALL, OFFICE OF
THE COMMISSIONER OF MAJOR
LEAGUE BASEBALL and ALLAN HUBER
"BUD" SELIG,

                           Defendants.
---------------------------------------------------------------

Index No. 653436/2013

NOTICE OF FILING OF
NOTICE OF REMOVAL

United States District Court,
Southern District of New York
Case No.: 13 CIV 7097

To:    CLERK OF THE COURT
         NEW YORK SUPREME COURT, COUNTY OF NEW YORK

PLEASE TAKE NOTICE that Defendants Major League Baseball, The Office of the Commissioner of Baseball (incorrectly named herein as Office of the Commissioner of Major League Baseball), and Allan Huber "Bud" Selig ("Defendants"), by and through the undersigned attorneys, Proskauer Rose LLP, filed a Notice of Removal, pursuant to 28 U.S.C. §§ 1367, 1441 and 1446, with the United States District Court for the Southern District of New York to effect the removal of this action to the United States District Court. Accordingly, no further proceedings should be had in this matter in the Supreme Court of New York. A copy of Defendants' Notice of Removal is attached hereto as Exhibit A.

Dated: New York, New York
October 7, 2013

                        PROSKAUER ROSE LLP

By: *[signature]*
Howard L. Ganz
Joseph Baumgarten
Neil H. Abramson
PROSKAUER ROSE, LLP
Eleven Times Square
New York, New York 10036-8299
Tel: (212) 969-3000
Fax: (212) 969-2900
hganz@proskauer.com
jbaumgarten@proskauer.com
nabramson@proskauer.com
*Attorneys for Defendants*

To:   REED SMITH LLP
Jordan W. Siev
James C. McCarroll
Casey D. Laffey
590 Lexington Avenue
New York, New York 10022
(212) 521-5400

TACOPINA SEIGEL & TURANO, P.C.
Joseph Tacopina
275 Madison Avenue
New York, New York 10016
(212) 227-8877

GORDON & REES LLP
Wm. David Cornwell, Sr.
3455 Peachtree Road, Ste. 1500
Atlanta, Georgia 30326
(404) 869-9054

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ x

ALEXANDER EMMANUEL RODRIGUEZ, :

                Plaintiff, : ___ Civ. _____

          v. :
                                    **NOTICE OF REMOVAL**
MAJOR LEAGUE BASEBALL, OFFICE OF :
THE COMMISSIONER OF MAJOR LEAGUE
BASEBALL and ALLAN HUBER "BUD" :
SELIG,
                                :
                Defendants.
                                :

------------------------------ x

To: THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that Defendants Major League Baseball, The Office of the Commissioner of Baseball (improperly named herein as Office of the Commissioner of Major League Baseball), and Allan Huber "Bud" Selig ("Defendants"), by and through their undersigned attorneys, Proskauer Rose LLP, hereby file this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York, where the action is now pending, as provided by Title 28, United States Code, Chapter 89, and now states:

1. The above-captioned action was commenced in the Supreme Court of the State of New York, County of New York (Index No. 653436/2013), and is now pending in that court. No further proceedings have been had therein.

2. On or about October 3, 2013, Plaintiff filed a Summons and Complaint in the above-referenced action. The Summons and Complaint were the first pleadings to set forth the

claim for relief upon which the above-referenced action is based. True and correct copies of Plaintiff's Summons and Complaint are annexed hereto as Exhibit 1.

3. Defendant The Office of the Commissioner of Baseball, doing business as Major League Baseball ("MLB") is a New York unincorporated association whose members are the 30 Major League Baseball Clubs. MLB is engaged in interstate commerce within the meaning of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. Defendant Selig is the Commissioner of MLB.

4. Plaintiff Rodriguez is employed by the New York Yankees, one of the 30 Major League Baseball Clubs, pursuant to terms and conditions of employment contained in the 2012-2016 Basic Agreement, the predecessor to the current Basic Agreement, and several other collectively-bargained agreements between MLB and the Major League Baseball Players Association ("MLBPA"), a labor organization representing employees in an industry affecting commerce, as defined in Section 301 of the LMRA. Rodriguez is a member of the collective bargaining unit represented by the MLBPA.

