# Exhibit A

**(Petition, Petitioner's Memorandum of Law, Aff. of Howard Ganz and Exhibits 1-7, Signed Order to Show Cause)**

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 1

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/29/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In the Matter of the Application of          :    Index No.

                                          :

THE OFFICE OF THE COMMISSIONER OF   :
BASEBALL,                               :    **VERIFIED PETITION**

                                          :

                     Petitioner,     :

                                          :

   against                            :

                                          :

MICHAEL S. SITRICK,                   :

                                          :

                     Respondent.    :

                                          :

For an Order Compelling Compliance with a   :
Subpoena.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

          Petitioner The Office of the Commissioner of Baseball, doing business as Major

League Baseball ("MLB") by its attorneys, Proskauer Rose LLP ("Proskauer"), for its petition

against Respondent Michael S. Sitrick ("Sitrick") respectfully alleges:

          1.     This is a proceeding pursuant to N.Y. C.P.L.R. 2308 to compel Sitrick to

comply with a trial subpoena, dated September 19, 2013 (the "Subpoena") that was issued by

Arbitration Panel Chairman, Fredric R. Horowitz, pursuant to N.Y. C.P.L.R. 7505 seeking

testimony and the production of documents at the arbitration between the Major League Baseball

Players Association (Alex Rodriguez) and MLB, Grievance No. 2013-02 (the "Arbitration").

**THE PARTIES**

          2.     Petitioner MLB is a New York unincorporated association whose

members are the 30 Major League Baseball Clubs and whose principal place of business is

located at 245 Park Avenue, 31st floor, New York, New York.

3.      On information and belief, Respondent, Sitrick, is a natural person who is the founder, Chairman and Chief Executive Officer of Sitrick & Company. Sitrick & Company is a public relations firm, which has offices in several cities, including in New York. Sitrick & Company's New York office is located at Seven Times Square, Suite 2600, New York, NY 10036. Mr. Sitrick and Sitrick & Company advertise to the public on the company's website that the New York office is his and its place of business.

4.      On information and belief, in or around January 2013, Sitrick & Company was retained to provide public relations services to Alex Rodriguez, a Major League Baseball Player and the Grievant in the Arbitration ("Rodriguez").

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this proceeding pursuant to N.Y. C.P.L.R. 2308(b) and N.Y. C.P.L.R. Article 75.

6.      Venue is proper because Petitioner's principal place of business is in New York County, Respondent has an actual place of business in New York County, and the Arbitration is taking place in New York County.

## THE PENDING ARBITRATION

7.   Pursuant to agreements that are the product of collective bargaining between MLB and the Major League Baseball Players' Association (the "Union") – the Joint Drug Prevention and Treatment Program (the "Joint Drug Agreement") and the Basic Agreement – Major League players are prohibited from possessing or using certain performance enhancing substances and from engaging in conduct that is materially detrimental or materially prejudicial to the best interests of Baseball, and are subject to discipline by MLB for such conduct.

8.      On or about January 29, 2013, the *Miami New Times*, a Miami-area newspaper, published what it described as excerpts from handwritten records maintained by Anthony

Bosch ("Bosch"), the proprietor of a now-defunct anti-aging clinic based in South Florida, last known as "Biogenesis." The hand-written records as published by the *Miami New Times* identified several Major League players as having received from Bosch and/or the clinics with which he was associated certain performance enhancing substances that Major League players are prohibited from possessing or using under the Joint Drug Agreement. One of the players so identified was Alex Rodriguez of the New York Yankees.

       9.     On August 5, 2013, following an investigation, MLB disciplined Rodriguez, by suspending him (effective as of August 8, 2013) for the remainder of the 2013 season and for the entire 2014 season, based upon his continuous and prolonged possession and use of numerous prohibited performance enhancing substances, and for his attempting to cover up his violations of the Joint Drug Agreement and engaging in a course of conduct that was intended to obstruct and frustrate MLB's investigation into his and other players' violations of that Agreement. Pursuant to the Basic Agreement's grievance and arbitration procedure, the Union filed a grievance the discipline on behalf of Rodriguez; and the arbitration of that grievance is currently pending before Arbitrator Fredric R. Horowitz, Chairman of the Arbitration Panel.

       10.     In the course of its investigation, MLB uncovered evidence indicating that Rodriguez, or others acting on his behalf, had obtained certain records, which had been maintained by Bosch, doing so for the apparent purpose of preventing MLB from obtaining those records and from uncovering evidence of Rodriguez's use and possession of prohibited substances.

### THE SUBPOENA

       11.     The Subpoena was issued pursuant to N.Y. C.P.L.R. 2305 and 7502 in order to enable MLB to obtain evidence relevant to the claims and defenses in the Arbitration.

3

12.     On September 19, 2013, the Subpoena was properly served pursuant to N.Y. C.P.L.R. 308(2). The Subpoena and the requisite witness fee were hand-delivered to an adult employee of Sitrick & Company at Seven Times Square, Suite 2600, New York, NY 10036 and mailed to Mr. Sitrick's attention at Sitrick & Company at the same address.

13.     The subpoena seeks Sitrick's appearance at the Arbitration to provide testimony and to bring with him a limited number of requested documents.

14.     On September 27, 2013, Sitrick's counsel, J. Michael Hennigan of McKool Smith Hennigan, sent a letter to counsel for MLB objecting to the subpoena and indicating that Sitrick would neither appear to give testimony nor produce documents.

## SITRICK'S IMPORTANCE AS A WITNESS

15.     On or about January 29, 2013, the date of publication of the *Miami New Times* article referred to above, Sitrick & Company issued a statement on behalf of Rodriguez, asserting, *inter alia*, that Rodriguez had never been treated or advised by Bosch and that the documents referenced in the *Miami New Times* article, at least as they related to Rodriguez, were not legitimate.

16.     On or about February 5, 2013, *Yahoo! Sports* published a story identifying Major League players who it claimed had received performance enhancing substances from Bosch – naming players (including Ryan Braun of the Milwaukee Brewers and Francisco Cervelli of the New York Yankees) who had *not* been identified in the *Miami New Times* article that had been published one week earlier, such as Ryan Braun and Francisco Cervelli. In addition, *Yahoo!* published excerpts of handwritten records said to have been maintained by Bosch that had *not* been published previously by the *Miami New Times* or any other publication.

17.     Upon information and belief, these additional excerpts from Bosch's handwritten records that *Yahoo!* published on February 5, 2013 had been provided to Sitrick &

4

company by Rodriguez or others acting on his behalf, and were then provided by Sitrick & Company to *Yahoo!*. Indeed, on August 16, 2013, the news program *60 Minutes*, citing two unnamed sources with direct knowledge of the matter, published a story on its website reporting that members of Rodriguez's inner circle had obtained and then leaked to *Yahoo!* the Bosch records implicating Braun and Cervelli.

18.   In connection with MLB's investigation, MLB and the Union agreed that Rodriguez would provide MLB with any documents and information regarding or reflecting any efforts made by Rodriguez, or others acting on his behalf, to obtain records that had been maintained by Bosch, including but not limited to documents within the possession, custody or control of Sitrick & Company  Alternatively, the Union agreed that, if it was unable to produce such documents or information, it would provide MLB with a certification from Sitrick & Company that Sitrick did not have and never had any such documents. When the Union advised MLB that it was unable to produce the documents in question, an agreed-upon form of certification (an affidavit) was sent to Michael Sitrick and Sitrick & Company for execution.

19.   To date, MLB has received neither responsive documents from Sitrick & Company, nor an affidavit from Mr. Sitrick certifying that neither he nor the Company has or ever had the documents in question.

20.   The testimony of Mr. Sitrick is necessary to establish whether Rodriguez or his representatives have or had documents relevant to MLB's allegations in the Arbitration in their possession and when those documents were obtained.

WHEREFORE, MLB respectfully requests an order directing Sitrick to comply with the Subpoena and appear before the Arbitration Panel at The Office of the Commissioner of Baseball, 245 Park Avenue, New York, New York, at 9:00 a.m. on November 18, 2013, and at any adjourned or recessed date of that hearing, to testify and produce the documents requested in

5

the Subpoena. MLB further requests that the Court impose on Sitrick a fine of $50 as costs, and

the reasonable attorneys' fees MLB incurred in connection with this special proceeding and

motion to compel.

New York, New York
October 29, 2013

PROSKAUER ROSE LLP

By: _Howard L. Ganz_

Howard L. Ganz
Neil H. Abramson
Adam M. Lupion
11 Times Square
New York, NY 10036-8299
Tel. (212) 969-3000
Fax (212) 969-2900
hganz@proskauer.com
nabramson@proskauer.com
alupion@proskauer.com

*Attorneys for Petitioner*

6

**VERIFICATION**

Howard L. Ganz, an attorney admitted to practice before the courts of this state and a member of the law firm of Proskauer Rose LLP, affirms under penalties of perjury that: (1) he is counsel to Petitioner, the Office of the Commissioner of Baseball ; (2) he has read the foregoing Verified Petition and knows the contents thereof; and (3) the contents thereof are true to his knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters he believes them to be true.

Dated: October 29, 2013
　　　　New York, New York

Howard L. Ganz

7

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 11

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/29/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------- X

In the Matter of the Application of      :    Index No.

