UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE OFFICE OF THE COMMISSIONER OF BASEBALL,<br><br>      Petitioner,<br><br>  v.<br><br>MICHAEL S. SITRICK,<br><br>      Respondent. | Case No. 13 Civ. 7990 (ER) (ECF Case)<br><br>(Removed from New York State Supreme Court, Index No. 653774/2013)<br><br>**DECLARATION OF ROY BLACK, ESQ. IN OPPOSITION TO PETITION, IN OPPOSITION TO MOTION TO COMPEL, AND IN SUPPORT OF CROSS-MOTION TO INTERVENE AND TO QUASH** |

  1.  I, Roy Black, hereby submit this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. All of the facts stated herein are based upon my personal knowledge, except for those facts which are stated to be upon information and belief, and as to those, I have been informed and believe them to be true.

  2.  I am a partner in the law firm of Black, Srebnick, Kornspan & Stumpf, P.A. ("Black Srebnick"), former attorneys for Cross-Movant Alexander Emmanuel Rodriguez ("Mr. Rodriguez") in the above-captioned action.

  3.  I submit this affirmation in support of Mr. Rodriguez's: (1) motion to intervene in this action pursuant to Fed. R. Civ. P. 24; (2) opposition to the Verified Petition filed on October 29, 2013 (the "Petition") by Petitioner The Office of the Commissioner of Baseball ("Petitioner" or the "Commissioner"), and removed to this Court on November 8, 2013 by Respondent Michael S. Sitrick ("Mr. Sitrick" or "Respondent"); (3) opposition to the Commissioner's motion to compel filed on November 12, 2013 by order to show cause (the "Motion"); and (4) cross-motion pursuant to Fed. R. Civ. P. 45(c) to quash the Arbitration Subpoena (the "Subpoena")

issued on or about September 19, 2013, on behalf of the Commissioner to Mr. Sitrick, or in the alternative for a protective order limiting the Subpoena pursuant to Fed. R. Civ. P. 26(c).

4. In or around January 2013, the *Miami New Times* published documents purportedly provided to it by a disgruntled former employee of Biogenesis of America, LLC, a clinic in Coral Gables, Florida that allegedly supplied a number of professional baseball players with banned performance enhancing substances ("PES"), including, allegedly, Mr. Rodriguez.

5. Mr. Rodriguez retained Black Srebnick in January 2013 in order to represent him in connection with, among other things, defending himself in connection with any Commissioner's investigation into PES and any potential legal action that the Commissioner might eventually initiate in response to the news article.

6. Because of the intense public interest in the Commissioner's investigation, defending Mr. Rodriguez would of necessity include a public relations component as part of his legal strategy.

7. The necessity of a public relations aspect to Mr. Rodriguez's legal strategy increased as serious concerns arose that a consistent stream of unsourced leaks to the media related to the investigation and potential discipline of Mr. Rodriguez may have come from the Commissioner's office. It appeared that one of the goals of these unsourced leaks, among other things, was to taint Mr. Rodriguez's image publicly and thereby in the mind of an eventual finder of fact.

8. It thus became clear to Black Srebnick that we needed the assistance of public relations professionals to consider how to mount a media-sensitive defense to a media-focused pre-litigation campaign. For instance, Black Srebnick needed guidance on how the media leaks would impact any investigation discipline, and subsequent litigation or arbitration, as well as

whether certain media-sensitive steps would be necessary to defend against such a litigation strategy.

9. In addition, because the Commissioner's investigation and disciplinary process were so highly publicized, the media would inevitably be seeking Mr. Rodriguez's comments in response. An expert in public relations would help Black Srebnick attempt to protect Mr. Rodriguez so that his media relations would not result in further exposure during those processes and in any subsequent litigation.

10. Accordingly, on or about January 25, 2013, Black Srebnick retained Sitrick and Company ("Sitrick & Co.") – a well-known and well-respected public relations firm – to assist in that regard.

11. Throughout Black Srebnick's representation of Mr. Rodriguez Sitrick & Co. repeatedly consulted with Black Srebnick and me on the public relations component of Mr. Rodriguez's legal strategy. This included consideration on how to craft a litigation strategy that took into account the media-focused pre-litigation strategy employed by the Commissioner and on how to attempt to prevent Mr. Rodriguez's media relations from further disadvantaging him in any litigation.

12. Some of the communications between Black Srebnick and me, on the one hand, and Sitrick & Co. on the other hand, included Mr. Rodriguez; others did not. Sitrick & Co. also communicated with the media on behalf of Mr. Rodriguez, Black Srebnick and me, including, when necessary, responses to what appeared to be the Commissioner's many false and damaging leaks to the media.

13. Because Sitrick & Co. had been retained by Black Srebnick and was acting for the specific purpose of assisting Black Srebnick and me in developing and implementing Mr.

Rodriguez's legal strategy, Sitrick & Co., Black Srebnick and Mr. Rodriguez all understood that communications with Sitrick & Co. would be protected by the attorney-client privilege, and we all proceeded on that basis.

14. Similarly, because Sitrick & Co. had been retained by Black Srebnick to assist in preparing Mr. Rodriguez's defense against any investigation, litigation, or other legal action the Commissioner might take against Mr. Rodriguez, Sitrick & Co., Black Srebnick and Mr. Rodriguez all understood that communications with Sitrick & Co. would be protected by the attorney work product protection doctrine, and we all proceeded on that basis.

15. For those reasons, we all intended communications among Sitrick & Co., Black Srebnick, and Mr. Rodriguez to be kept confidential.

16. To date all such communications have been kept confidential and have been treated as protected by the attorney-client privilege and the attorney work product protection.

17. I declare under penalty of perjury that the foregoing is true and correct.

Dated: Miami, Florida
November 15, 2013

_____
ROY BLACK