**Exhibit B**

# MCKOOL SMITH
# HENNIGAN

J. Michael Hennigan
(213) 694-1002
hennigan@mckoolsmithhennigan.com

865 South Figueroa Street
Suite 2900
Los Angeles, California 90017

Telephone: (213) 694-1200
Telecopier: (213) 694-1234

September 27, 2013

**VIA EMAIL AND U.S. MAIL**

Howard L. Ganz, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
*email: hganz@proskauer.com*

     Re:    *In the matter of the Arbitration between Major League Baseball Players Association (Alex Rodriguez) and The Office of the Commissioner of Baseball* Grievance No. 2013-02:  Trial Subpoena Addressed to Michael S. Sitrick

Dear Mr. Ganz,

    We are counsel to Michael S. Sitrick and Sitrick And Company (together, "Mr. Sitrick") in connection with the September 19, 2013 Trial Subpoena ("Subpoena") purportedly served on Mr. Sitrick at his employer's New York office by The Office of the Commissioner of Baseball ("Requestor") in the above-referenced proceeding.

    This letter will serve as Mr. Sitrick's objections to the Subpoena.  Due to the defects described below, Mr. Sitrick will not appear before the Arbitration Panel as requested to provide testimony or documents.

    While reserving his right to supplement or amend this response, Mr. Sitrick hereby responds and objects to the Subpoena on at least the following grounds:

1.    Mr. Sitrick objects to the Subpoena on the ground that the Requestor failed to serve Mr. Sitrick in a manner consistent with CPLR §§ 2303, 308 and 311.

2.    Mr. Sitrick objects to the Subpoena on the ground that the Requestor failed to provide the requisite twenty days notice required under CPLR § 3120.

3.    Mr. Sitrick objects to the Requests in their entirety to the extent that they purport to call for the disclosure of information, or the production of documents, that are

**McKool Smith Hennigan**
**A Professional Corporation • Attorneys**

**Austin | Dallas | Houston | Los Angeles | Marshall | New York | Washington, DC**

929349

Howard L. Ganz, Esq.
Proskauer Rose LLP
September 27, 2013
Page 2

subject to the attorney-client privilege, the attorney work product protection, or any other applicable privilege, doctrine or immunity.

4.  Mr. Sitrick objects to the requests in their entirety on the grounds that, and to the extent that, they are unduly vague, ambiguous, burdensome, overbroad, oppressive and seek documents, information or things neither relevant to the subject matter of the resolution of the proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

5.  Mr. Sitrick objects to the Requests on the grounds that, and to the extent that, they seek proprietary business information, trade secrets, sensitive or confidential commercial or business documents and/or confidential personal information.

6.  Mr. Sitrick objects to the subpoena on the grounds that it was not accompanied by the required check to cover costs of travel and the production of documents pursuant to CPLR § 2303.

7.  Mr. Sitrick objects to the requests except to the extent that Requestor agrees to provide him with reasonable reimbursement, including reimbursement for attorneys' fees, in order to protect Mr. Sitrick from the significant expense and burden stemming from an effort to respond to the Requests.

8.  Mr. Sitrick objects to the request to appear in New York before the Arbitration Panel. Mr. Sitrick is a California resident and objects to the undue burden and expense of traveling to New York. Mr. Sitrick further objects that, as a California resident, he cannot be compelled to travel to New York to appear to testify in person before the Arbitration Panel.

9.  Mr. Sitrick objects to the Instructions and Definitions in Attachment A to the Subpoena in that they are overly broad, ambiguous and vague, rendering any search for documents impossible. For instance, references to unspecified, undefined or unnamed "other representatives, and its predecessors, successors, parents, or assigns, collectively and singularly, and their agents, employees, officers, directors, principals, contractors, and other representatives," in Section E, and "any representatives – including attorneys, agents, assistants, consultants, or employees – of such current or former Major League Baseball players," in Section F, places not only an undue burden, but also an impossible burden, upon Mr. Sitrick, who is unable to ascertain the unspecified, undefined or unnamed persons or entities referred to.

