UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE OFFICE OF THE COMMISSIONER OF BASEBALL,<br><br>                    Petitioner,<br><br>                    -against-<br><br>MICHAEL S. SITRICK<br><br>                    Respondent. | 13 Civ. 7990 (ER)<br><br>(ECF) |

**DECLARATION OF MICHAEL S. SITRICK IN OPPOSITION TO ORDER TO SHOW CAUSE TO COMPEL COMPLIANCE WITH SUBPOENA**

MICHAEL S. SITRICK hereby declares as follows:

1. I am a resident of the State of California. I live in Pacific Palisades, California.

2. I am the Chairman and Chief Executive Officer ("CEO") of Sitrick And Company, a public relations firm with its principal place of business at 11999 San Vicente Blvd., Penthouse, in Los Angeles, California, 90049.

3. Although I previously was an owner of Sitrick And Company, in November 2009, Resources Connection, Inc., a company based in Irvine, California, acquired 100% of Sitrick And Company. Since that time, I have been an employee of Sitrick And Company.

4. Presently, Sitrick And Company has offices in Los Angeles, New York, San Francisco, Chicago, and the Baltimore/Washington area. As the CEO of Sitrick And Company, I travel to these cities from time-to-time for Sitrick And Company business. However, I spend the majority of my time in Los Angeles, which is Sitrick And Company's headquarters.

5. I have been told that, on September 19, 2013, someone left a subpoena at Sitrick And Company's New York office (the "Subpoena"). The Subpoena states it was issued in

1

**Error! Unknown document property name.**

941861

connection with the ongoing New York arbitration between the Major League Baseball Players Association (Alex Rodriguez) and Major League Baseball ("MLB"), Grievance No. 2013-02 (the "Arbitration") and was directed to me in my personal capacity to testify and give evidence eleven days later, on September 30, 2013, as a witness in the Arbitration, as well as to bring documents with me. I am not a party to the Arbitration.

6. On September 19, 2013, I was not in the State of New York; I was in Los Angeles, California. Moreover, I had no plans to be in the State of New York between September 19, 2013 and September 30, 2013, the date on which my testimony was being sought in the Arbitration. My non-presence in the State of New York was not an attempt to evade service or to avoid providing testimony. In fact, prior to the Subpoena being dropped off at Sitrick And Company's New York office, I had no knowledge that the Commissioner sought or would seek my testimony.

7. The date that my testimony was sought, September 30, 2013, passed without the Commissioner contacting me further. Indeed, I did not hear anything further regarding the Commissioner's request for my testimony at the Arbitration until October 29, 2013. I first learned that the Commissioner had filed an action to compel my testimony on that date when the media contacted me for comment.

8. Prior to executing this declaration, I reviewed the Affidavit of Howard Ganz made in support of the Commissioner's application to enforce the Subpoena. Mr. Ganz claims that a draft certification attached to his affidavit as Exhibit 6 was sent to me. However, neither I nor my counsel received a copy of that document until hours after the media had contacted me on October 29, 2013, when Mr. Ganz finally reached out to my lawyer.

**Error! Unknown document property name.**

9. On January 25, 2013, the law firm of Black, Srebnick, Kirnspan & Stumpf (the "Attorneys") hired Sitrick And Company to perform services. The engagement agreement provides that Sitrick And Company's services were "intended to facilitate legal advice being given to [Alex Rodriguez] and provided by [the Attorneys]." At the time the Attorneys hired Sitrick And Company, I was in Los Angeles, and the Attorneys were in Miami, Florida. Moreover, during the course and scope of the engagement, I never had any meetings or telephone calls with either Mr. Rodriguez or the Attorneys in New York.

10. I was not in New York on any of the dates that the Commissioner contends makes me an "important" witness – January 29, 2013, February 5, 2013, or August 16, 2013.

11. I am informed that the Commissioner would like my testimony based upon the statement that Sitrick And Company issued on behalf of Alex Rodriguez on January 29, 2013. Although my name was listed as a point of contact on the media statement along with another Sitrick And Company employee, I was not the main point of contact, and I was not quoted as making further statements on Mr. Rodriguez's behalf.

12. I am informed that the Commissioner also seeks information regarding information allegedly provided to *Yahoo! Sports* on Mr. Rodriguez's behalf. I have never spoken with or otherwise provided information to anyone employed by or otherwise affiliated with *Yahoo! Sports* regarding Mr. Rodriguez. Moreover, I have reviewed the Verified Petition in this matter, and I have never seen the documents described in paragraphs 16 through 18 of the Verified Petition (other than the fact that I have read the *Yahoo! Sports* article referenced in paragraphs 16 and 17 of the Verified Petition).

13. As noted above, I was hired by the Attorneys for the specific purpose of facilitating legal advice to Mr. Rodriguez. Therefore, all my communications with Mr.

3

Rodriguez pursuant to that engagement were intended to be and are subject to the attorney-client privilege, confidential, and are accordingly protected from disclosure.

14. Although I do travel to New York to Sitrick And Company's offices from time-to-time as the CEO to meet with clients or members of the media. I do not travel to New York with any particular continuity or regularity and Sitrick And Company does not require me to spend a particular amount of time in New York.

15. I do not maintain any bank accounts in New York, nor do I visit New York enough so as to be required to file income or other tax returns as a New York resident. I do not derive any income from any activities in New York, unless one counts my occasional travel to New York for business on behalf of Sitrick And Company. I do not conduct any business within the State in my personal capacity. As mentioned above, I have never traveled to the State of New York for the purpose of performing any work on behalf of, or relating to, Mr. Rodriguez.

16. I have no plans to be in New York on or before November 26, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 15, 2013
            Los Angeles, California

By: _____
MICHAEL S. SITRICK

4