UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE OFFICE OF THE COMMISSIONER OF BASEBALL,<br><br>　　　　　　　　Petitioner,<br><br>　　　-against-<br><br>MICHAEL S. SITRICK<br><br>　　　　　　　　Respondent. | 13 Civ. 7990 (ER)<br><br>ECF |

**MICHAEL S. SITRICK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY NOVEMBER 22, 2013 ORDER PENDING APPEAL**

　　　　　　　　　　　　　　　　　　　　McKOOL SMITH, P.C.
　　　　　　　　　　　　　　　　　　　　Gayle R. Klein
　　　　　　　　　　　　　　　　　　　　John C. Briody
　　　　　　　　　　　　　　　　　　　　Sachin S. Bansal
　　　　　　　　　　　　　　　　　　　　Matthew Fleischman

　　　　　　　　　　　　　　　　　　　　One Bryant Park, 47th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10036
　　　　　　　　　　　　　　　　　　　　(212) 402-9400

　　　　　　　　　　　　　　　　　　　　*Attorneys for Michael S. Sitrick*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

RELEVANT BACKGROUND ..................................................................................................2

ARGUMENT .................................................................................................................................3

    I.    THE ORDER IS A FINAL, APPEALABLE JUDGMENT FOR WHICH A STAY IS APPROPRIATE. ...........................................................4

    II.    THE ORDER SHOULD BE STAYED PENDING RESOLUTION OF MR. SITRICK'S APPEAL. ....................................................................4

        A.    Mr. Sitrick Has a Substantial Possibility of Success on Appeal. ...............................................................................................5

        B.    Absent a Stay, Mr. Sitrick Will Suffer Irreparable Harm Through the Compelled Disclosure. .....................................................7

        C.    The Commissioner Will Not Suffer Injury. ...................................................8

        D.    Considerations of Public Interest Weigh Heavily in Favor of a Stay ..............................................................................................9

CONCLUSION ............................................................................................................................10

## TABLE OF AUTHORITIES
Page(s)
**CASES**

*Dynegy Midstream Servs. LP v. Trammochem*,
    451 F.3d 89 (2d Cir. 2006)..........................................................................4, 6, 7, 9

*First Am. Corp. v. Price Waterhouse LLP*,
    154 F.3d 16 (2d Cir. 1998)...........................................................................................6

*Gesualdi v. Laws Constr. Corp.*,
    759 F. Supp. 2d 432 (S.D.N.Y. 2011)..........................................................................5

*Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*,
    415 U.S. 423 (1974).....................................................................................................5

*Helicopteros Nacionales De Colombia v. Hall*,
    466 U.S. 408 (1984).....................................................................................................7

*Herzog & Straus v. GRT Corp.*,
    553 F.2d 789 (2d Cir. 1977).........................................................................................5

*Hizam v. Clinton*,
    2012 U.S. Dist. LEXIS 135104 (S.D.N.Y. Sept. 20, 2012).........................................7

*In re Application of Chevron Corp.*,
    709 F. Supp. 2d 283 (S.D.N.Y. 2010)..........................................................................4

*In re Backer*,
    2010 U.S. Dist. LEXIS 71821 (S.D.N.Y. July 16, 2010) ............................................5

*In re Grand Jury Proceedings*,
    142 F.3d 1416 (11th Cir. 1998) ...................................................................................8

*In re Sec. Life Ins. Co. of Am.*,
    228 F.3d 865 (8th Cir. 2000) .......................................................................................8

*M.B. Int'l W.W.L. v. PMI Am., Inc.*,
    2012 U.S. Dist. LEXIS 110347 (S.D.N.Y. Aug. 6, 2012)............................................5

*Mohammed v. Reno*,
    309 F.3d 95 (2d Cir. 2002)...........................................................................................5

*Office of Thrift Supervision v. Dobbs*,
    931 F.2d 956 (D.C. Cir. 1991).....................................................................................8

*Rice Co. v. Precious Flowers LTD*,
    2012 U.S. Dist. LEXIS 78269 (S.D.N.Y. June 5, 2012)..............................................5

*United Paperworkers Int'l Union v. Misco, Inc.*,
  484 U.S. 29 (1987)..................................................................................................6