5. The Basic Agreement is signed by each of the 30 Major League Baseball Clubs, MLB, and the MLBPA. A true and correct copy of the Basic Agreement currently in effect is attached hereto as Exhibit 2. The form of the Uniform Player's Contract entered into between each Club and each Player is itself a collectively-bargained agreement between MLB and the MLBPA, is attached as Schedule A to the Basic Agreement, and is incorporated by reference and made a part of the Basic Agreement.

6. In addition, in recognition of the serious threat that performance enhancing substances and other prohibited substances pose to the health and safety of Players, and to the integrity and commercial success of Major League Baseball, MLB and the MLBPA collectively

bargained and established a Joint Drug Prevention and Treatment Program (the "Joint Drug Agreement") which applies to and covers all Major League players, including Rodriguez. A true and correct copy of the most recent Joint Drug Agreement, effective December 12, 2011, is attached hereto as Exhibit 3.

7. The Basic Agreement contains an exclusive grievance and arbitration provision (Article XI). The Joint Drug Agreement specifically provides that disputes arising thereunder shall be subject to resolution through the Grievance Procedure of the Basic Agreement, with certain enumerated exceptions that must be resolved pursuant to the procedures outlined in the Joint Drug Agreement. Both agreements provide for the resolution of disputes through private final and binding arbitration.

8. In this action, Plaintiff has stated two separate causes of action. First, that Defendants tortiously interfered with his prospective business relationships, including possible sponsorship opportunities with two companies. Second, that Defendants tortiously interfered with Plaintiff's existing contract – his Uniform Player's Contract – with the New York Yankees. In support of both causes of action, Plaintiff alleges, *inter alia*, that Defendants: (i) circumvented the investigation and other procedures outlined in the collectively-bargained agreements between MLB and the MLBPA; (ii) breached confidentiality obligations contained in the collectively-bargained agreements between MLB and the MLBPA; and (iii) improperly suspended Plaintiff for 211 games pursuant to the Basic Agreement and Joint Drug Agreement.

9. By way of example, Plaintiff alleges:

    a. MLB has "ignored the procedures set forth in baseball's collectively-bargained labor agreements; violated the strict confidentiality imposed by

3

those agreements...and singled out Plaintiff for an unprecedented 211-game suspension." (Ex. 1, Complaint, at ¶ 2);

b. MLB has "gratuitously violated the confidentiality provisions of the collectively-bargained agreements in an effort to destroy Plaintiff's reputation." (Ex. 1, Complaint, at ¶ 5);

c. "MLB is thus trampling Mr. Rodriguez's collectively-bargained rights" (Ex. 1, Complaint, at ¶ 7);

d. "[B]oth the Basic Agreement and the Joint Drug Agreement provide safeguards to ensure the integrity and confidentiality of MLB investigations into banned substances. These safeguards are necessary to protect players against the broad unilateral powers vested in MLB's commissioner. Moreover, both the Basic Agreement and the Joint Drug Agreement provide for procedural mechanisms which govern the collection and exchange of evidentiary material in the event of alleged PES use by an MLB player." (Ex. 1, Complaint, at ¶ 35);

e. "Rather than invoke the procedures set forth in the Agreements, on March 22, 2013, MLB sued [Anthony] Bosch, Biogenesis and others . . . Although MLB alleged that the defendants in the Biogenesis Suit were tortiously interfering with the Basic Agreement and the Joint Drug Agreement, MLB's true purpose for the Biogenesis Suit was to circumvent the procedures in baseball's Agreements..." (Ex. 1, Complaint, at ¶ 36);

f. "MLB suspended Mr. Rodriguez for 211 games...Mr. Rodriguez's 211-game suspension is 161 games longer than the fifty-game suspension contemplated

4

by the Joint Drug Agreement for a first-time violation of the current JDA. On August 6th, Mr. Rodriguez filed a grievance under the Basic Agreement, indicating his intent to appeal MLB's suspension." (Ex. 1, Complaint, at ¶ 68-69);

g. "By publicly trying Mr. Rodriguez – whose investigation it is contractually obligated to keep private – MLB has permanently harmed Mr. Rodriguez's reputation." (Ex. 1, Complaint, at ¶ 71);

h. "Thus, the imposition of an unprecedented 211-game suspension may cause Mr. Rodriguez to lose tens of millions of dollars in salary based on a faulty and prohibited investigation." (Ex. 1, Complaint, at ¶ 77).