                              :

THE OFFICE OF THE COMMISSIONER OF   :
BASEBALL,

                              :

                Petitioner,    :

                              :

    against                     :

                              :

MICHAEL S. SITRICK,             :

                              :

               Respondent.   :

                              :

For an Order Compelling Compliance with a   :
Subpoena.                       :

-------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITIONER'S ORDER TO SHOW CAUSE AND PETITION

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ......................................................................................1

    Background ...........................................................................................1

    The Role of Michael Sitrick and Sitrick & Company.......................................2

ARGUMENT.......................................................................................................4

I.    SITRICK SHOULD BE COMPELLED TO COMPLY WITH THE SUBPOENA .............4

    A.    This Court Has the Authority to Compel Compliance with the Subpoena...............5

    B.    The Subpoena Was Properly Served...............................................................5

    C.    The Documents and Testimony Sought Are Relevant to the
        Central Issues in the Arbitration ................................................................7

    D.    Sitrick's Objections to the Subpoena Have No Merit............................................8

CONCLUSION.....................................................................................................9

i

TABLE OF AUTHORITIES

Page(s)

CASES

*Dias v. Consol. Edison Co. of N.Y., Inc.,*
    116 A.D.2d 453, 496 N.Y.S.2d 686 (1st Dep't 1986) .................................................7

*Parkhouse v. Stringer,*
    12 N.Y.3d 660, 884 N.Y.S.2d 216 (2009) .................................................................7

STATUTES

N.Y. C.P.L.R. 308(2) ..............................................................................................4, 5

N.Y. C.P.L.R. 308(6) ....................................................................................................5

N.Y. C.P.L.R. 2301 .......................................................................................................7

N.Y. C.P.L.R. 2305 .......................................................................................................7

N.Y. C.P.L.R. 2308(b) ..................................................................................................5

N.Y. C.P.L.R. 2308(b)(1) .............................................................................................4

N.Y. C.P.L.R. 3120 .......................................................................................................7

N.Y. C.P.L.R. 3122(d) ..................................................................................................6

N.Y. C.P.L.R. 7505 ...................................................................................................1, 5

N.Y. C.P.L.R. 8001 .......................................................................................................6

## PRELIMINARY STATEMENT

Petitioner, The Office of the Commissioner of Baseball, doing business as Major League Baseball ("MLB"), seeks an order compelling Respondent, Michael S. Sitrick to comply with a trial subpoena dated September 19, 2013 (the "Subpoena") that was issued by Arbitration Panel Chairman, Fredric R. Horowitz pursuant to N.Y. C.P.L.R. 7505 in connection with the pending arbitration between the Major League Baseball Players Association (Alex Rodriguez) and the Office of the Commissioner of Baseball, Grievance No. 2013-02 (the "Arbitration"). Despite being properly served with an enforceable subpoena, Mr. Sitrick has refused to appear at the hearing to give testimony or to produce documents.

## STATEMENT OF FACTS

### *Background*

Pursuant to agreements that are the product of collective bargaining between MLB and the Major League Baseball Players' Association (the "Union") – the Joint Drug Prevention and Treatment Program (the "Joint Drug Agreement") and the Basic Agreement - Major League players are prohibited from possessing or using certain performance enhancing substances and from engaging in conduct that is materially detrimental or materially prejudicial to the best interests of Baseball. (Affirmation of Howard L. Ganz, dated October 29, 2013, hereinafter "Ganz Aff.", at ¶ 5.) Players who possess or use such prohibited substances and/or who engage in such conduct are subject to discipline by MLB. (Ganz Aff. at ¶ 5.)

On or about January 29, 2013, the *Miami New Times*, a Miami-area newspaper, published what it described as excerpts from handwritten records maintained by Anthony Bosch ("Bosch"), the proprietor of a now-defunct anti-aging clinic based in South Florida, last known as "Biogenesis." (Ganz Aff. at ¶ 4, Ex. 2.) The hand-written records as published by the *Miami New Times* identified several Major League players as having received from Bosch and/or the

clinics with which he was associated certain performance enhancing substances that are banned by the Joint Drug Agreement. (Ganz Aff. at ¶ 4, Ex. 2.)  One of the players so identified was Alex Rodriguez ("Rodriguez") of the New York Yankees. (Ganz Aff. at ¶ 4, Ex. 2.)

On August 5, 2013, following an investigation, MLB disciplined Rodriguez, by suspending him (effective as of August 8, 2013) for the remainder of the 2013 season and for the entire 2014 season, based upon his continuous and prolonged possession and use of numerous prohibited performance enhancing substances, and for his attempting to cover up his violations of the Joint Drug Agreement and engaging in a course of conduct that was intended to obstruct and frustrate MLB's investigation into his and other players' violations of that Agreement. (Ganz Aff. at ¶ 6.) Pursuant to the Basic Agreement's grievance and arbitration procedure, the Union filed a grievance on behalf of Rodriguez; and the arbitration of that grievance is currently pending before Arbitrator Fredric R. Horowitz, Chairman of the Arbitration Panel. (Ganz Aff. at ¶ 6.)

In the course of its investigation, MLB uncovered evidence indicating that Rodriguez, or others acting on his behalf, had obtained certain records, which had been maintained by Bosch, doing so for the apparent purpose of preventing MLB from obtaining those records and from uncovering evidence of Rodriguez's use and possession of prohibited substances. (Ganz Aff. at ¶ 7.)

### *The Role of Michael Sitrick and Sitrick & Company*

Respondent Michael S. Sitrick is the founder, Chairman and Chief Executive Officer of Sitrick & Company, a public relations firm with an office in New York County. (Ganz Aff. at ¶ 8, Ex. 3.)  Upon information and belief, in or before January 2013, Sitrick & Company was retained to provide public relations services to Rodriguez. (Ganz Aff. at ¶ 9.)  In fact, on or about January 29, 2013, the date of publication of the *Miami New Times* article referred to above, Sitrick & Company issued a statement on behalf of Rodriguez, asserting, *inter alia*, that

2

Rodriguez had never been treated or advised by Bosch and that the documents referenced in the *Miami New Times* article, at least as they related to Rodriguez, were not legitimate. (Ganz Aff. at ¶ 9, Ex. 4.)

On or about February 5, 2013, *Yahoo! Sports* published a story regarding Major League players who it claimed had received performance enhancing substances from Bosch—naming players (including Ryan Braun of the Milwaukee Brewers and Francisco Cervelli of the New York Yankees) who had *not* been identified in the *Miami New Times* article that had been published one week earlier. (Ganz Aff. at ¶ 10.)   In addition, *Yahoo!* published excerpts of handwritten records said to have been maintained by Bosch that had *not* been published previously by the *Miami New Times* or any other publication. (Ganz Aff. at ¶ 10.)

MLB has a good faith basis to believe that the additional excerpts from Bosch's handwritten records that *Yahoo!* published on February 5, 2013 had been provided to Sitrick & Company by Rodriguez, or others acting on his behalf, and were then provided by Sitrick & Company to *Yahoo!*. (Ganz Aff. at ¶ 11.) Indeed, on August 16, 2013, the news program *60 Minutes*, citing two unnamed sources with direct knowledge of the matter, published a story on its website reporting that members of Rodriguez's inner circle had obtained and then leaked to *Yahoo!* the Bosch records implicating Braun and Cervelli. (Ganz Aff. at ¶ 11, Ex. 5.)

In connection with MLB's investigation of Rodriguez, MLB and the Union agreed that Rodriguez would provide MLB with any documents and information regarding or reflecting any efforts made by Rodriguez or others acting on his behalf to obtain records that had been maintained by Bosch, including but not limited to documents within the possession, custody or control of Sitrick & Company. (Ganz Aff. at ¶ 12.) Alternatively, the Union agreed that, if it was unable to produce such documents or information, it would provide MLB with a

3

certification from Sitrick & Company that Sitrick did not have and never had any such documents. (Ganz Aff. at ¶ 12.) When the Union advised MLB that it was unable to produce the documents in question, an agreed-upon form of certification (an affidavit) was sent to Michael Sitrick and Sitrick & Company for execution. (Ganz Aff. at ¶ 12, Ex. 6.)

To date, MLB has received neither responsive documents from Sitrick & Company, nor an affidavit from Mr. Sitrick certifying that neither he nor the Company has or ever had the documents in question. (Ganz Aff. at ¶ 13.)

Accordingly, on September 19, 2013, MLB served Mr. Sitrick with the Subpoena in compliance with C.P.L.R. 308(2) by delivering it on that date to an adult employee of Sitrick & Company at the firm's place of business in New York, along with a witness fee of $40 (forty dollars), and by mailing it to Mr. Sitrick at his place of business in the manner required by C.P.L.R. 308(2). (Ganz Aff. at ¶ 14, Ex. 1.) On September 27, 2013, counsel for Mr. Sitrick and Sitrick & Company, J. Michael Hennigan, sent counsel for MLB a letter objecting to the Subpoena and stating that Mr. Sitrick would not appear before the Arbitration Panel to testify or provide documents. (Ganz Aff. at ¶ 15, Ex. 7.)

MLB is seeking an order to compel compliance with the Subpoena because Mr. Sitrick's refusal to comply with the Subpoena has actually impeded MLB's ability to defend against the grievance by precluding MLB from obtaining information on matters relevant to its claims and defenses in the pending Arbitration.

## ARGUMENT

### I.

### SITRICK SHOULD BE COMPELLED TO COMPLY WITH THE SUBPOENA

4

A.    **This Court Has the Authority to Compel Compliance with the Subpoena**

   This Court has the authority to compel compliance with the subpoena pursuant to

N.Y. C.P.L.R. 2308(b)(1), which provides that

> "... if a person fails to comply with a subpoena which is not
> returnable in a court, the issuer or the person on whose behalf the
> subpoena was issued may move in the supreme court to compel
> compliance. If the court finds that the subpoena was authorized, it
> shall order compliance and may impose costs not exceeding fifty
> dollars."

There can be no question that the Subpoena was authorized within the meaning of N.Y. C.P.L.R.

7505 clearly provides that "[a]n arbitrator… has the power to issue subpoenas." The Subpoena

was issued by the Arbitration Panel Chairman, Fredric R. Horowitz on behalf of MLB, and, thus,

was authorized within the meaning of the C.P.L.R.

   Mr. Sitrick's claim that, as a California resident, he cannot be compelled to appear

and testify at the Arbitration in New York is incorrect. This Court has the power to compel

compliance with a properly served subpoena. If the Court issues an order compelling Mr. Sitrick

to comply with the subpoena and he fails to do so, the Court can issue a warrant pursuant to N.Y.

C.P.L.R. 2308(b), which would be enforceable against Mr. Sitrick when he enters New York to

do business (for example, at the New York office of his company).

B.    **The Subpoena Was Properly Served**

   N.Y. C.P.L.R. 308(2) provides that personal service upon a natural person shall be

made

> "by delivering the summons within the state to a person of
> suitable age and discretion at the actual place of business…
> of the person to be served and by … mailing the summons
> by first class mail to the person to be served at his or her
> actual place of business in an envelope bearing the legend
> 'personal and confidential' and not indicating on the

5

> outside thereof...that the communication is from an
> attorney . . . ."

N.Y. C.P.L.R. 308(6) provides that an "actual place of business" shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.