10. Mr. Sitrick objects to the Instructions and Definitions in Attachment A, Section F in defining "Players" as "any and all professional baseball players who are

Howard L. Ganz, Esq.
Proskauer Rose LLP
September 27, 2013
Page 3

employed or playing for, or have in the past been employed by or played for, any of the 30 Major League Baseball Clubs." Such a broad definition is burdensome and will include information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Mr. Sitrick further objects to the extent that he has confidential client relationships with individuals employed by Major League Baseball Clubs that have no bearing on this proceeding.

11.     Mr. Sitrick objects to the Instructions and Definitions in Attachment A to the extent that they purport to impose any obligations upon Mr. Sitrick beyond those required by the applicable law.

12.     Mr. Sitrick objects to the requests to the extent they call for documents not within his personal possession, custody or control.

13.     Mr. Sitrick objects to all requests to the extent they call for documents "relating to" particular events, entities, actions, proceedings or subject matters. Such term is inherently vague, ambiguous and subjective, and creates insurmountable problems of interpretation, as well as an undue burden on a third party. Where a request calls for a document "relating to" a particular event, entity, action, proceeding or subject matter, Mr. Sitrick would interpret such request as calling for documents referring to such event or subject matter to correct such request's imprecise construction.

14.     Mr. Sitrick objects to the Requests in their entirety to the extent they seek electronically stored information that is not reasonably accessible, including without limitation, (a) data stored on back-up tapes and data that is inaccessible absent some sort of restoration process, (b) data that is not accessible to or used by Mr. Sitrick as a part of Mr. Sitrick's regular, routine and ongoing business operations, and (c) all other electronic data to the extent that that the scope of data subject to review cannot be reasonably narrowed and tailored in a manner that avoids an undue hardship and burden. Mr. Sitrick further objects to any request to attempt to locate electronically stored information without compensation for his time and the time of individuals and counsel required to perform such searches and for the preparation of a privilege log.

15.     Mr. Sitrick objects to Sections H and I of the Instructions and Definitions in Attachment A to the extent they impose a burden on a third party beyond the scope of that permitted by the applicable law.

929349

Howard L. Ganz, Esq.
Proskauer Rose LLP
September 27, 2013
Page 4

16.    Mr. Sitrick objects to Requests Numbers 1 and 2 as overly broad, ambiguous and vague, including, but not limited to, with respect to the extent to which it purports to encompass information and matters not pertaining to Mr. Rodriguez.  The Requests for "entities acting on his behalf" is ambiguous and vague, thereby rendering any search for documents or electronic data impossible.  Mr. Sitrick is unable to ascertain the unspecified, undefined or unnamed persons or entities referred to in the Requests.

17.    Mr. Sitrick objects to the Requests to the extent that they seek information concerning individuals other than Mr. Rodriguez employed by Major League Baseball Clubs that have no bearing on this proceeding.  Mr. Sitrick has confidential client relationships with individuals employed by Major League Baseball Clubs and documents and testimony concerning such confidential relationships are not discoverable.

18.    No objection or limitation, or lack thereof constitutes an admission as to the existence or nonexistence of documents or information by Mr. Sitrick.

19.    Mr. Sitrick objects to the Requests in their entirety to the extent that they purport to require the production of identical copies or drafts of the same document.

20.    Mr. Sitrick objects to the Requests in their entirety to the extent that they are duplicative or cumulative.

21.    Mr. Sitrick objects to the Requests in their entirety to the extent that they seek information that can be obtained from some other source that is more convenient, less burdensome, or less expensive.

22.    Mr. Sitrick reserves all of its respective rights, including its right to supplement, amend, or correct any of these responses and objections to the Requests.  Citations or references to particular definitions or topics do not constitute a waiver of any and all objections Mr. Sitrick has, or may interpose in the future, to any definitions and/or topics not cited herein.

Due to Requestor's failure to comply with the service and notice requirements for a non-party subpoena and the foregoing objections, Mr. Sitrick will not appear or produce documents on September 30, 2013 as requested.

929349

Howard L. Ganz, Esq.
Proskauer Rose LLP
September 27, 2013
Page 5


    If you have any questions, please contact either Peter Most [pmost@mckoolsmithhhennigan.com; 213-694-1040] or me to discuss.

Sincerely,

*J. Michael Hennigan (ai)*

J. Michael Hennigan


JMH/ai

929349