*United States ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County, New York*,
  2012 U.S. Dist. LEXIS 69311 (S.D.N.Y. May 17, 2012).......................................7

**STATUTES**

Federal Rule of Appellate Procedure 8(a)(1)(A) .............................................................1

F.R.C.P. 45(c)(3)(A)(ii) ...................................................................................................6

CPLR § 308......................................................................................................................6

**OTHER AUTHORITIES**

David D. Siegel, New York Practice 86 (5th ed. 2011)....................................................6

Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), Michael S. Sitrick respectfully submits this memorandum in support of his motion to stay this Court's November 22, 2013 Order (ECF Docket #25, the "Order") compelling him to provide limited testimony and documents in response to a September 19, 2013 arbitration subpoena that was issued on behalf of the Office of the Commissioner of Baseball. The Subpoena was issued in connection with the New York arbitration between the Major League Baseball Players Association (Alex Rodriguez) and the Commissioner as Grievance No. 2013-02. Mr. Sitrick respectfully seeks a stay of this Court's Order pending his appeal to the U.S. Court of Appeals for the Second Circuit to avoid irreparable harm and unfair prejudice.

## PRELIMINARY STATEMENT

There are four factors to be considered in assessing a stay request. *First*, Mr. Sitrick can demonstrate a substantial possibility of success on the merits. None of the authorities relied upon by the Commissioner authorized the Court to compel Mr. Sitrick—a California resident and stranger to the Arbitration—to provide testimony and documents at the Arbitration hearing that was taking place in New York. *Second*, the balance of hardships tips in Mr. Sitrick's favor. Mr. Sitrick will suffer irreparable harm if the stay is not granted. If the Commissioner is permitted to enforce the Subpoena, Mr. Sitrick's appeal will be mooted and Mr. Sitrick will have no opportunity to vindicate his individual right to be free from overreaching intrusions. *Third*, the Commissioner will not be substantially prejudiced if a stay is granted. This is not a situation where a pending arbitration will be delayed or derailed in the face of Mr. Sitrick exercising his appellate rights. Indeed, the evidence portion of the Arbitration hearing was closed without Mr. Sitrick testifying, so the Commissioner will need to seek leave to reopen the evidentiary proceedings at a later date regardless of whether a stay is granted. If the Commissioner wishes to

extend or delay the outcome of the Arbitration pending Mr. Sitrick's appeal, he may seek to do so. *Finally*, a stay is in the public interest. Mr. Sitrick, a California resident, had been called across the country to New York to testify at an arbitration that he is not a party to because, ultimately, his company has a New York address that is secondarily listed on his "vcard." Accordingly, Mr. Sitrick respectfully requests that the Court stay its Order.

### RELEVANT BACKGROUND

Mr. Sitrick presumes the Court's familiarity with the background of this matter. What follows is a brief summary.

On September 19, 2013, a subpoena was issued purporting to require Mr. Sitrick to "appear and attend before the Arbitration Panel" at the Commissioner's office in New York on September 30, 2013 "to testify and give evidence as a witness . . . and bring with [him] the documents requested in Attachment A." (Notice of Removal (ECF Docket #1), dated November 8, 2013, Exh. 3 (Affidavit of Howard L. Ganz, hereinafter the "Ganz Aff.") at Ganz Aff. Exh. 1.) The subpoena was issued to Mr. Sitrick in his individual capacity. *Id.* In correspondence dated September 27, 2013 Mr. Sitrick, through his counsel, objected to the Subpoena. (Ganz Aff. at Ganz Aff. Exh. 7.) The Subpoena's September 30, 2013 return date came and passed without any action by the Commissioner. Neither Mr. Sitrick nor his counsel were contacted again concerning the matter until October 29, 2013, when Mr. Sitrick was personally contacted—not by the Commissioner—but by a member of the press seeking his comment concerning a Petition and proposed Order to Show Cause that had been filed in New York Supreme Court seeking to compel his compliance with the Subpoena. (*See* Declaration of Michael S. Sitrick (ECF Docket #23), dated November 15, 2013 ("Sitrick Decl."), at ¶ 6; Notice of Removal, Exhs. 1, 4.) The Commissioner *ex parte* requested that the State Court order Mr. Sitrick to "comply with the Subpoena and appear before the Arbitration Panel" at the

2

Commissioner's New York office "on November 18, 2013 . . . to testify and produce the documents requested in the Subpoena." (Notice of Removal, Exh. 1 at pp. 5-6.) On November 8, 2013, Mr. Sitrick properly removed the Petition to this Court.