10. Here, Plaintiff's claims are preempted by Section 301 of the LMRA and governed solely by federal law. First, Plaintiff's claims, and the scope of any duties allegedly owed by MLB, are inextricably intertwined with consideration of the terms of the Basic Agreement, the Uniform Player's Contract, and the Joint Drug Agreement, and are substantially dependent on an analysis of the relevant provisions of each of these collectively-bargained agreements.

Second, the rights that Plaintiff seeks to vindicate, and the actions that Plaintiff is challenging, including the course and conduct of investigations into drug-related offenses, the confidentiality of investigations and information stemming from such investigations, and the right to discipline Players, including Plaintiff, for violations of the Basic Agreement and/or Joint Drug Agreement, were necessarily created by the Basic Agreement, the Uniform Player's Contract, and the Joint Drug Agreement, and are not based on any independent duty owed to every person in society.[1]

---

[1] Those collectively-bargained agreements, of course, contain exclusive grievance and arbitration provisions, of which Plaintiff has already availed himself.

5

11.     Based on the foregoing, and because Section 301 of the LMRA preempts tort claims seeking to vindicate "state-law rights and obligations that do not exist independently of [collective bargaining] agreements" and also claims that are "substantially dependent upon analysis of the terms of [a collective-bargaining] agreement," this Court has original jurisdiction over Plaintiff's claims under Section 301 of the LMRA, 29 U.S.C. § 185, as well as pursuant to 28 U.S.C. §§ 1331 and 1337.[2] It is also an action of a civil nature founded on a claim of right arising under the laws of the United States, and therefore may be removed to this Court under the provisions of 28 U.S.C. §1441(b) without regard to the citizenship of the parties.[3]

12.     This Notice of Removal is timely filed, pursuant to 28 U.S.C. §1446(b), because fewer than thirty days have elapsed since the filing of the Summons and Complaint setting forth the claim for relief upon which the above-referenced action is based. No other process, pleading or orders have been served upon Defendants in this action.

13.     Defendants have not filed any pleadings or papers to date in this action.

14.     As required by 28 U.S.C. §1446(d), upon the filing of this Notice of Removal, Defendants will serve written notice thereof on Plaintiff and a copy of this Notice of Removal will be filed with the Court Clerk for the Supreme Court of the State of New York, County of New York.

15.     By filing this Notice of Removal, Defendants do not waive any defenses which may be available to them, nor do they waive any rights to appeal.

---

[2] *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211–13, 220 (1985).

[3] This Court can exercise supplemental jurisdiction over any claims it may find not to be preempted that arise out of the same set of factual circumstances. *See* 28 U.S.C. § 1367.

WHEREFORE, Defendants respectfully request that this action be removed from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: New York, New York
October 7, 2013

                                          PROSKAUER ROSE LLP

                                          By: _____
                                              Howard L. Ganz
                                              Joseph Baumgarten
                                              Neil H. Abramson
                                              PROSKAUER ROSE, LLP
                                              Eleven Times Square
                                              New York, New York 10036-8299
                                              Tel: (212) 969-3000
                                              Fax: (212) 969-2900
                                              hganz@proskauer.com
                                              jbaumgarten@proskauer.com
                                              nabramson@proskauer.com
                                              *Attorneys for Defendants*

To:    REED SMITH LLP
        Jordan W. Siev
        James C. McCarroll
        Casey D. Laffey
        590 Lexington Avenue
        New York, New York 10022
        (212) 521-5400

        TACOPINA SEIGEL & TURANO, P.C.
        Joseph Tacopina
        275 Madison Avenue
        New York, New York 10016
        (212) 227-8877

        GORDON & REES LLP
        Wm. David Cornwell, Sr.
        3455 Peachtree Road, Ste. 1500
        Atlanta, Georgia 30326
        (404) 869-9054