Michael Sitrick is the founder, Chairman and Chief Executive Officer of Sitrick & Company. (Ganz Aff. Ex. 3.) Sitrick & Company is a public relations firm, which has offices in several cities. Its New York office is located at 7 Times Square, Suite 2600, New York, NY 10036. Mr. Sitrick advertises to the public on his company's website that the New York office is his place of business. Indeed, the "vcard" available for download from Mr. Sitrick's biographical page on the Sitrick & Company website lists the Seven Times Square address as one of his personal business addresses. Accordingly, there can be no question that Mr. Sitrick holds out the New York office of Sitrick & Company as his place of business.

As set forth in the Affidavit of Service (Ganz Aff. Ex. 1), the subpoena was hand delivered and the $40 witness fee was tendered at the New York office of Sitrick & Company to Rachel Warzola, an associate at Sitrick and Company, who confirmed that Mr. Sitrick did business at that location and accepted service on his behalf. The subpoena was also sent to Mr. Sitrick by certified mail as required by the C.P.L.R. (Ganz Aff. Ex. 1.) Thus, the subpoena was properly served.

Contrary to the claims in the letter from Sitrick's counsel, there was no payment required for travel expenses because the subpoena was properly served in the city of New York and the hearing is to take place within the city. *See* N.Y. C.P.L.R. 8001. Indeed, the hearing is only a few blocks from the offices of Sitrick & Company. Similarly, to the extent Respondent argues that the subpoena was faulty because he was not provided payment for the cost of

6

producing documents and his attorneys' fees, such arguments are unpersuasive. With respect to

the costs associated with document production, N.Y. C.P.L.R. 3122(d) provides that the

"reasonable production expenses of a non-party witness shall be defrayed by the party seeking

discovery." Should Sitrick produce copies of the requested documents, MLB will defray those

costs in compliance with the C.P.L.R.[1] There is, however, no requirement that production costs

be defrayed in advance or that attorneys' fees be paid at all. Similarly, Respondent's objection

based upon the failure to give twenty days of notice in accordance with C.P.L.R. 3120 is

improper; that provision applies to a subpoena *duces tecum* served in the course of pre-trial

discovery. The subpoena at issue is a trial subpoena for testimony and the production of

documents at trial, pursuant to N.Y. C.P.L.R. 2301 and 2305; thus the notice period does not

apply.

C.     **The Documents and Testimony Sought Are Relevant to
       the Central Issues in the Arbitration**

The documents and testimony requested are relevant and necessary for the fair

arbitration of the grievance; the subpoena, therefore, must be enforced. *See Parkhouse v.*

*Stringer*, 12 N.Y.3d 660, 884 N.Y.S.2d 216 (2009) (enforcing non-judicial subpoena for

testimony); *Dias v. Consol. Edison Co. of N.Y., Inc.*, 116 A.D.2d 453, 496 N.Y.S.2d 686 (1st

Dep't 1986) (enforcing nonjudicial subpoena where documents requested were relevant). A

central issue in the Arbitration is whether Rodriguez or those acting on his behalf obstructed

MLB's investigation into the use of performance enhancing drugs by players and into the

dissemination of performance enhancing drugs to players by Anthony Bosch. MLB has a

legitimate good faith belief that Rodriguez, or those acting on his behalf, obtained the Bosch

---

[1]     Furthermore, to the extent responsive electronic documents are in a form that is not reasonably accessible,
MLB is willing to discuss defraying the reasonable costs that might be incurred to access them as well.
Accordingly, there is no basis for any objection on that ground.

documents in order to conceal them from MLB.  MLB has attempted to obtain the requested

documents from the Union. Despite previous representations that Rodriguez and the Union

would produce the requested documents or an affidavit from Mr. Sitrick certifying that neither he

nor Sitrick & Company have or ever had the Bosch documents, they have not done so.  It is,

therefore, critical that Mr. Sitrick be compelled to testify under oath as to whether he or Sitrick &

Company has or ever had the Bosch documents and whether he or the Company provided those

documents to *Yahoo! Sports* or other media outlets on Rodriguez's behalf.   Furthermore, Mr.

Sitrick should be compelled to testify as to his knowledge of any other efforts by Rodriguez or

any of his agents or representatives to obtain documents or other evidence in an effort to frustrate

or obstruct MLB's investigation.

**D.**     **Sitrick's Objections to the Subpoena Have No Merit**

Contrary to the assertions in the letter of objection sent by Sitrick's counsel, there

can be no claim of privilege as to communications between Sitrick and *third parties,* such as

*Yahoo! Sports* and/or other media outlets.

Similarly Sitrick's objection on the basis that the requests seek confidential or

proprietary information about Sitrick's other clients is unpersuasive.  Any communications

Sitrick had with third parties—namely, Rodriguez, his representatives, or the media—about

*other* players could not possibly be confidential or proprietary.[2]

Respondent's objection on the grounds that the requests are overly broad and

ambiguous is unpersuasive.  First, the breadth of the document requests has no bearing upon

Sitrick's obligation to appear to give testimony.  Second, the first request is a focused request for

---

[2]     To the extent that Respondent claims that Request No. 2 seeks communications with the media regarding
his other baseball player clients about topics completely unrelated to the dissemination and use of
performance enhancing substances or MLB's investigation into the use and dissemination of such
substances by and to MLB players, MLB is willing to narrow the request to exclude such communications.

8

communications between Sitrick on the one hand and Rodriguez and those acting on his behalf on the other from October 1, 2012 to date relating to certain relevant topics and individuals. Third, the objection to the use of the term "relating to" is unreasonable. That phrase is regularly used by attorneys and the courts in discovery requests. Finally, Respondent's claim that it would be impossible for him to identify his communications with those acting on Rodriguez's behalf is disingenuous. Mr. Sitrick knows who communicated with him on behalf of Rodriguez, and MLB is simply seeking his communications with those individuals about the listed people and topics, which are directly relevant to the question of whether Rodriguez endeavored to obstruct MLB's investigation.

## CONCLUSION

This Court should compel Sitrick to comply with the Subpoena, which was duly authorized and properly served and which seeks testimony and documents that are relevant and significant to the Arbitration.

Dated: October 29, 2013
New York, New York

PROSKAUER ROSE LLP

By: _Howard L. Ganz_

Howard L. Ganz
Neil H. Abramson
Adam M. Lupion
11 Times Square
New York, NY 10036-8299
Tel. (212) 969-3000
Fax (212) 969-2900
hganz@proskauer.com
nabramson@proskauer.com
alupion@proskauer.com

*Attorneys for Petitioner*

9

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 3

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/29/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In the Matter of the Application of

THE OFFICE OF THE COMMISSIONER OF
BASEBALL,

                    Petitioner,

against

MICHAEL S. SITRICK,

                    Respondent,

For an Order Compelling Compliance with a
Subpoena.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.

**AFFIRMATION OF
HOWARD L. GANZ
IN SUPPORT OF PETITION
AND ORDER TO SHOW CAUSE
TO COMPEL COMPLIANCE
WITH SUBPOENA**

HOWARD L. GANZ, an attorney at law duly admitted to practice before the Courts of

the State of New York, hereby affirms the following to be true under penalty of perjury pursuant

to N.Y. C.P.L.R. 2106:

    1. I am a member of the law firm of Proskauer Rose LLP ("Proskauer"), attorneys

for Petitioner The Office of the Commissioner of Baseball, doing business as Major League

Baseball ("MLB"). I am fully familiar with the facts and circumstances set forth herein.

    2. I respectfully submit this Affirmation in support of MLB's petition and motion for an

order pursuant to N.Y. C.P.L.R. 2308(b) compelling Respondent Michael S. Sitrick ("Mr.

Sitrick") to comply with a trial subpoena dated September 19, 2013 (the "Subpoena"). The

Subpoena was issued in the arbitration between the Major League Baseball Players Association

(the "Union") on behalf of Alex Rodriguez ("Rodriguez") and the Office of the Commissioner of

Baseball, Grievance No. 2013-02 (the "Arbitration") currently pending before Fredric R.

Horowitz, Chairman of the Arbitration Panel. The Subpoena requires Respondent to appear

before the Arbitration Panel at The Office of the Commissioner of Baseball, 245 Park Avenue, New York, New York to produce and testify regarding the documents requested in the Subpoena. (A true and correct copy of the Subpoena and Affidavit of Service is annexed hereto as Exhibit 1.)

3. The Subpoena was issued pursuant to N.Y. C.P.L.R. 2305 and 7502 in order to enable MLB to obtain evidence relevant to the claims and defenses in the Arbitration.

**The Background Facts**

4. On or about January 29, 2013, the *Miami New Times*, a Miami-area newspaper, published what it described as excerpts from handwritten records maintained by Anthony Bosch ("Bosch"), the proprietor of a now-defunct anti-aging clinic based in South Florida, last known as "Biogenesis." (A true and correct copy of the *Miami New Times* article is annexed hereto as Exhibit 2.) The hand-written records as published by the *Miami New Times* identified several Major League players as having received from Bosch and/or the clinics with which he was associated certain performance enhancing substances. One of the players so identified was Alex Rodriguez ("Rodriguez") of the New York Yankees.

5. Under agreements that are the product of collective bargaining between MLB and the Major League Baseball Players Association (the "Union") -- the Joint Drug Prevention and Treatment Program (the "Joint Drug Agreement") and the Basic Agreement -- Major League players are prohibited from possessing or using certain performance enhancing substances and from engaging in conduct that is materially detrimental or materially prejudicial to the best interests of Baseball. Players who possess or use such prohibited substances and/or who engage in such conduct are subject to discipline by MLB.

2

6.  On August 5, 2013, following an investigation, MLB disciplined Rodriguez, by suspending him (effective as of August 8, 2013) for the remainder of the 2013 season and for the entire 2014 season, based upon his continuous and prolonged possession and use of numerous prohibited performance enhancing substances, and for his attempting to cover up his violations of the Joint Drug Agreement and engaging in a course of conduct that was intended to obstruct and frustrate MLB's investigation into his and other players' violations of that Agreement. Pursuant to the Basic Agreement's grievance and arbitration procedures, the Union filed a grievance on behalf of Rodriguez; and, as already noted, the Arbitration of that grievance is currently pending before Arbitrator Fredric R. Horowitz, Chairman of the Arbitration Panel.

7.  In the course of its investigation, MLB uncovered evidence indicating that Rodriguez or others acting on his behalf had obtained certain records, which had been maintained by Bosch and/or his clinics, for the apparent purpose of preventing MLB from obtaining those records and from uncovering evidence of Rodriguez's use and possession of prohibited substances.