On November 19, 2013, the Court held argument concerning the Petition. On November 22, 2013, the Court entered an Order granting the Petition, but limited the scope of the Subpoena. Prior to entry of the Court's Order, however, numerous media outlets reported that the taking of evidence in the Arbitration had ended on November 21, 2013. (*See, e.g.,* Declaration of John C. Briody, dated December 5, 2013, hereinafter the "Briody Decl." at Exh. A.) Correspondence from the Commissioner's counsel confirmed that the proceedings were indeed closed, but subject to possible re-opening. Specifically, the Commissioner's counsel stated that the Arbitrator agreed to "entertain an application by the Office of the Commissioner to reopen the record based upon the results of our continuing efforts to enforce the subpoena served on Mr. Sitrick (as modified)." (Briody Decl., Exh. B.) Faced with the Commissioner's persistent discovery demands notwithstanding the closure of the evidentiary portion of the Arbitration, Mr. Sitrick moves the Court to stay its Order to allow him a fair opportunity to appeal the Order.

## ARGUMENT

Because the Order is a final, appealable judgment, the Court should enter a stay pending appeal to avoid unfair prejudice to Mr. Sitrick and because of the public interest in the determination of several important and complex procedural and legal issues. Indeed, given that no harm will befall the Commissioner, a stay pending appeal is the most appropriate course of action.

3

I. **THE ORDER IS A FINAL, APPEALABLE JUDGMENT FOR WHICH A STAY IS APPROPRIATE.**

The Second Circuit's holding in *Dynegy Midstream Servs. LP v. Trammochem*, 451 F.3d 89, 92 (2d Cir. 2006) establishes that this is a final, appealable judgment. ("We hold that where, as here, an order compelling compliance [with a subpoena] disposes of all issues before the district court, *it is a final order and immediately appealable*.") (emphasis added). In *Dynegy*, the district court granted a motion to compel a non-party located in Houston, Texas to produce documents in connection with an arbitration proceeding pending in New York. *Id.* at 90-91. The non-party appealed to the Second Circuit, challenging the district court's finding of personal jurisdiction to enforce the arbitration subpoena. *Id.* at 91. The Second Circuit held that the district court's order was a final, appealable order, and that the non-party need not accept a contempt order for the district court's order to become a final, appealable judgment. *Id.* at 92-93.

II. **THE ORDER SHOULD BE STAYED PENDING RESOLUTION OF MR. SITRICK'S APPEAL.**

Courts consider the following four factors in deciding whether to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 300 (S.D.N.Y. 2010) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007)). "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors." *Id.* (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)). A stay is proper where "the plaintiff can 'demonstrate[ ] some possibility of success and the balance of hardships tips decidedly in his favor.'" *Gesualdi v. Laws Constr.*

*Corp.*, 759 F. Supp. 2d 432, 448 (S.D.N.Y. 2011) (quoting *Thapa v. Gonzales*, 460 F.3d 323, 335 (2d Cir. 2004)). The four factors favor a stay.

### A. Mr. Sitrick Has a Substantial Possibility of Success on Appeal.

In assessing the first factor, the Second Circuit has held that courts should consider whether the movant has "a substantial possibility, although less than a likelihood, of success." *Reno*, 309 F.3d at 101 (quotation marks omitted). The showing of success on appeal is inversely proportional to the amount of irreparable injury. *See id.*; *see also Rice Co. v. Precious Flowers Ltd.*, 2012 U.S. Dist. LEXIS 78269, at *17 (S.D.N.Y. June 5, 2012). Mr. Sitrick respectfully submits that he satisfies this standard because there are three legal issues that the Court decided, each without relying upon controlling legal authority.