**The Role of Michael Sitrick and Sitrick & Company**

8.  On information and belief, Respondent Michael S. Sitrick is the founder, Chairman, and Chief Executive Officer of Sitrick & Company, a public relations firm. Sitrick & Company has an office in New York located at Seven Times Square, Suite 2600, New York, NY 10036. Mr. Sitrick and Sitrick & Company advertise the New York office as his and its place of business to the public on the company's website. (True and correct copies of Sitrick & Company's webpage and Mr. Sitrick's address card, which is available for download therefrom, are annexed hereto as Exhibit 3.)

9.  On information and belief, in or around January 2013, Sitrick & Company was retained to provide public relations services to Rodriguez. In fact, on or about January 29, 2013,

the date of publication of the *Miami New Times* article referred to above, Sitrick & Company

issued a statement on behalf of Rodriguez, asserting, *inter alia*, that Rodriguez had never been

treated or advised by Bosch and that the documents referenced in the *Miami New Times* article,

at least as they related to Rodriguez, were not legitimate. (A true and correct copy of the

statement issued by Sitrick & Company on behalf of Rodriguez is annexed hereto as Exhibit 4.)

10. On or about February 5, 2013, *Yahoo! Sports* published a story identifying Major

League players who it claimed had received prohibited performance enhancing substances from

Bosch - naming players (including Ryan Braun of the Milwaukee Brewers and Francisco

Cervelli of the New York Yankees) who had *not* been identified in the *Miami New Times* article

that had been published one week earlier. In addition, *Yahoo!* published excerpts of handwritten

records said to have been maintained by Bosch that had *not* been published previously by the

*Miami New Times* or any other publication.

11. On information and belief, these additional excerpts from Bosch's handwritten

records that *Yahoo!* published on February 5, 2013 had been provided to Sitrick & Company by

Rodriguez or others acting on his behalf, and were then provided by Sitrick & Company to

*Yahoo!*. Indeed, on August 16, 2013, the news program *60 Minutes*, citing two (unnamed)

sources with direct knowledge of the matter, published a story on its website reporting that

members of Rodriguez's inner circle had obtained and then leaked to *Yahoo!* the Bosch records

implicating Braun and Cervelli. (A true and correct copy of the *60 Minutes* story is attached as

Exhibit 5.)

**The Subpoena**

12. In connection with MLB's investigation, MLB and the Union agreed that Rodriguez

would provide MLB with any documents and information regarding or reflecting any efforts

made by Rodriguez or others acting on his behalf to obtain records that had been maintained by Bosch, including but not limited to documents within the possession, custody or control of Sitrick & Company. Alternatively, the Union agreed that, if it was unable to produce such documents or information, it would provide MLB with a certification from Sitrick & Company that Sitrick did not have and never had any such documents. When the Union advised MLB that it was unable to produce the documents in question, an agreed-upon form of certification (an affidavit) was sent to Michael Sitrick and Sitrick & Company for execution. (A true and correct copy of the affidavit sent to Mr. Sitrick and Sitrick & Company is annexed hereto as Exhibit 6.)

13. To date, MLB has received neither responsive documents from Sitrick & Company nor an affidavit from Mr. Sitrick certifying that neither he nor the Company has or ever had the documents in question.

14. Accordingly, on September 19, 2013, MLB served Mr. Sitrick with the Subpoena in compliance with N.Y. C.P.L.R. 308(2) by delivering it on that date to an adult employee of Sitrick & Company at the firm's place of business in New York, along with a witness fee of $40 (forty dollars), and by mailing it to Mr. Sitrick at his firm's place of business in the manner required by N.Y. C.P.L.R. 308(2).

15. On September 27, 2013, counsel for Mr. Sitrick and Sitrick & Company, J. Michael Hennigan, sent me a letter objecting to the Subpoena and stating that Mr. Sitrick would not appear before the Arbitration Panel to testify or provide documents. (A true and correct copy of Mr. Hennigan's September 27, 2013 letter is attached hereto as Exhibit 7.)

16. MLB is seeking an order to compel compliance with the Subpoena because Mr. Sitrick's refusal to comply with the Subpoena has actually impeded MLB's ability to defend

against the grievance by precluding MLB from obtaining information on matters relevant to its claims and defenses in the pending Arbitration.

    17.  There has been no previous application for the relief sought herein.

New York, New York
October 29, 2013

HOWARD L. GANZ

6

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 4

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/29/2013

# Ganz Aff. Exhibit 1

**ARBITRATION PANEL**
**FREDRIC R. HOROWITZ, CHAIRMAN**

In the matter of the Arbitration between:

Major League Baseball Players Association
(Alex Rodriguez)

and

The Office of the Commissioner of Baseball

Grievance No. 2013-02

**TRIAL SUBPOENA**

To:    Michael S. Sitrick
       Sitrick and Company
       7 Times Square, Suite 2600
       New York, NY 10036

       YOU ARE HEREBY COMMANDED that all business and excuses being laid aside to

appear and attend before the Arbitration Panel, at The Office of the Commissioner of Baseball,

245 Park Avenue, New York, NY 10167, or at such other location as may be determined by the

Panel, on September 30, 2013, at 9:00 a.m., and at any recessed or adjourned date of the

arbitration hearing, to testify and give evidence as a witness in the above-captioned arbitration

and bring with you the documents requested in **Attachment A.**

       Any questions regarding this subpoena may be addressed to:

                          Howard Ganz, Esq.
                          Proskauer Rose LLP
                          11 Times Square
                          New York, NY 10036
                          (212) 969-3035
                          hganz@proskauer.com

ARBITRATION PANEL
FREDRIC R. HOROWITZ, CHAIRMAN
------------------------------------------------------------------X
In the matter of the Arbitration between:

MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION
(Alex Rodriguez)

And

THE OFFICE OF THE COMMISSIONER OF BASEBALL
------------------------------------------------------------------X

AFFIDAVIT OF SERVICE
GREIVANCE NO.
2013-02

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| QUEENS COUNTY | ) |

Aldane Chambers, being duly sworn, deposes and says: Deponent is not a party to this action, is over 18 years of age, and is a resident of the State of New York.

On September 19, 2012, at approximately 5:05 PM, at Sitrick and Company, 7 Times Square, New York, NY 10036, Deponent served the within Trial Subpoena with Attachment A with a witness fee for $40 upon: **Michael S. Sitrick** by delivering to and leaving with Rachel Warzola, Associate, a true and correct copy of said documents.

At the time of said service, Rachel Warzola confirmed that Michael S. Sitrick operates business at the aforementioned address; stated that she would accept the service of the aforementioned Trial Subpoena on behalf of Michael S. Sitrick behalf and acknowledged said service by endorsing a copy of the aforementioned Trial Subpoena.

Rachel Warzola is described as a white female, approximately 26-33 years of age, 130-140 lbs., 5'3"-5'5" tall, and had light brown hair.

Deponent also states that on September 21, 2013, Deponent served a copy of the aforementioned documents upon Michael S. Sitrick by depositing true and correct copies thereof, enclosed in a securely sealed, fully post-paid, Certified Mail, Return Receipt Requested envelope, certificate number 7012 2920 0002 3223 8786; and a First Class Mail envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, addressed as follows:

**Michael S. Sitrick**
Sitrick and Company
7 Times Square, Suite 2600
New York, NY 10036

Deponent further states that the envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerns an action involving the addressee.

*Aldane Chambers*
Aldane Chambers

Sworn to before me this
23ʳᵈ day of September, 2013

*Karlene S. Jackson*
Notary Public

*Karlene S. Jackson, Notary Public*
*State of New York, #01JA5083169*
*Qualified in Queens County*
*Commission Expires November 17, 2013*

**ARBITRATION PANEL**
**FREDRIC R. HOROWITZ, CHAIRMAN**

In the matter of the Arbitration between:

Major League Baseball Players Association
(Alex Rodriguez)

and

The Office of the Commissioner of Baseball

Grievance No. 2013-02

**TRIAL SUBPOENA**

To:   Michael S. Sitrick
      Sitrick and Company
      7 Times Square, Suite 2600
      New York, NY 10036

     YOU ARE HEREBY COMMANDED that all business and excuses being laid aside to appear and attend before the Arbitration Panel, at The Office of the Commissioner of Baseball, 245 Park Avenue, New York, NY 10167, or at such other location as may be determined by the Panel, on September 30, 2013, at 9:00 a.m., and at any recessed or adjourned date of the arbitration hearing, to testify and give evidence as a witness in the above-captioned arbitration and bring with you the documents requested in **Attachment A.**

     Any questions regarding this subpoena may be addressed to:

                Howard Ganz, Esq.
                Proskauer Rose LLP
                11 Times Square
                New York, NY 10036
                (212) 969-3035
                hganz@proskauer.com

Failure to comply with this subpoena will subject you to such sanctions as are legally applicable.

Dated: New York, New York
September 19, 2013

BY: */s/ Fredric R. Horowitz*_____
Fredric R. Horowitz
Chairman,
On Behalf of the Arbitration Panel

## ATTACHMENT A
## INSTRUCTIONS AND DEFINITIONS

A.     All words, terms, and phrases not specifically defined in these requests are to be given their normal and customary meaning in the context in which they are used in the requests herein.

B.     The term "documents" means writings of any type, all other data compilations from which information can be obtained (including electronic media), and any other means of preserving thoughts or expression, however produced or reproduced, and shall include originals as well as any copies maintained.

C.     The term "communications" includes, but is not limited to, letters, e-mails, memoranda and facsimiles.

D.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the documents requested all documents that might otherwise be construed to be outside of the scope of the request.

E.     "Sitrick and Company" or "you" means Sitrick and Company, its agents, employees, officers, directors, principals and other representatives, and its predecessors, successors,

2

parents, or assigns, collectively and singularly, and their agents, employees, officers, directors,

principals, contractors, and other representatives.

      F.     "Players" refers to any and all professional baseball players who are employed by

or playing for, or have in the past been employed by or played for, any of the 30 Major League

Baseball Clubs. If you are unsure as to whether an individual is employed or plays for, or was

employed by or played for, a Major League Baseball Club, Plaintiff's counsel will provide a list

of such players upon your request. The term "Players" also includes any representatives—

including attorneys, agents, assistants, consultants, or employees—of such current or former

Major League Baseball players.

      G.     The use of the singular form of any word includes the plural and vice versa.

      H.     If a document required to be produced by this Subpoena is not produced on the

ground that it is privileged and therefore not subject to disclosure, the following information

shall be supplied for each document: (a) the nature of the privilege asserted with respect to the

document; (b) the date of the document; (c) the name and title of the document; (d) the name and

title of each person who received the document; (e) a description of the type of document and the

contents of the document; and (f) the name and title of the person having custody of the

document.