*First*, regardless of whether service upon Mr. Sitrick was proper and what procedural rules may have applied to the service of the subpoena, the Court should have applied the federal rules of procedure to the *enforcement* of the Subpoena after removal, but did not. *See Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437 (1974) ("Once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."); *Herzog & Straus v. GRT Corp.*, 553 F.2d 789, 791 (2d Cir. 1977) ("A case removed to federal court is thenceforth governed by federal procedural rules."); *M.B. Int'l W.W.L. v. PMI Am., Inc.*, 2012 U.S. Dist. LEXIS 110347, at *24 (S.D.N.Y. Aug. 6, 2012) (same); *In re Backer*, 2010 U.S. Dist. LEXIS 71821, at *31 (S.D.N.Y. July 16, 2010) (same). Federal Rule of Civil Procedure 45 controls. The court cannot enforce a subpoena that requires a non-party "to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person . . . ." F.R.C.P. 45(c)(3)(A)(ii); Transcript of Subpoena Hr'g at 17:24-18:3, The Office of the

Commissioner of Baseball v. Sitrick, No. 13 Cv 7990 (EM) (Nov. 19, 2013) (hereinafter, the "November 19 Hearing Transcript").[1]

*Second*, even assuming the Court properly applied New York state law in deciding the motion, the Petition still should have been denied. The Commissioner's service under CPLR § 308 did not create jurisdiction over Mr. Sitrick. Section 308 of the CPLR only concerns the mechanics of service sufficient to provide an individual with *notice* of a proceeding. *See* David D. Siegel, New York Practice 86 (5th ed. 2011) ("The CPLR begins its jurisdictional article, Article 4, by treating jurisdictional basis. That's what CPLR 301 and 302 are all about. Only later on, with CPLR 307 and 308 et seq., does the article get into the question of how to make service.") It has nothing to do with the "jurisdictional basis" for the court to enforce orders against an individual. *Id.* Indeed, the authority cited by the Commissioner in his Reply brief states precisely that, describing CPLR § 308 as "a section which **presumes an independent basis of jurisdiction** and **merely concerns the giving of notice** to a defendant." *First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 19 (2d Cir. 1998) (emphasis added); November 19 Hr'g Transcript at 16:22-17:5; Reply Memorandum of Law In Further Support of Petitioner's Request For An Order Compelling Compliance with a Subpoena and Memorandum of Law In Opposition to Motion to Quash (ECF Docket #21), dated November 18, 2013 ("Reply Memorandum"), at pp. 8-9. Accordingly, even assuming Mr. Sitrick was served in accordance with CPLR § 308, there is a substantial possibility that the Second Circuit would conclude that such service did not confer jurisdiction over Mr. Sitrick to compel him to travel 2,400 miles across the country to appear in the Arbitration.

---

[1] Federal courts routinely apply Rule 45 when asked to enforce arbitration subpoenas under the Federal Arbitration Act ("FAA"), *e.g.*, *Dynegy*, 451 F.3d at 94-95—and generally follow FAA precedent in LMRA cases. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40, n.9 (1987) ("[T]he federal courts have often looked to the [Federal Arbitration] Act for guidance in labor arbitration cases, especially in the wake of the holding that § 301 of the Labor Management Relations Act . . . empowers the federal courts to fashion rules of federal common law . . .")

*Finally*, because the Court assumed that CPLR § 308 conferred jurisdiction over Mr. Sitrick, it never analyzed whether general or specific jurisdiction exists over Mr. Sitrick—which it is required to do. *See Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 413-14 (1984). The Court should have concluded that there was no jurisdictional basis to require Mr. Sitrick to appear in New York before a New York panel.[2] Indeed, the Commissioner never proffered such a showing. *See* Reply Memorandum, at p. 8.

### B. Absent a Stay, Mr. Sitrick Will Suffer Irreparable Harm Through the Compelled Disclosure.

The second factor, irreparable injury, also warrants a stay. To support a motion to stay, the applicant must show "'an injury that is neither remote nor speculative, but actual and imminent,' and 'one that cannot be remedied' if the party seeking the stay is granted relief on appeal." *United States ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester Cnty., N.Y.*, 2012 U.S. Dist. LEXIS 69311, at *3 (S.D.N.Y. May 17, 2012) (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)); *see also Hizam v. Clinton*, 2012 U.S. Dist. LEXIS 135104, at *16 (S.D.N.Y. Sept. 20, 2012).