      I.     If a document required to be produced by this Subpoena cannot be produced

because it has been lost, discarded or destroyed, the following information shall be supplied for

each document: (a) the type of document (e.g., email, letter, agreement, etc.); (b) the individual

who prepared the document; (c) the recipients of the document; (d) the subject matter of the

document; (e) the title of the document (if any); (f) the date of the document; (g) number of

pages; (h) all persons to whom the document was distributed, shown or explained; (i) the date or

approximate date it was lost, discarded or destroyed; (j) the circumstances and manner in which

3

it was lost, discarded or destroyed; (k) the reason(s) for disposing of the document (if discarded or destroyed); (l) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal or destruction of the document; and (m) the identity of the person(s) who lost, discarded or destroyed the document.

## DOCUMENTS TO BE PRODUCED

1.  Any and all documents or communications exchanged between you on the one hand and Alex Rodriguez and/or persons or entities acting on his behalf (including but not limited to Black, Srebnick, Kornspan & Stumpf, P.A.) on the other from October 1, 2012 to the present relating to any Players (not including Rodriguez), Anthony Bosch, Biogenesis, Biokem, Porter Fischer, Yuri Sucart, articles appearing in the *Miami New Times* and/or Major League Baseball's investigation into the distribution of Performance Enhancing Substances.

2.  Any and all documents or communications exchanged between you and any representative of any media outlet, including but not limited to Yahoo! from October 1, 2012 to the present relating to any Players, Anthony Bosch, Biogenesis, Biokem, Porter Fischer, Yuri Sucart, articles appearing in the *Miami New Times* and/or Major League Baseball's investigation into the distribution of Performance Enhancing Substances.

4

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 5

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/29/2013

# Ganz Aff. Exhibit 2



Miami New Times

# MIAMI
## NewTimes
### Blogs

THE WORLD'S #1 HOME IMPROVEMENT STORE
Best Hardware Store • Best of New Times
www.ShellLumber.com

| NEWS ▾ | | | | | | | | Search |

| MIAMI NEWS | LOCAL NEWS BLOG | STROUSE | LUKE'S GOSPEL | LETTERS | SPECIAL REPORTS | ARCHIVES SEARCH | WEEKLY NEWSLETTER | GET MOBILE |

FONTAINEBLEAU 'BLEAULIVE' PRESENTS THE BAND PERRY OCTOBER 13, 2013

## Riptide
Miami News | Crime | Sports | Debauchery

BLOG
STORIES

 By Kyle Munzenrieder



 By Kyle Munzenrieder

 By Tim Elfrink

Sports

# The A-Rod Files: Every Mention of the Yankees Slugger in Tony Bosch's Records

By Tim Elfrink Tue., Jan. 29 2013 at 10:26 AM
Categories: Sports

12 Comments

Like 227    Send    Tweet 730    Share    2

This week, *New Times* takes you inside Biogenesis, an anti-aging clinic in Coral Gables run by Miami entrepreneur Anthony Bosch. His name is familiar to sports fans because he and his father, Dr. Pedro Bosch, were probed by authorities in 2009 when Manny Ramirez was suspended for violating baseball's drug rules.

An extraordinary cache of Bosch's records suggests that Bosch has been supplying performance-enhancing drugs to some of the biggest names in sports, including Yankees slugger Alex Rodriguez. Click through for a full look at all of A-Rod's appearances in Bosch's files.


photo via Wikimedia Commons

*See also:*
~ *A Miami Clinic Supplies Drugs to Sports' Biggest Names*
~ *Special Report: Tony Bosch and Biogenesis -- MLB Steroid Scandal*

Update: A-Rod has responded to our story, sending a statement to the *New York Post's* Joel Sherman: "The news report about a purported relationship between Alex Rodriguez and Anthony Bosch are not true. Alex Rodriguez was not Mr. Bosch's patient, he was never treated by him and he was never advised by him. The purported documents referenced in the story -- at least as they relate to Alex Rodriguez -- are not legitimate."

Gio Gonzalez has also issued a denial via Twitter: "I've never used performance enhancing drugs of any kind and I never will. I've never met or spoken with tony Bosch or used any substance."

First, a word about the records. *New Times* reviewed a wide range of Biogenesis files, from a neatly kept spreadsheet of patients dated June 2012 to folders of loose documents. There are also daily logs of visitors and, most important, Tony Bosch's personal notebooks from 2009 through 2012.

## Hottest Conversations



Miami's Ten Best Plazas
67 Comments

Free Shotguns to People in Florida
48 Comments

### In Case You Missed It




Eight Shocks Mountance Experience Every Time They Visit "Real America"

Miami Herald Prints Same Article Twice, One Week After Previous Production Snafu

Florida Man Left Toddler in Pickup Truck While He Drank at Strip Club

Recommended by

PARADE & CONCERT
SUN LIFE
STADIUM
HOME OF THE MIAMI DOLPHINS
2269 NW 199TH ST, MIAMI GARDENS, FL 33056
www.miamibrowardcarnival.com

## Around The Web



Ten worst domestic-travel cities for summer 2013
Weather

In all, we reviewed 256 pages of handwritten notes from Bosch, a half-dozen full patient files, and more than 100 pages of other business documents from Biogenesis.

How did we authenticate the records? *New Times* called dozens of numbers from client lists and Bosch's personal notebooks. Virtually everyone we spoke with acknowledged their involvement with the clinic or politely declined to comment. There wasn't a single denial. We also spoke to six clients who confirmed that their information — as recorded in the records — was accurate. Two former Biogenesis employees described intimate details of the clinic and its business.

Bosch's personal notebooks also check out in every other respect. Scrawled numbers to diagnostic clinics reach diagnostic clinics. Details about Bosch's family life, business plans, and debts match public records.

Alex Rodriguez appears 16 times in the documents we reviewed. His name is recorded as "Alex Rod" or "Alex R." or by his nickname at the clinic, "Cacique." This is particularly interesting because on ESPN, he acknowledged using PEDs but said he stopped in 2003.

It's also important to note that Rodriguez's cousin, Miami resident Yuri Sucart, frequently appears in the same records on the same days as Rodriguez. Sucart has been identified in the past as Rodriguez's source for performance-enhancing drugs.

Now, to the records. We have redacted names that don't appear multiple times in the records or who couldn't be confirmed outside the records in some way. Also left out are regular clients whose names we did not believe to be newsworthy. More records will be posted on Riptide over the next few days.

First, Biogenesis's client list as of June 2012 includes a number of ballplayers, as well as their nicknames used by Bosch in his personal notebooks. A-Rod was "Cacique".

This entry is from a Bosch notebook:



As is this:


Biogenesis Fallout


What's Rick Scott Gonna Vote?


From the Vault




Miami New Times



Slideshows


Closer Look: Wolfyang's Steakhouse in Downtown Miami


STRFKR at Grand Central


Atlanta Falcons vs. Miami Dolphins at Sun Life Stadium

More Slideshows >>



Retail

General
Sexxxy Depot
View Ad | View Site





And this:





Miami New Times

MIAMI
**New Times**

Blogs

NEWS ⌄ | Search

MIAMI NEWS | LOCAL NEWS BLOG | STROUSE | LUKE'S GOSPEL | LETTERS | SPECIAL REPORTS | ARCHIVES SEARCH | WEEKLY NEWSLETTER | GET MOBILE

FONTAINEBLEAU BLEAULIVE PRESENTS THE BAND PERRY OCTOBER 13, 2013

## Riptide
Miami News | Crime | Sports | Debauchery

By Kyle Munzenrieder | By Kyle Munzenrieder | By Tim Elfrink

Sports

## The A-Rod Files: Every Mention of the Yankees Slugger in Tony Bosch's Records

By Tim Elfrink Tue., Jan. 29 2013 at 10:20 AM

Categories: Sports

12 Comments

Like 227   Send   Tweet 219   ☆ Share

Continued from page 1

This comes from a Bosch notebook

MiamiNewTimes.com

As does this:

**Hottest Conversations**

Miami's Ten Best Pizzas
67 Comments

Free Shotguns to People in Florida
46 Comments

In Case You Missed It

ONLINE DATING

Miami Women Aren't Particularly Picky, Claims Dating Site

Five Bales of Marijuana Wash Up in Biscayne National Park

31-Year-Old Hialeah Man Shoots Woman in Butt With BB Gun, Then Kills Himself During SWAT Standoff

Recommended by

Around The Web

Ten worst domestic-travel cities for summer 2013




**Biogenesis Fallout**
New Times Broward-Palm Beach


**What's Rick Scott Gonna Vote?**
New Times Broward-Palm Beach


**From the Vault**



This comes from Bosch's "2014" notebook:

MiamiNewTimes.com

As does this:


**NT** Miami New Times   Like
New Times

13,987 people like Miami New Times.



Facebook social plugin

### Slideshows


**Closer Look: Wolfgang's Steakhouse in Downtown Miami**


**STRFKR at Grand Central**


**Atlanta Falcons vs. Miami Dolphins at Sun Life Stadium**

More Slideshows >>



MiamiNewTimes.com

This is from the "2012" notebook:

MiamiNewTimes.com

As is this:



<< Previous Page [1 | 2 | 3 | Next Page >>

## GET THE WEEKLY NEWSLETTER

Our weekly feature stories, movie reviews, calendar picks and more - minus the newsprint and sent directly to your inbox.

enter email

Tags: A-Rod, Alex Rodriguez, Biogenesis, Tony Bosch

✉ Email to Friend   ✎ Write to Editor   🖨 Print Article              submit

## We Recommend

Yankees' Fond, and Not So Fond, Farewells
(The New York Times)

Carbla. Zoo Miami's White Tiger and Most Memorable Creature, Is Gone

Keys Man Arrested In Miami After Golf Club Attack Over Facebook
(Riptide 2.0)

Miss Fiesta Myohando Issues Represents "America's Weirdest State" by Teasing AGL, Wearing Bedazzled Knee Brace
(Riptide 2.0)

Recommended by

12 comments

Sign in or Create Account

MY VOICE NATION

1 person listening

◄ Follow

Post comment as...

Newest | Oldest | Top Comments

DEALIGHTFUL!