Without a stay, Mr. Sitrick may be compelled to appear before the Arbitration Panel, his appeal will be mooted, and he will be unable to address the harmful consequences of the Order. It is well settled that, where, as here, testimony is sought, the providing of the sought-after testimony moots any appeal. *In re Sec. Life Ins. Co. of Am.*, 228 F.3d 865, 870 (8th Cir. 2000) ("Transamerica's challenge to the district court's order compelling attendance of its employee at a pre-hearing deposition has been mooted by its compliance with the California court's

---

[2] Moreover, it is particularly improper to haul Mr. Sitrick to New York because nationwide service of process is impermissible for a trial subpoena to a non-party in a labor arbitration. *Dynegy*, 451 F.3d at 95 ("Thus, the Federal Rules governing subpoenas to which [the Federal Arbitration Act] refers do not contemplate nationwide service of process or enforcement; instead, both service and enforcement proceedings have clear territorial limitations.")

subpoena."); *see also In re Grand Jury Proceedings*, 142 F.3d 1416, 1422 (11th Cir. 1998) ("[p]hysical property can be retrieved; words, once uttered, cannot."); *Office of Thrift Supervision v. Dobbs*, 931 F.2d 956, 957-59 (D.C. Cir. 1991) ("Once the party has complied with the subpoena and the party issuing the subpoena has obtained the testimony or documents it is seeking, there is no longer a live controversy between the parties").

It bears noting that the Subpoena here is far more intrusive than the Subpoena at issue in *Dynegy*, which merely sought documents. The Second Circuit nevertheless entered a stay in *Dynegy*, thus allowing the appellant a fair opportunity to vindicate its rights on appeal.

### C. The Commissioner Will Not Suffer Injury.

The third factor—lack of injury to the other party—also weighs in favor of a stay. The Commissioner cannot claim that he will suffer significant harm if Mr. Sitrick is permitted a stay to appeal the Order. The Commissioner first sought to serve the Subpoena on September 19, 2013, the Arbitration began on September 30, 2013 and the evidentiary portion of the Arbitration closed on November 21, 2013. The Commissioner had ample time to adduce evidence before the Panel, who apparently determined to close the proceeding on November 21, 2013, notwithstanding (1) the absence of the sought-after information from Mr. Sitrick; and (2) the fact that the Arbitration was, by the Commissioner's averment, scheduled to continue until November 26, 2013, if needed (Declaration of Howard L. Ganz (ECF Docket #7), dated November 12, 2013, at ¶ 8.)). These actions speak volumes. Mr. Sitrick's evidence obviously is not essential to the completion of the proceeding and, in any case, if it were, the Panel has permitted the Commissioner to later petition to re-open the hearing. (*See* Briody Decl., Exh. A.)

### D. Considerations of Public Interest Weigh Heavily in Favor of a Stay

Finally, the public interest favors a stay. The Order, at bottom, compelled Mr. Sitrick, a non-party, non-New York resident, to travel more than 2,400 miles to testify in an arbitration because his company has a New York address that is secondarily listed on his "vcard." The Order also sets a dangerous precedent whereby a trial subpoena may be served at a person's employer's office, regardless whether he regularly spends time in that office, or regardless whether the subpoena is in any way connected to the work performed there. The Order further purports to overrule long-standing precedent that neither the FAA, nor the LMRA which the FAA guides,[3] authorizes a framework of nationwide service of process. *Dynegy*, 451 F.3d at 94. The Second Circuit should be afforded the opportunity to address these important procedural issues.

---

[3] *See* supra, fn. 3.

## CONCLUSION

For the foregoing reasons, Mr. Sitrick respectfully requests that this Court grant his motion to stay the Order compelling his compliance with the Subpoena (as modified) pending resolution of his appeal to the U.S. Court of Appeals for the Second Circuit, and grant Mr. Sitrick such other relief, at law or in equity, to which he is justly entitled.

Dated: New York, New York
       December 5, 2013

                        MCKOOL SMITH, P.C.

                        By: /s/ Gayle R. Klein
                        Gayle R. Klein
                        John C. Briody
                        Sachin S. Bansal
                        Matthew Fleischman
                        One Bryant Park, 47th Floor
                        New York, NY 10017
                        (212) 402-9400
                        gklein@mckoolsmith.com

                        *Attorneys for Michael S. Sitrick*