VOICE DAILY DEALS

SIGN UP TODAY >►

### Retail

Will Call Miami
View Ad | View Site

Burger Beast
View Ad | View Site

Mykonos Greek Restaurant
View Ad | View Site

Marriott Biscayne Bay
View Ad | View Site

More >>

planetlighting



Blogs



MIAMI SPICE
ILoveMiamiSpice.com

Lunch $19* or $23* | Dinner $33* or $39*
*3-course meal includes appetizer, entrée and dessert.
Beverage, tax and gratuity are not included.

NEWS ∨

MIAMI NEWS | LOCAL NEWS BLOG | STROUSE | LUKE'S GOSPEL | LETTERS | SPECIAL REPORTS | ARCHIVES SEARCH | WEEKLY NEWSLETTER | GET MOBILE

Search

FONTAINEBLEAU · BLEAULIVE PRESENTS THE BAND PERRY OCTOBER 13, 2013



Riptide  *Miami-News | Crime | Sports | Debauchery*

TOP
BLOG
STORIES


By Kyle
Munzenrieder


By Kyle
Munzenrieder


By Tim Elfrink

### Sports

## The A-Rod Files: Every Mention of the Yankees Slugger in Tony Bosch's Records

By Tim Elfrink Tue., Jan. 29 2013 at 10:26 AM

Categories: Sports

Like 227    Send    Tweet 219    • Share                    2

12 Comments

**Continued from page 2**

This is also from the "2013" notebook:



MiamiNewTimes.com

As is this:



MiamiNewTimes.com

This comes from a file of documents from the office:


19th Annual World Congress on
Anti-Aging and Aesthetic Medicine


### Hottest Conversations

Miami's Ten Best Pizzas
67 Comments

Free Shotguns to People in Florida
46 Comments

SOUTH BEACH  URBAN OUTFITTERS
Interested in working for us?
Management Positions Available
COME TO OUR JOB FAIR
Wednesday, October 2nd 10am-4pm
653 Collins Avenue | Miami Beach

### Around The Web

Rubio on DOMA Is a Whole Lot of Dumb
New Times Broward-Palm Beach



The Fighting Fans Of Steeplechase
Hayden Price



Staya Lyons
Resident Buzz



From the Vault

NT Miami New Times
176

37,007 people like Miami New Times.



Facebook social plugin

## Slideshows



Closer Look: Wolfgang's Steakhouse in Downtown Miami



STRFKR at Grand Central



Atlanta Falcons vs. Miami Dolphins at Sun Life Stadium

More Slideshows >>

See you in Orlando!
20th Annual World Congress on Anti-Aging and Aesthetic Medicine
Marriott World Center May 17-19, 2012

Register online at www.a4m.com or call 1-888-997-0112

As does this:

And finally, this as well:

*Editor's Note (July 1, 2013): Some of the records included in this blog post appear to have been filed under the wrong year by our source. To avoid confusion, we've removed references to the calendar year for misfiled pages.*

*Follow Miami New Times on Facebook and Twitter @MiamiNewTimes.*

<< Previous Page | 1 | 2 | 3

## GET THE WEEKLY NEWSLETTER

Our weekly feature stories, movie reviews, calendar picks and more - minus the newsprint and sent directly to your inbox.

enter email

Tags: A-Rod, Alex Rodriguez, Biogenesis, Tony Bosch

✉ Email to Friend    ✍ Write to Editor    🖨 Print Article    🔁    submit

## We Recommend

   

**Hard Knocks Discovered, Check out the Hottest Photos of Lauren Tannehill** (Riptide Sports)

**Keys Man Nabbed in Mayo After Golf Club Attack Over Facebook** (Riptide 2.0)

**Calika, Zoo Miami's White Tiger and Most Memorable Creature, Is Dead** (Riptide 2.0)

**Miss Florida Myrrhanda Jones Represents "America's Weirdest State" by Tearing ACL, Wearing Bedazzled Knee Brace** (Riptide 2.0)

Recommended by

---

12 comments

Sign in or Create Account

🗣 MY VOICE NATION

1 person listening

· Follow ┃

Post comment as...

Newest | Oldest | Top Comments



Retail

 **The Stage**
View Ad | View Site

 **Shiraz Kabab Cafe**
View Ad | View Site

**Doperdoll**
View Ad | View Site

 **Fox's Sherron Inn**
View Ad | View Site

More >>

 

FILED: NEW YORK COUNTY CLERK 10/29/2013
NYSCEF DOC. NO. 6

INDEX NO. 653774/2013
RECEIVED NYSCEF: 10/29/2013

# Ganz Aff. Exhibit 3

# Sitrick And Company

*800.288.8809*



## About

Sitrick And Company was founded in 1989 by Michael S. Sitrick, the firm's Chairman & CEO. Nearly every year since its founding, the firm has been ranked as one of the top strategic communications companies in the nation. Our clients include public and private companies as well as government agencies and high-profile individuals, ranging from financier Thomas H. Lee to rocker Tommy Lee. Today, Sitrick And Company has approximately 50 people working out of five offices: Los Angeles, New York, Denver, San Francisco and Silicon Valley.

From the onset, Sitrick And Company has focused on corporate, financial, transactional and crisis communications. Although we have an extensive and successful practice in each of the foregoing areas, our firm is best known for its work in sensitive make-or-break situations. Whether helping a client with an IPO, a merger or a criminal indictment, we work to ensure that all of our clients' key audiences are covered. This can include such groups as the media (digital and traditional), employees, the investment community, customers, suppliers and government officials.

Matters with which we have been involved span the spectrum. In addition to such corporate areas as earnings releases and reputation management, they include business litigation, state and federal government investigations, criminal indictments, insurance fraud, labor issues (including emergency executive transitions, sexual harassment and discrimination cases), fraudulent conveyance cases, trade disputes, mergers and acquisitions, proxy contests, withhold vote contests, product recalls, environmental issues and product liability claims, financial restatements and write-downs, and in and out of court restructurings. (The firm has been involved in more than 300 Chapter 11 cases since its founding and more than 100 out of court restructurings.)

Our executives are broadly experienced professionals with both media and senior-level corporate experience. Senior executives have served as officers and directors of both private and publicly-traded companies and as reporters, editors and producers of such news organizations as the Wall Street Journal, New York Times, Los Angeles Times, San Jose Mercury News, Detroit Free Press, Chicago

Tribune, Bloomberg, Dow Jones, Miami Herald, NBC Television, the China Morning News and various Latin American media.

Our digital media team is led by two executives who directed online media initiatives for the Los Angeles Times and Premiere Radio, one of the nation's top syndicators of radio programs. The firm's executive rank also includes former litigators and business executives.

SEARCH

- About
- Practice areas
- Stories on the Firm
- Newsroom
- Contact

- Michael S. Sitrick
- Senior Executives
  - Brenda Adrian
  - Jim Bates
  - Tom Becker
  - H Steven Blum
  - Jason G. Booth
  - Terry Fahn
  - Seth Faison
  - Sallie Hofmeister
  - Lance Ignon
  - Tony Knight
  - Anita-Marie Laurie
  - Jeffrey Lloyd, Ph. D.
  - Thomas S. Mulligan
  - Danielle Newman
  - Lew Phelps
  - Wendy Tanaka
  - Tamara Taylor
  - Thom Weidlich

**Offices**

*Los Angeles 11999 San Vicente Blvd., Penthouse*
*Los Angeles, CA 90049*

phone:
   310.788.2850
fax:
   310.788.2855
toll free:
   800.288.8809

- New York
- San Francisco
- Chicago
- London

**About**

- Michael S. Sitrick
- Senior Executives

**Practice areas**

- Crisis
- Restructuring
- Litigation Support
- Corporate
- Entertainment
- Labor Issues
- Reputation Management
- Digital
- Asia Pacific
- Client List

**Stories on the Firm**

**Contact**

**Newsroom**

- Sitrick Executives Quoted as Experts
- Sitrick News
- What Others Say About Us

# Sitrick And Company



## Michael S. Sitrick

phone: 310.788.2850
email: mike_sitrick@sitrick.com
Download vCard

Michael Sitrick is the founder, Chairman and Chief Executive Officer of Sitrick And Company. An internationally recognized expert in the strategic use of communications, Mr. Sitrick has been the subject of numerous articles focusing on the results he has achieved for clients. *Fortune* Magazine called him "one of the most accomplished practitioners of the dark arts of public relations" and "The Winston Wolf of Public Relations." "Wolf," *Fortune* explained, was the fixer in *Pulp Fiction*. Played by Harvey Keitel, he washed away assassins splatter and gore. Sitrick "cleans up the messes of companies, celebrities and others and he's a strategist who isn't averse to treating PR as combat." The *Los Angeles Times* called him, "The Wizard of Spin," *Forbes*, "The Flack For When You're Under Attack" and the *Financial Times*, the spin doctor's spin doctor." *Fast Company* said, "Everyone understands the importance of shaping a story, but few are as shrewdly proficient at manipulating the media as L.A. crisis manager Mike Sitrick…" *Los Angeles Magazine* wrote: "Sitrick is a pure product of the 24-hour news cycle, of a culture dominated and defined by newspapers, magazines, TV, radio, the Internet, of the never-ending noise streaming into our lives. Beyond his aggressiveness, beyond his toughness, what distinguishes Sitrick is his ability to play the media to his clients' advantage."

Since founding Sitrick And Company, he has provided advice and counsel to more than 1,000 companies, including some of the nation's largest corporations, and some of our nation's highest profile individuals — both on routine and extremely sensitive matters. Matters with which he has been involved pretty much span the spectrum. While many of his cases dominate the headlines, perhaps even most telling are the cases which are never heard about — where Mr. Sitrick and his firm are brought in to keep their clients out of the press, a much more difficult task.

Under his direction, Sitrick And Company grew to the 15th largest independent firm in the nation in its first year of business. It broke into the top ten in its second year. Today, the firm has offices in Los Angeles, New York, San Francisco and Baltimore.

Prior to forming the firm, Mr. Sitrick served as Senior Vice President – Communications for Wickes Companies, Inc. A member of that company's senior management group, he was the architect of Wickes' Chapter 11 communications programs. He also directed the company's communications efforts through a series of takeover attempts and defenses, litigation issues, a major product liability problem and numerous other critical matters.

Before joining Wickes, Mr. Sitrick headed Communications and Government Affairs for National Can Corporation, was a Group Supervisor for the Chicago public relations firm Selz, Seabolt and Associates, and served as Assistant Director of Public Information in the Richard J. Daley administration in Chicago. He also did reporting for such publications as the Washington Star and the Baltimore News American, as well as WSID Radio in Baltimore.

Mr. Sitrick has lectured on public relations and crisis management before numerous professional groups and forums, as well as at the graduate schools of Columbia, Dartmouth, UCLA, USC and the Mike Wallace Journalism Fellows Program at the University of Michigan. Mr. Sitrick is the author of the critically acclaimed book, "Spin– How to turn the power of the press to your advantage" which was published in April 1998 by Regnery Publishing Co. and is a contributing author to the book, "Turnarounds and Workouts," published by Dow Jones/Irwin and "The Art Of Doing," published by Penguin.

Mr. Sitrick serves on the Board of Directors of the privately-held pharmaceutical company, Nant Pharma and the non-profit Chan Soon-Shiong Institute for Advanced Health and Saint John's Health Center. He is a former board member of NASDAQ listed APP Pharmaceuticals Company and Abraxis BioScience, the Turnaround Management Association and the Jewish Television Network.

Mr. Sitrick holds a B.S. degree in Business Administration with a major in Journalism from the University of Maryland, College Park. He is married to the former Nancy Eiseman and together they have three daughters and four grandchildren.

SEARCH _____

- About
- Practice areas
- Stories on the Firm
- Newsroom
- Contact

- Michael S. Sitrick
- Senior Executives
  - Brenda Adrian
  - Jim Bates
  - Tom Becker
  - H Steven Blum
  - Jason G. Booth
  - Terry Fahn

- ○ Seth Faison
- ○ Sallie Hofmeister
- ○ Lance Ignon
- ○ Tony Knight
- ○ Anita-Marie Laurie
- ○ Jeffrey Lloyd, Ph. D.
- ○ Thomas S. Mulligan
- ○ Danielle Newman
- ○ Lew Phelps
- ○ Wendy Tanaka
- ○ Tamara Taylor
- ○ Thom Weidlich

**Offices**

*Los Angeles 11999 San Vicente Blvd., Penthouse
Los Angeles, CA 90049*

phone:
     310.788.2850
fax:
     310.788.2855
toll free:
     800.288.8809

- New York
- San Francisco
- Chicago
- London

**About**

- Michael S. Sitrick
- Senior Executives

**Practice areas**

- Crisis
- Restructuring
- Litigation Support
- Corporate
- Entertainment
- Labor Issues
- Reputation Management
- Digital
- Asia Pacific
- Client List

**Stories on the Firm**

Michael S. Sitrick | Sitrick And Company

**Contact**

**Newsroom**

- Sitrick Executives Quoted as Experts
- Sitrick News
- What Others Say About Us

| | |
|---|---|
| **Full Name:** | Michael Sitrick |
| **Last Name:** | Sitrick |
| **First Name:** | Michael |
| **Job Title:** | Chairman and Chief Executive |
| **Company:** | Sitrick And Company |
| **Business Address:** | 1840 Century Park East, 8th Floor |
| | Los Angeles, CA 90067 |
| | |
| | 7 Times Square, Suite 2600 |
| | New York, NY  10036 |
| **Business:** | (310) 788-2850 |
| **Business 2:** | (212) 573-6100 |
| **Other Fax:** | (212) 573-6165 |
| **E-mail:** | Mike_Sitrick@sitrick.com |
| **E-mail Display As:** | Michael Sitrick (Mike_Sitrick@sitrick.com) |

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 7

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/29/2013

# Ganz Aff. Exhibit 4

# Alex Rodriguez Issues Statement In Response To Media And Other Inquiries

PR Newswire

MIAMI, Jan. 29, 2013

MIAMI, Jan. 29, 2013 /PRNewswire/ -- In response to media and other inquiries, a spokesman for Alex Rodriguez today issued the following statement:

*The news report about a purported relationship between Alex Rodriguez and Anthony Bosch are not true. Alex Rodriguez was not Mr. Bosch's patient, he was never treated by him and he was never advised by him. The purported documents referenced in the story -- at least as they relate to Alex Rodriguez -- are not legitimate.*

SOURCE Alex Rodriguez; Sitrick And Company, Inc.

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 8

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/29/2013

# Ganz Aff. Exhibit 5



Log In

**Happy owners love VPI**
See why.

By

Michael Radutzky /

CBS News/ August 16, 2013, 2:14 PM

# Alex Rodriguez implicated fellow players in doping investigation

53 Comments     109 Shares     65 Tweets     Stumble     Email     More

"60 Minutes" has learned that members of New York Yankees third baseman Alex Rodriguez's inner circle in February obtained and leaked documents that implicated Milwaukee Brewers slugger Ryan Braun as well as his own Yankees teammate, catcher Francisco Cervelli, in the doping scandal that has enveloped Major League Baseball.

The leak came just days after the weekly newspaper Miami New Times published documents in January detailing Rodriguez's pervasive use of performance enhancing drugs.

The handwritten documents of Anthony Bosch, the key witness in Major League Baseball's PED investigation, revealed comprehensive doping regimens that Bosch had engineered for a host of professional athletes. His cooperation with MLB has resulted in the suspension of Rodriguez and 13 other major league players.

Braun and Cervelli's names were redacted in the Miami New Times documents. Members of Rodriguez's camp at the time obtained unredacted versions and leaked them to Yahoo! Sports, according to two sources with direct knowledge of the matter. The unredacted documents also implicated Baltimore Oriole Danny Valencia, who MLB later investigated and cleared.

CBSSports' Danny Knobler: Among A-Rod's sins, outing other players is a new low

In a statement to "60 Minutes," Rodriguez lawyer David Cornwell said, "The allegations are untrue and are another attempt to harm Alex -- this time by driving a wedge between Alex and other players in the game. While Alex focuses on baseball and repeatedly states that he is going to respect the appeal process, the drumbeat of false allegations continues."

On July 22, Braun accepted a 65-game suspension for the remainder of the 2013 season for taking performance-enhancing drugs. And on Aug. 5, Cervelli, along

with 11 other players, accepted a 50-game ban. MLB has suspended Rodriguez for 211 games. He is appealing.

All three of the unredacted documents leaked to Yahoo! Sports list Braun's name. One document shows Braun on a Bosch list along with Rodriguez, Cervelli, Toronto Blue Jays outfielder Melky Cabrera and minor league pitcher Cesar Carrillo, all of whom have been suspended for PEDs.



Play Video

### 2007: A-Rod denies doping on "60 Minutes"

The revelation that members of Rodriguez's camp at the time leaked documents implicating other players to the media could present significant problems for Rodriguez's legal team as they enter the arbitration process to appeal his suspension. Baseball officials say they levied a harsher suspension on Rodriguez because of his continued use of PEDs over multiple years as well as his attempt to "obstruct and frustrate" MLB's investigation.

Rodriguez's case is set to be heard by arbitrator Fredric Horowitz in the coming weeks. If MLB were to present evidence that Rodriguez's camp knowingly leaked additional Bosch business records, it might demonstrate that Rodriguez's camp had not only obtained them to keep them out of the hands of investigators, but that he actively sought to interfere with baseball's investigation by releasing other players' names.

Baseball's collective bargaining agreement requires that any allegations of PED use are to first be dealt with privately before either the Commissioner's office or the Players Association makes any names public. The premature release of a player's name is a direct violation of the collective bargaining agreement.

MLB Players Association head Michael Weiner has said he will support Rodriguez's appeal of the 211-game ban.

"We feel what he (MLB Commissioner Bud Selig) did, frankly, was inappropriate and almost ridiculous," he said in an interview earlier this month. "Look at the penalties that have been [given] out and cases that have been decided by the commissioner's office along with the Players Association. Nothing comes close to 211 games."

- Inside Alex Rodriguez's defense
- Alex Rodriguez booed in first game since doping charges
- Emotional Alex Rodriguez: It's "been a nightmare"
- A-Rod denies doping on "60 Minutes"

In early April, accusations arose that Rodriguez had purchased at least some of Bosch's business records. Rodriguez's spokesperson at the time flatly denied the reports.

Rodriguez has denied any connection to Bosch and his clinic, and says he was never treated by him, advised by him, and that the Miami New Times documents implicating him are not legitimate.

© 2013 CBS Interactive Inc. All Rights Reserved.

*109 Shares* · 65 Tweets* · Stumble · Email    More *

53 Comments

## Around the Web



Raquel Welch Aging Beautifully
AARP

Homeowners Are In For A Big Surprise...
Smart Life Weekly

Credit Cards With No Interest Until...
Next Advisor

Control 4 Hormones All Skinny People...
Read Clean Nutrition

## Popular on CBSNews.com



FILED: NEW YORK COUNTY CLERK 10/29/2013
NYSCEF DOC. NO. 9

INDEX NO. 653774/2013
RECEIVED NYSCEF: 10/29/2013

# Ganz Aff. Exhibit 6

AFFIDAVIT

MICHAEL SITRICK, being duly sworn, deposes and says:

1.  I am employed by Sitrick and Company ("Sitrick"), a public relations firm that was retained by the firm of Black Srebnick Kornspan Stumpf (the "Black Firm") to provide services on behalf of Alex Rodriguez, at the time Mr. Rodriguez was a client of the Black Firm; and I make this affidavit at the request of Mr. Rodriguez and Joseph Tacopina, of the firm of Tacopina Seigel & Turano, Mr. Rodriguez's current counsel.

2.  Neither I nor Sitrick has or ever had possession, custody or control of any records (originals or copies, and whether in hard copy or electronic form) of Anthony Bosch, Biogenesis or related entities, except for any copies of such records that I or others at Sitrick may have obtained through publically available sources, such as through the media or the Internet.

_____

Michael Sitrick

Sworn to before me this

\_\_\_ day of September, 2013

_____

Notary Public

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 10

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/29/2013

# Ganz Aff. Exhibit 7

# McKool Smith
# Hennigan

J. Michael Hennigan
(213) 694-1002
hennigan@mckoolsmithhennigan.com

865 South Figueroa Street
Suite 2900
Los Angeles, California 90017

Telephone: (213) 694-1200
Telecopier: (213) 694-1234

September 27, 2013

**VIA EMAIL AND U.S. MAIL**

Howard L. Ganz, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
email: hganz@proskauer.com

Re:    *In the matter of the Arbitration between Major League Baseball Players
Association (Alex Rodriguez) and The Office of the Commissioner of Baseball*
Grievance No. 2013-02: Trial Subpoena Addressed to Michael S. Sitrick

Dear Mr. Ganz,

We are counsel to Michael S. Sitrick and Sitrick And Company (together, "Mr. Sitrick")
in connection with the September 19, 2013 Trial Subpoena ("Subpoena") purportedly served on
Mr. Sitrick at his employer's New York office by The Office of the Commissioner of Baseball
("Requestor") in the above-referenced proceeding.

This letter will serve as Mr. Sitrick's objections to the Subpoena. Due to the defects
described below, Mr. Sitrick will not appear before the Arbitration Panel as requested to provide
testimony or documents.

While reserving his right to supplement or amend this response, Mr. Sitrick hereby
responds and objects to the Subpoena on at least the following grounds:

1.    Mr. Sitrick objects to the Subpoena on the ground that the Requestor failed to
serve Mr. Sitrick in a manner consistent with CPLR §§ 2303, 308 and 311.

2.    Mr. Sitrick objects to the Subpoena on the ground that the Requestor failed to
provide the requisite twenty days notice required under CPLR § 3120.

3.    Mr. Sitrick objects to the Requests in their entirety to the extent that they purport
to call for the disclosure of information, or the production of documents, that are

Howard L. Ganz, Esq.
Proskauer Rose LLP
September 27, 2013
Page 2

subject to the attorney-client privilege, the attorney work product protection, or any other applicable privilege, doctrine or immunity.

4.   Mr. Sitrick objects to the requests in their entirety on the grounds that, and to the extent that, they are unduly vague, ambiguous, burdensome, overbroad, oppressive and seek documents, information or things neither relevant to the subject matter of the resolution of the proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

5.   Mr. Sitrick objects to the Requests on the grounds that, and to the extent that, they seek proprietary business information, trade secrets, sensitive or confidential commercial or business documents and/or confidential personal information.

6.   Mr. Sitrick objects to the subpoena on the grounds that it was not accompanied by the required check to cover costs of travel and the production of documents pursuant to CPLR § 2303.

7.   Mr. Sitrick objects to the requests except to the extent that Requestor agrees to provide him with reasonable reimbursement, including reimbursement for attorneys' fees, in order to protect Mr. Sitrick from the significant expense and burden stemming from an effort to respond to the Requests.

8.   Mr. Sitrick objects to the request to appear in New York before the Arbitration Panel. Mr. Sitrick is a California resident and objects to the undue burden and expense of traveling to New York. Mr. Sitrick further objects that, as a California resident, he cannot be compelled to travel to New York to appear to testify in person before the Arbitration Panel.

9.   Mr. Sitrick objects to the Instructions and Definitions in Attachment A to the Subpoena in that they are overly broad, ambiguous and vague, rendering any search for documents impossible. For instance, references to unspecified, undefined or unnamed "other representatives, and its predecessors, successors, parents, or assigns, collectively and singularly, and their agents, employees, officers, directors, principals, contractors, and other representatives," in Section E, and "any representatives – including attorneys, agents, assistants, consultants, or employees – of such current or former Major League Baseball players," in Section F, places not only an undue burden, but also an impossible burden, upon Mr. Sitrick, who is unable to ascertain the unspecified, undefined or unnamed persons or entities referred to.

10.   Mr. Sitrick objects to the Instructions and Definitions in Attachment A, Section F in defining "Players" as "any and all professional baseball players who are

929349

Howard L. Ganz, Esq.
Proskauer Rose LLP
September 27, 2013
Page 3

employed or playing for, or have in the past been employed by or played for, any of the 30 Major League Baseball Clubs." Such a broad definition is burdensome and will include information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Sitrick further objects to the extent that he has confidential client relationships with individuals employed by Major League Baseball Clubs that have no bearing on this proceeding.

11.  Mr. Sitrick objects to the Instructions and Definitions in Attachment A to the extent that they purport to impose any obligations upon Mr. Sitrick beyond those required by the applicable law.

12.  Mr. Sitrick objects to the requests to the extent they call for documents not within his personal possession, custody or control.

13.  Mr. Sitrick objects to all requests to the extent they call for documents "relating to" particular events, entities, actions, proceedings or subject matters. Such term is inherently vague, ambiguous and subjective, and creates insurmountable problems of interpretation, as well as an undue burden on a third party. Where a request calls for a document "relating to" a particular event, entity, action, proceeding or subject matter, Mr. Sitrick would interpret such request as calling for documents referring to such event or subject matter to correct such request's imprecise construction.

14.  Mr. Sitrick objects to the Requests in their entirety to the extent they seek electronically stored information that is not reasonably accessible, including without limitation, (a) data stored on back-up tapes and data that is inaccessible absent some sort of restoration process, (b) data that is not accessible to or used by Mr. Sitrick as a part of Mr. Sitrick's regular, routine and ongoing business operations, and (c) all other electronic data to the extent that that the scope of data subject to review cannot be reasonably narrowed and tailored in a manner that avoids an undue hardship and burden. Mr. Sitrick further objects to any request to attempt to locate electronically stored information without compensation for his time and the time of individuals and counsel required to perform such searches and for the preparation of a privilege log.

15.  Mr. Sitrick objects to Sections H and I of the Instructions and Definitions in Attachment A to the extent they impose a burden on a third party beyond the scope of that permitted by the applicable law.

929349

Howard L. Ganz, Esq.
Proskauer Rose LLP
September 27, 2013
Page 4

16.  Mr. Sitrick objects to Requests Numbers 1 and 2 as overly broad, ambiguous and
     vague, including, but not limited to, with respect to the extent to which it purports
     to encompass information and matters not pertaining to Mr. Rodriguez.  The
     Requests for "entities acting on his behalf" is ambiguous and vague, thereby
     rendering any search for documents or electronic data impossible.  Mr. Sitrick is
     unable to ascertain the unspecified, undefined or unnamed persons or entities
     referred to in the Requests.

17.  Mr. Sitrick objects to the Requests to the extent that they seek information
     concerning individuals other than Mr. Rodriguez employed by Major League
     Baseball Clubs that have no bearing on this proceeding.  Mr. Sitrick has
     confidential client relationships with individuals employed by Major League
     Baseball Clubs and documents and testimony concerning such confidential
     relationships are not discoverable.

18.  No objection or limitation, or lack thereof constitutes an admission as to the
     existence or nonexistence of documents or information by Mr. Sitrick.

19.  Mr. Sitrick objects to the Requests in their entirety to the extent that they purport
     to require the production of identical copies or drafts of the same document.

20.  Mr. Sitrick objects to the Requests in their entirety to the extent that they are
     duplicative or cumulative.

21.  Mr. Sitrick objects to the Requests in their entirety to the extent that they seek
     information that can be obtained from some other source that is more convenient,
     less burdensome, or less expensive.

22.  Mr. Sitrick reserves all of its respective rights, including its right to supplement,
     amend, or correct any of these responses and objections to the Requests.  Citations
     or references to particular definitions or topics do not constitute a waiver of any
     and all objections Mr. Sitrick has, or may interpose in the future, to any definitions
     and/or topics not cited herein.

     Due to Requestor's failure to comply with the service and notice requirements for a non-
party subpoena and the foregoing objections, Mr. Sitrick will not appear or produce documents
on September 30, 2013 as requested.

929349

Howard L. Ganz, Esq.
Proskauer Rose LLP
September 27, 2013
Page 5


    If you have any questions, please contact either Peter Most
[pmost@mckoolsmithhhennigan.com; 213-694-1040] or me to discuss.

                                Sincerely,

                                J. Michael Hennigan (ai)

                                J. Michael Hennigan

JMH/ai

929349

FILED: NEW YORK COUNTY CLERK 10/30/2013

NYSCEF DOC. NO. 13

INDEX NO. 653774/2013

RECEIVED NYSCEF: 10/30/2013

IAS Part 37 of the Supreme Court
of the State of New York, held in
and for the County of New York, at
60 Centre Street, New York,
on the 30ᵗʰ day of October, 2013.

Present: Hon. Arthur F. Engoron, Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - X

In the Matter of the Application of

THE OFFICE OF THE COMMISSIONER OF
BASEBALL,

                    Petitioner,

    against

MICHAEL S. SITRICK,

                    Respondent.

For an Order Compelling Compliance with a
Subpoena.

- - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 653774/2013

**ORDER TO SHOW CAUSE TO
COMPEL COMPLIANCE
WITH SUBPOENA**

Upon the annexed Verified Petition of The Office of the Commissioner of Baseball, the

Affirmation of Howard L. Ganz dated October 29, 2013 and the exhibits annexed thereto, it is

hereby:

ORDERED that respondent Michael S. Sitrick ("Respondent") or his attorney show cause

at an Individual Assignment Part 37 of the Supreme Court of the State of New York, County of

New York, at the Courthouse, 60 Centre Street, Rm. 328 New York, New York, on the 13ᵗʰ day of

November, 2013, at 9:30 o'clock A.M./P.M., or as soon thereafter as counsel may be heard, why

an order should not be made pursuant to N.Y. C.P.L.R. 2308(b) to compel Respondent to comply

with the trial subpoena issued by Fredric R. Horowitz, Chairman of the Arbitration Panel, and

served on Respondent on the 19th day of September, 2013 (the "Subpoena"), requiring

Respondent to appear before the Arbitration Panel at The Office of the Commissioner of

Baseball, 245 Park Avenue, New York, New York, at 9:00 a.m. on September 30, 2013, and at

any adjourned or recessed date of that hearing, to testify and produce the documents requested in

the Subpoena, on the ground that Respondent has not complied with the subpoena, and for such

other and further relief as the court may deem proper.

ORDERED that Petitioner shall serve a copy of this order together with the papers on

which it was granted, upon the Respondent at his place of business, Sitrick & Company, 7 Times

Square, Suite 2600, New York, New York 10036 on or before the 1st day of November, 2013.

~~ORDERED that Respondent shall serve opposing papers, if any, by hand delivery or~~

~~overnight mail, on Petitioner's counsel, Howard L. Ganz, Esq., Proskauer Rose LLP, 11 Times~~

~~Square, New York, New York, 10036, on or before November___, 2013.~~

~~ORDERED that Respondent pay $50 (fifty dollars) as costs of this motion pursuant to~~

~~N.Y. C.P.L.R. 2308(b) within___ days of service of a copy of this order upon him.~~

Enter:

_____
J.S.C.

**HON. ARTHUR F. ENGORON**