UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE OFFICE OF THE COMMISSIONER OF     :       13 CV 7990 (ER)
BASEBALL,                             :
                                      :
                    Petitioner,       :
                                      :
       against                        :
                                      :
MICHAEL S. SITRICK,                   :
                                      :
                    Respondent.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITIONER'S ORDER TO SHOW CAUSE FOR CIVIL CONTEMPT**
**AGAINST RESPONDENT MICHAEL S. SITRICK AND IN OPPOSITION TO**
**RESPONDENT'S MOTION FOR A STAY PENDING APPEAL**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS ....................................................................................................3

ARGUMENT .........................................................................................................................5

    I.     Sitrick's Motion for a Stay Should Be Denied ......................................................5

         A.    Sitrick Cannot Establish the Requisite Likelihood of  Success on the
             Merits ........................................................................................................5

             1.    Service of the Subpoena Complied with New York Law and, In
                  Any Event, the Court's Enforcement of the Subpoena Was
                  Consistent with FRCP 45 .................................................................6

             2.    This Court Correctly Held that Service of the Subpoena Conferred
                  Personal Jurisdiction ......................................................................8

         B.    Sitrick Will Not Suffer Any Irreparable Injury Absent a Stay .....................9

         C.    MLB Will Suffer Irreparable Injury if the Stay is Granted .........................10

         D.    Denying the Stay is in the Public Interest....................................................11

    II.    Sitrick Should be Held in Contempt of Court For Refusing to Comply with this
         Court's Order ......................................................................................................12

CONCLUSION.....................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*CE Int'l Res. Holdings LLC v. S.A. Minerals, Ltd.*,
  No. 12 Civ. 8087, 2013 U.S. Dist. LEXIS 21798 (S.D.N.Y Jan. 24, 2013)...........................15

*Chevron v. Donziger*,
  No. 12 mv 80237, 2013 U.S. Dist. LEXIS 151094 (N.D. C.A. Oct. 21, 2013)............9, 11, 12

*Church of Scientology v. U.S.*,
  506 U.S. 9 (1992)...................................................................................................9, 11

*City of N.Y. v. Venkataram*,
  No. 06 Civ. 6578, 2012 U.S. Dist. LEXIS 99814 (S.D.N.Y. July 18, 2012)...........................12

*Comverse, Inc. v. Am. Telecomms., Inc.*,
  No. 07 Civ. 11121, 2009 U.S. Dist. LEXIS 14381 (S.D.N.Y. Feb. 24, 2009) .......................14

*Durgom v. Durgom*,
  47 Misc. 2d 513 (N.Y. Co. 1965) ......................................................................................8

*Dynegy Midstream Servs. LP v. Trammochem*,
  451 F.3d 89 (2d Cir. 2006)................................................................................................8

*First American Corp. v. Price Waterhouse LLP*,
  154 F.3d 16 (2d Cir. 1998)................................................................................................8

*Gesualdi v. Laws Constr. Corp.*,
  759 F. Supp. 2d 432 (S.D.N.Y. 2011).................................................................................5

*Granny Goose Foods, Inc. v. Bhd. Of Teamsters*,
  415 U.S. 423 (1974)...........................................................................................................7

*Halliburton Energy Servs. Inc v. M-I, LLC*,
  No. 06 MC 00053 2006 U.S. Dist. LEXIS 66374 .................................................................7

*Harrison Baking Co. v. Bakery & Confectionary Workers, Local No. 3*,
  777 F. Supp. 306 (S.D.N.Y. 1991)....................................................................................13

*Herzog & Straus v. GRT Corp.*,
  553 F. 2d 789 (2d Cir. 1977)..............................................................................................7

*Hizam v. Clinton*,
  2012 U.S. Dist. LEXIS 135104 (S.D.N.Y. Sept. 20, 2012).....................................................5

*In re Application of Chevron Corp.*,
  709 F. Supp. 2d 283 (S.D.N.Y. 2010)........................................................................5, 10, 12

*In re Application of Debbie Gushlak*,
  No. 11-MC-218, 2012 U.S. Dist. LEXIS 60342 (E.D.N.Y. April 30, 2012) ...................12, 15

*In re Backer*,
  2010 U.S. Dist. LEXIS 71821 (S.D.N.Y. July 16, 2010) ........................................................7

*In re World Trade Ctr. Disaster Site Litig.*,
  503 F.3d 167 (2d Cir. 2007)...................................................................................................5

*King v. Allied Vision, Ltd.*,
  65 F.3d 1051 (2d Cir. 1995)..................................................................................................14

*M.B. Int'l W.W.L. v. PMI Am., Inc.*,
  2012 U.S. Dist. LEXIS 110347 (S.D.N.Y. Aug. 6, 2012) ......................................................7

*Mohammed v. Reno*,
  309 F. 3d 95 (2d Cir. 2002)....................................................................................................5

*Nken v. Holder*,
  556 U.S. 418 (2009)...........................................................................................................5, 6

*Office of Thrift Supervision v. Dobbs*,
  931 F.2d 956 (D.C. Cir. 1991) .............................................................................................10

*Paramedics Electromedicina Comercial Ltda., v. GE Med. Sys. Info. Tech., Inc.*,
  369 F.3d 645 (2d Cir. 2004).............................................................................................13, 14

*Rice Co. v. Precious Flowers Ltd.,*
  2012 U.S. Dist. LEXIS 78269 (S.D.N.Y. June 5, 2012)(stay denied)......................................5

*SEC v. Finazzo*,
  No. 07 Civ. 012, 2008 U.S. Dist. LEXIS 29838 (S.D.N.Y. April 9, 2008).............................9

*Spargo v. New York Comm'n on Judicial Conduct*,
  No. 1:02–CV–1320. 2003 WL 2002762 (N.D.N.Y. April 29, 2003) .......................................6

*U.S. v. Constr. Prods. Research, Inc.*,
  73 F.3d 464 (2d Cir. 1996).....................................................................................................10

*United States ex rel. Anti-Discrimination Ctr. Of Metro N.Y. v. Westchester Cnty., N.Y.,*
  2012 U.S. Dist. LEXIS 69311 (S.D.N.Y. May 17, 2012)(stay denied)....................................5

## <u>STATUES AND OTHER AUTHORITIES</u>

18 U.S.C. § 401 ........................................................................................................................12

28 U.S.C. § 1450 .......................................................................................................................7

CPLR § 308 ...........................................................................................................................1, 8

CPLR  § 308(1) ..........................................................................................................................8

CPLR § 308(2) ...........................................................................................................................8

Fed. Arbitration Act ...................................................................................................................8

Fed. R. Civ. P. 45 ...................................................................................................................6, 7

Fed. R. Civ. P. 45 (c) .................................................................................................................6

Fed. R. Civ. P. 45(c)(3)(A)(ii) ...................................................................................................6

Fed. R. Civ. P. 56 .......................................................................................................................7

Fed. R. Civ. P.  62(c) .................................................................................................................5

Lab. Mgmt. Relations Act..........................................................................................................8

## PRELIMINARY STATEMENT

On behalf of Petitioner, The Office of Commissioner of Baseball ("Major League Baseball" or "MLB"), we submit this Memorandum (i) in support of MLB's motion requiring Respondent Michael S. Sitrick to show cause why he should not be held in civil contempt, and (ii) in opposition to Mr. Sitrick's motion for a stay pending appeal of the Order entered by the Court on November 22, 2013.  The entry of that Order followed a decision rendered by the Court (from the bench) on November 19, in which it concluded, *inter alia*, that the provisions of the New York Civil Practice Law and Rules ("CPLR") applied to MLB's service of a subpoena (the "Subpoena") on Mr. Sitrick (in connection with an arbitration proceeding involving MLB's suspension of Alex Rodriguez); that such service was proper under CPLR Section 308; and that Mr. Sitrick was required to comply with the Subpoena, as modified by the Court.

In pertinent part, the November 22 Order directed Mr. Sitrick to comply with the Subpoena to the extent it sought information and documents concerning whether he and/or Sitrick & Co. has or ever had possession, custody or control of any records of Anthony Bosch, Biogenesis or related entities, and if so, whether Mr. Sitrick and/or Sitrick & Co. received any such documents from Mr. Rodriguez or others acting on his behalf, and whether Mr. Sitrick and/or Sitrick & Co. provided any such documents to *Yahoo! Sports*.

Although the Court's order provided Mr. Sitrick with an alternative to the production of documents and information – *i.e.*, the submission of a certification stating that neither he nor anyone at Sitrick & Co. has or ever had the documents in question, counsel for Mr. Sitrick and Sitrick & Co. has acknowledged that Sitrick & Co. does have in its possession documents that would be responsive to the Subpoena.  But despite MLB's repeated efforts to accommodate Mr. Sitrick – by agreeing that Mr. Sitrick need **not** travel to New York to provide testimony, but only that Sitrick & Co. produce the responsive documents in its possession (together with a privilege

log if any responsive documents were withheld on privilege grounds) and provide an affidavit setting forth the information specified in the Court's November 22 Order – Mr. Sitrick has failed to comply with that Order.

Attempting to take advantage of the significant time constraints facing MLB, Mr. Sitrick waited as long as possible to file a motion for a stay pending appeal, in an apparent effort to render this Court's Order moot by running out the clock. Indeed, in support of his motion for a stay, Mr. Sitrick affirmatively relies on the fact that he has been able to extend his non-compliance until the close of the evidentiary hearing in the ongoing arbitration. (Michael S. Sitrick's Memorandum of Law in Support of Motion to Stay November 22, 2013 Order Pending Appeal, ("Sitrick Stay Mem.") at 8.) The Arbitration Panel, however, fully aware of the pendency of these proceedings, made clear that it would entertain an application by MLB to reopen the record based upon the results of MLB's efforts to enforce the Subpoena. That said, the parties to the arbitration are required to file their initial post-hearing briefs with the Arbitration Panel by Wednesday, December 11, and to file their reply briefs by December 21, and the agreement pursuant to which the arbitration is being conducted requires that a decision be rendered expeditiously by the Panel. (Declaration of Howard L. Ganz dated December 9, 2013 ("Ganz 12/9 Decl.") at ¶ 8). Accordingly, if Mr. Sitrick's compliance is not secured immediately, he will have succeeded, as a practical matter, in circumventing this Court's Order.

On his motion for a stay, Mr. Sitrick must, among other things, demonstrate a likelihood of success on the merits. For the very reasons set forth in the Court's November 19 decision, he cannot meet that burden. And, even if he could, he certainly cannot demonstrate that *he* will suffer irreparable injury by providing MLB with the documents and information that this Court ordered him to produce – especially in the absence of any requirement that he travel to New York. Indeed, it is MLB that will suffer irreparable injury if this stonewalling continues because

2

it will be foreclosed from obtaining important evidence of Mr. Rodriguez's misconduct for use in the arbitration.

Accordingly, Mr. Sitrick's motion for a stay should be denied and he should be held in contempt of Court for his failure to comply with this Court's November 22, 2013 Order.

## STATEMENT OF FACTS

During the arbitration proceedings, counsel for Mr. Rodriguez represented that Sitrick & Co. did not have, and never had, any of the Bosch/Biogenesis documents that MLB had requested be produced.  When MLB asked for a written certification to this effect from Sitrick & Co., counsel for Rodriguez agreed and subsequently represented that, at Mr. Rodriguez's request, an affidavit had been sent to Mr. Sitrick for execution by him, saying that neither he nor Sitrick & Company had or ever had the Bosch/Biogenesis documents. (Docket No. 24-4.)  When MLB did not receive an executed affidavit (or any other response) from Mr. Sitrick (or Mr. Rodriguez), it proceeded to serve the Subpoena at issue; and Mr. Sitrick refused to comply with that Subpoena. [1]  (Affirmation of Howard L. Ganz, dated October 29, 2013, Docket No. 1 Exhibit 3, at ¶ 12-15.)

On October 29, 2013, MLB moved in New York State Supreme Court for an order compelling Mr. Sitrick to comply. (Docket No. 1, Exhibits 1-3.)  Mr. Sitrick removed that action to this Court on November 8, 2013. (Docket No. 1.)[2]

As already noted, on November 19, 2013, this Court issued a decision granting MLB's motion to compel Mr. Sitrick to comply with the Subpoena as modified by the Court, and on November 22, the Court entered an Order to that effect.  (Docket No. 25.)

---

[1]   MLB presumes the Court's familiarity with the record.  *See* Docket Entries: 1, 6, 7, 10, 11, 13, 14, 21, 22, 23, and 24.

[2]   In opposition to MLB's motion, Mr. Sitrick submitted a sworn declaration in which he stated that neither he nor his counsel had received a copy of the certification that Mr. Rodriguez's counsel claimed had been sent to him until counsel for MLB provided a copy directly to his attorney on October 29, 2013.  (Declaration of Michael S. Sitrick dated Nov. 15, 2013 ("Sitrick Decl."), Docket 23, ¶ 8.)

MLB Attempts to Minimize Inconvenience to Mr. Sitrick

On November 20 and 21, 2013, counsel for MLB communicated with counsel for Mr. Sitrick in an effort to arrange a mutually convenient time for Mr. Sitrick to appear at the hearing. (Ganz 12/9 Decl. ¶ 3.)   Mr. Sitrick's counsel indicated that it would be difficult for Mr. Sitrick to travel due to the upcoming Thanksgiving holiday but that he would be willing to appear by telephone.  (Ganz 12/9 Decl. Exhibit A.)  But when MLB sought to pursue a telephonic or video appearance, it received no response.  (Ganz 12/9 Decl. ¶ 3.)  During a telephone conversation on November 22, 2013, Peter Most, counsel for Mr. Sitrick, acknowledged to counsel for MLB that documents responsive to the Subpoena were within the possession, custody and control of Sitrick & Company, noting, however, that some of them might be protected by privilege.  (Ganz 12/9 Decl ¶ 5.)   In yet another effort to accommodate Mr. Sitrick, counsel for MLB reiterated the offer made during oral argument on November 19 that MLB would accept production of such documents (together with a privilege log identifying any documents claimed to be privileged) and an affidavit from Mr. Sitrick providing the information described in the Court's order to resolve the matter.  (Ganz 12/9 Decl. ¶ 5.)  Nevertheless, Mr. Sitrick has refused to make any effort to comply with this Court's order; and, on December 5, 2013, Mr. Sitrick filed a notice of appeal and a motion for a stay pending appeal.

The hearing record– at least to the extent that witness testimony was involved – was closed on November 21, 2013.  (Ganz 12/9 Decl. ¶ 8.)  However, the Arbitration Panel, which was aware of these proceedings, made clear that the close of the record was without prejudice to MLB's ability to request that the record be reopened to include any evidence that could be obtained from Mr. Sitrick.  (Ganz 12/9 Decl. ¶ 8.)  The time in which MLB can make such a request is limited, however, because the parties are required to submit post-trial briefs on

December 11, 2013 and reply briefs on December 21, 2013, and because the governing agreement requires that a decision be rendered expeditiously.

## ARGUMENT

## I.   SITRICK'S MOTION FOR A STAY SHOULD BE DENIED.

In deciding a motion for a stay, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 566 (2009).

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion… . The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 565 Mr. Sitrick does not meet that burden.[3]

### A.   Sitrick Cannot Establish the Requisite Likelihood of Success on the Merits.

The necessary showing of a probability of success is "inversely proportional to the amount of irreparable injury the [movant] will suffer absent a stay." *Mohammed v. Reno*, 309

---

[3] As demonstrated by the case law relied upon by Mr. Sitrick himself, the burden is an especially difficult one to meet.  *See In re Application of Chevron Corp.*, 709 F. Supp. 2d 283 (S.D.N.Y. 2010) (denying stay); *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167 (2d Cir. 2007)(vacating stay); *Mohammed v. Reno*, 309 F. 3d 95 (2d Cir. 2002)(denying stay pending appeal); *Gesualdi v. Laws Constr. Corp.*, 759 F. Supp. 2d 432 (S.D.N.Y. 2011)(denying Rule 62(c) stay); *Rice Co. v. Precious Flowers Ltd.*, 2012 U.S. Dist. LEXIS 78269 (S.D.N.Y. June 5, 2012)(stay denied); *Hizam v. Clinton*, 2012 U.S. Dist. LEXIS 135104 (S.D.N.Y. Sept. 20, 2012) (stay denied); *United States ex rel. Anti-Discrimination Ctr. Of Metro N.Y. v. Westchester Cnty., N.Y.*, 2012 U.S. Dist. LEXIS 69311 (S.D.N.Y. May 17, 2012)(stay denied).

F.3d 95, 101 (2d Cir. 2002) (denying stay finding that movant failed to establish "substantial

possibility" of success on the merits where harm to movant was deportation).  "It is not enough

that the chance of success on the merits be 'better than negligible.'" *Nken*, 556 U.S. at 566.

Because, as discussed below, Mr. Sitrick cannot demonstrate any irreparable harm, he must

establish an "extremely high likelihood of success on the merits" – and that is something he has

not done.  *See Spargo v. New York Comm'n on Judicial Conduct*, No. 1:02–CV–1320. 2003 WL

2002762 at *3 (N.D.N.Y. April 29, 2003) ("Given the lack of irreparable injury to defendant if

the stay is denied, the substantial harm to plaintiffs if the stay is granted, and the public interest

in denying the stay, there must be an extremely high likelihood of success on the merits to justify

granting the stay.")

1. <u>Service of the Subpoena Complied with New York Law and, In Any Event, The</u>
   <u>Court's Enforcement of the Subpoena Was Consistent with FRCP 45.</u>

In its November 19 decision, the Court ruled that New York law governed the sufficiency

of service prior to removal and that the service of the Subpoena on Mr. Sitrick in accordance

with the CPLR was proper – and that should end the matter.  If MLB was entitled to commence a

proceeding in state court (as it, undisputedly was), it was entitled to rely (as it did) on state law

with respect to service – without being required to speculate as to whether Mr. Sitrick might seek

to remove the state proceeding to federal court.  Accordingly, it is the CPLR, and not Rule 45 of

the Federal Rules of Civil Procedure, that governs the enforcement of the Subpoena.

Without any reference to the facts, Mr. Sitrick argues to the contrary – that this Court's

enforcement of the subpoena was in violation of Rule 45.  But a plain reading of the rule

indicates otherwise.  Rule 45(c)(3)(A)(ii)[4] prohibits the Court from forcing a party to "travel

---

[4]  Rule 45 was amended effective December 1, 2013.  Mr. Sitrick's papers make reference to the provision as it
existed prior to the amendment.  For consistency, we do so as well.  The cited language appears in the amended
rules at Rule 45(c); 45(d)(3)(A)(ii).

more than 100 miles from where that person resides, is employed, or *regularly transacts business in person*." (Emphasis added.)  Failing to provide any specific details regarding the frequency of his visits to New York, Mr. Sitrick vaguely portrays them as lacking in "continuity or regularity." (Sitrick Decl. ¶ 14.)  However, there is no dispute that Mr. Sitrick is employed by Sitrick & Company as its CEO, that Sitrick & Company has an office in New York, that Mr. Sitrick holds out the New York office as his place of business by, e.g., advertising to the public that he personally can be reached at the New York office of Sitrick & Company, and that he travels to New York "from time-to-time as the CEO to meet with clients or members of the media." (Sitrick Decl. ¶ 14.)  Mr. Sitrick does not even attempt to argue that he does not "regularly transact business in person" in New York, but even if he did, his claim would fail.  *See Halliburton Energy Servs. Inc v. M-I LLC*, No. 06 MC 00053, 2006 U.S. Dist. LEXIS 66374, 2006 WL 2663948, at *2 (S.D. Tex. 2006)(holding that a nonparty witness who traveled to the city in which compliance was being sought four times each year on business trips regularly transacted business in person there).  Mr. Sitrick was properly required to testify in New York City consistent with FRCP 45, and he cannot establish any likelihood of success on appeal based upon this argument.[5]

---

[5]     We do not dispute the general proposition relied upon by Mr. Sitrick – that once a case is removed to federal court, federal rather than state law governs the future course of proceedings. *See* Sitrick Stay Mem. at 5.  But the cases Mr. Sitrick cites have nothing to do with the service of a subpoena prior to removal and are thus entirely inapposite.  In *Granny Goose Foods, Inc. v. Bhd. Of Teamsters*, 415 U.S. 423 (1974), the issue was whether 28 U.S.C. Section 1450 served to prolong the duration of a temporary restraining order entered by the state court prior to removal beyond the time period permissible under either state law or the Federal Rules (and the Supreme Court concluded that it did not).  *Herzog & Straus v. GRT Corp.*, 553 F. 2d 789 (2d Cir. 1977), involved an action that had been commenced in state court on June 18 (1976) and removed to federal court on June 24, and in which, on June 28, the federal district court, on its own motion, granted summary judgment in defendant's favor.  In reversing the district court, the Second Circuit (noting how "swiftly" the "door of justice [had] revolve[d]," *id.* at 790), made the point that defendant had been given no notice of the motion for summary judgment, let alone the 10 days' notice required by Rule 56.  *Id.* at 791-92.  In *M.B. Int'l W.W.L. v. PMI Am., Inc.*, 2012 U.S. Dist. LEXIS 110347 (S.D.N.Y. Aug. 6, 2012) , the issue was whether, following removal, federal or state law applied to an application for a preliminary injunction; and *In re Backer*, 2010 U.S. Dist. LEXIS 71821 (S.D.N.Y. July 16, 2010), involved whether the pre-complaint discovery provisions of the CPLR applied after removal.

2.  <u>This Court Correctly Held that Service of the Subpoena Conferred Personal Jurisdiction</u>

This Court properly held that service on Mr. Sitrick at his actual place of business in New York pursuant to CPLR 308(2) conferred jurisdiction over Mr. Sitrick, and Mr. Sitrick does not cite a single authority contradicting this conclusion.[6]  There is, however, authority that, at least by inference, supports this Court's decision.  In *Durgom v. Durgom*, 47 Misc. 2d 513 (N.Y. Co. 1965), the Civil Court was faced with the question of whether service upon a nondomiciliary pursuant to CPLR 308's affix and mail provisions conferred personal jurisdiction over defendant. In that case, plaintiff served defendant, a California resident, by affixing the summons to the door of defendant's place of business in New York and mailing the summons to his home in California.  The court held that there was no jurisdiction, not because affix and mail service did not confer jurisdiction, but only because the service was not completed entirely within the state of New York.  Here, unlike in *Durgom*, there is no dispute that Mr. Sitrick was served within the state of New York in accordance with CPLR 308(2).

---

[6]   While Mr. Sitrick correctly quotes a statement in *dicta* in *First American Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 19 (2d Cir. 1998), that statement hardly undermines this Court's prior ruling.  The issue in *First American* was whether personal service upon a partner in NY conferred jurisdiction upon a foreign partnership. The Court's statement was made in disregarding the respondent's reliance upon other cases, none of which addressed the issue before this Court.  The cases cited in *First American* address whether a person's dwelling constitutes a residence such that service upon it will provide sufficient notice to the person served.  Notice is, of course, a significant component to establishing jurisdiction, and the provisions of CPLR 308 were designed and have been amended for the express purpose of ensuring proper notice.  It does not follow, however, that that is their only purpose, as Mr. Sitrick argues.  Indeed, CPLR 308(1) provides for delivery upon a person, which nobody would dispute confers jurisdiction.

Because MLB does not demand that Mr. Sitrick travel to New York in response to the Subpoena, his citation of *Dynegy Midstream Servs. LP v. Trammochem*, 451 F.3d 89 (2d Cir. 2006) is beside the point.  (And, in any event, his reliance on *Dynegy* is misplaced – because although the Federal Arbitration Act ("FAA") is sometimes used to inform decisions in cases under the LMRA, the provisions of the FAA do not apply to arbitrations arising out of collective bargaining agreements.  Moreover, whether or not the FAA provides for nationwide service is of no moment.  There was no nationwide service here; Mr. Sitrick was served in New York.)

 Because Mr. Sitrick cannot establish the requisite likelihood of success on the merits, his motion should be denied.

**B.  Sitrick Will Not Suffer Any Irreparable Injury Absent a Stay**

Mr. Sitrick has failed to establish any actual and imminent – let alone irreparable – harm. His only alleged harm is having to travel to New York to testify – and that is no longer what he is being asked to do.  He does not assert that he or his company has any privacy or business interest in preventing the information sought from being disclosed; and the scope of the information that he has been ordered to produce is extremely limited and relates solely to whether Mr. Rodriguez or those acting on his behalf gave him the Bosch/Biogenesis documents and what was done with those documents.  *See Chevron v. Donziger*, No. 12 mv 80237, 2013 U.S. Dist. LEXIS 151094 (N.D. C.A. Oct. 21, 2013) (finding that movant failed to establish irreparable injury despite the fact that once the information is disclosed it cannot be "unlearned", noting that movant did not demonstrate that the information sought is privileged or that disclosure would violate some other right); *SEC v. Finazzo*, No. 07 Civ. 012, 2008 U.S. Dist. LEXIS 29838 at *11 (S.D.N.Y. April 9, 2008)("the compelled production of non-privileged documents . . . does not constitute irreparable injury warranting a stay pending appeal").  And, to the extent Mr. Sitrick may have some claim of privilege with respect to the documents and information covered by the subpoena, that is an issue that the Court has left to the arbitrator to decide.

Contrary to Mr. Sitrick's claims, his appeal will not be moot if he is forced to comply with the Subpoena, because, if he should prevail on appeal, the Court of Appeals could still craft a remedy by ordering that the documents be returned or destroyed. *See Church of Scientology v. U.S.*, 506 U.S. 9 (1992) (holding that appeal of order to produce tape recordings of conversations

to IRS not mooted by production of recordings because a partial remedy could still be crafted)[7];

*U.S. v. Constr. Prods. Research, Inc.*, 73 F.3d 464 (2d Cir. 1996) (holding that appeal of order to

enforce subpoena was not moot even as to documents that had already been produced because

respondents continued to contest agency's authority to issue subpoena and respondents will be

entitled to return of documents should they prevail on appeal).[8]

Because Mr. Sitrick cannot establish <u>any</u> harm, much less irreparable harm, his motion

for a stay should be denied.

### C.  MLB Will Suffer Irreparable Injury if the Stay is Granted

The granting of a stay pending appeal, as requested by Mr. Sitrick, would, in effect, moot

this Court's order.  The Chair of the Arbitration Panel has repeatedly noted that, pursuant to the

agreement governing the arbitration, the Panel has an obligation to render a decision in the

Rodriguez matter as expeditiously as possible.  This being so, the Arbitration Panel will, in all

likelihood, rule on the grievance before the Second Circuit rules on any appeal – with the result

that MLB will be precluded from making any use of the documents and information that this

Court had held it was entitled to obtain.  This circumstance is entirely analogous to that in *In re*

*Application of Chevron Corp.*, 709 F. Supp. 2d 283 (S.D.N.Y. 2010).  In that case, the party

seeking discovery was involved in a litigation in a foreign court in which the evidentiary phase

was about to end.  The Court denied the stay and found that a stay would prevent the

introduction of likely relevant evidence and thus the "risk of imminent and perhaps irreparable

---

[7]  Mr. Sitrick's reliance upon *Office of Thrift Supervision v. Dobbs*, 931 F.2d 956 (D.C. Cir. 1991) for the proposition that production of documents moots an appeal is improper because it preceded the U.S. Supreme Court's decision in *Church of Scientology*. (Sitrick Stay Mem. at 8.)

[8]  To the contrary, and as discussed below, the granting of a stay pending appeal to Mr. Sitrick would seriously prejudice MLB because it would, almost inevitably, mean that the arbitration proceedings would conclude before any appellate decision was issued, thus rendering as moot any such decision in MLB's favor.

harm if a stay were granted [was] palpable." *Id.* at 310.  *See also Chevron v. Donziger*, No. 12

mv 80237, 2013 U.S. Dist. LEXIS 151094 *6  (N.D. C.A. Oct. 21, 2013)(denying stay pending

appeal where granting stay would do irreparable harm to the nonmovant because it would be

precluded from introducing the evidence at a pending trial).

Sitrick's argument that the evidence sought is not essential to the proceeding is baseless.

Indeed, the Panel's willingness to entertain an application to reopen the evidentiary record based

on information received in response to the Sitrick Subpoena underscores the significance of the

information sought from Sitrick.   Mr. Rodriguez is accused of obstructing MLB's efforts to

investigate the use of prohibited performance enhancing substances by Major League Players in

early 2013.  While the Court's November 22 Order left issues of relevance to the Arbitrator, we

note that if, as MLB suspects, the documents and information sought from Sitrick establish that

Mr. Rodriguez or his representatives had possession of the Bosch/Biogenesis records in late

January or early February 2013 – at a time when MLB was unable to obtain those records – that

would be significant evidence in support of the obstruction charge.  Indeed, our argument in this

respect is supported in full measure by Mr. Rodriguez's decision to intervene in this proceeding.

### D.  Denying the Stay is in the Public Interest

Mr. Sitrick argues that the public interest favors a stay because the Second Circuit should

be able to rule on the procedural question of whether this Court properly exercised jurisdiction.

This argument is unpersuasive because, as stated above, a denial of the stay will not prevent the

Second Circuit from hearing an appeal.  The portion of the subpoena that relates to the

production of documents will not be mooted because, as the U.S. Supreme Court held in *Church

of Scientology*, 506 U.S. 9 (1992), the Court of Appeals could still craft a remedy by ordering

that the documents be returned or destroyed.  And because an appeal would not be moot, the

Second Circuit could, if it wished, review the jurisdictional issues.  There is, therefore, no public interest to be served by granting the stay.

To the contrary the strong public interest in "justice, fair play, and full disclosure" would be served by denying the stay and requiring that the documents and information be produced expeditiously.  *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 310 (S.D.N.Y. 2010)(denying stay); *Chevron v. Donziger*, No. 12 mv 80237, 2013 U.S. Dist. LEXIS 151094 *7 (N.D.C.A. Oct. 21, 2013)("There is a strong public interest in favor of timely compliance with orders of the court.")  This is particularly true here because the application for a stay is just one of the many roadblocks that Mr. Sitrick and Mr. Rodriguez have placed in MLB's path in their joint effort to prevent MLB from obtaining and submitting to the Arbitration Panel evidence that the Panel should consider in reaching a decision with respect to Mr. Rodriguez's appeal of his suspension.  "To reward this type of gamesmanship with yet more time for Respondents to shirk their legal obligations would be unjust and would set a bad precedent for future litigants."  *See In re Application of Debbie Gushlak*, No. 11-MC-218, 2012 U.S. Dist. LEXIS 60342 (E.D.N.Y. April 30, 2012)(holding defendant in contempt for failure to comply with subpoena).

The factors clearly weigh against granting a stay; and Mr. Sitrick's motion, therefore, should be denied.

## II.      SITRICK SHOULD BE HELD IN CONTEMPT OF COURT FOR REFUSING TO COMPLY WITH THIS COURT'S ORDER.

Mr. Sitrick should be held in contempt of Court and sanctioned for refusing to comply with this Court's November 22, 2013 Order.[9]  Pursuant to 18 U.S.C. § 401, this Court has the

---

[9]      Sitrick's filing of a notice of appeal does not divest this Court of authority to enforce its judgment.  *See City of N.Y. v. Venkataram*, No. 06 Civ. 6578,  2012 U.S. Dist. LEXIS 99814 at *8-9 (S.D.N.Y. July 18, 2012)(finding defendant in contempt and noting that "the existence of a pending appeal does not divest this Court of jurisdiction to enforce its

"power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as. . . Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."  "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  *Paramedics Electromedicina Comercial Ltda., v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).

As to the first prong of the three-part standard set forth above, there can be no dispute that the November 22, 2013 Order was clear and unambiguous.  The Order states that:

> "Mr. Sitrick is ordered to comply with the subpoena to the extent that it seeks information and documents concerning whether he and/or Sitrick & Co. has or ever had possession, custody or control of any records (originals or copies, and whether in hard copy or electronic form) of Anthony Bosch, Biogenesis or related entities, except for any copies of such records that Mr. Sitrick and/or Sitrick & Co. may have obtained through publically available sources, such as through the media or the Internet, and, if so,
>
> > a)  whether Mr. Sitrick and/or Sitrick & Co. received any such documents from Mr. Rodriguez or others acting on his behalf, and
> >
> > b)  whether Sitrick and/or Sitrick & Co. provided any such documents to *Yahoo! Sports.*
>
> > Mr. Sitrick shall produce any such documents that are currently in his and/or Sitrick & Co.'s possession, custody or control, or, if such documents were at one time but no longer are in his and/or Sitrick & Co.'s possession, custody or control, what disposition was made of such documents.
>
> > Alternatively, if neither Mr. Sitrick nor Sitrick & Co. ever possessed the sought-after documents, then the Commissioner has provided a certification that can be signed to that effect."

---

judgments to the fullest extent").  Similarly, the filing of a motion to stay does not relieve Mr. Sitrick of his obligation to comply with this Court's order.  *See Harrison Baking Co. v. Bakery & Confectionary Workers, Local No. 3*, 777 F. Supp. 306, 311 (S.D.N.Y. 1991)("A motion for a stay is not a stay").

Because there is no ambiguity, there can be no claim by Mr. Sitrick that he did not understand his obligations under the Order.  *See King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) ("A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed.")

As to the second and third prongs, Mr. Sitrick has unequivocally refused to comply with the Court's order and does not contend that he has made or intends to make any effort to comply. He has not produced a single document, even after MLB stated that it would accept responsive documents (with an accompanying privilege log) and an affidavit in lieu of live testimony. Instead he has filed a notice of appeal and seeks a stay by ordinary notice of motion. Accordingly, Mr. Sitrick is in clear violation of this Court's order and should be held in contempt.

The Court has broad discretion to craft a remedy to bring about compliance.  *Paramedics Electromedicina Comercial Ltda.,* 369 F.3d. at 657.  In doing so, the court should consider "the character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about compliance, and the contemnor's ability to pay." *Id.* at 657-68. As discussed above, if Mr. Sitrick does not comply with the subpoena immediately, he will preclude MLB from obtaining relevant evidence — likely to be adverse to Mr. Rodriguez — in the arbitration proceeding.  This delay, we believe, is a calculated strategy designed to advance Mr. Rodriguez's efforts to accomplish that result.

In light of the substantial means of Sitrick's former client, Mr. Rodriguez, MLB respectfully submits that only a most substantial fine might bring about compliance – although we doubt that compliance would be induced by the imposition of a fine in the range of fines the courts have imposed.  *See Comverse, Inc. v. Am. Telecomms., Inc*., No. 07 Civ. 11121, 2009 U.S. Dist. LEXIS 14381 (S.D.N.Y. Feb. 24, 2009) (holding defendant in contempt and imposing fine

14

of $250 per day for failing to comply with subpoena and requiring defendant to pay $5,000 in attorney's fees to plaintiff); *CE Int'l Res. Holdings LLC v. S.A. Minerals, Ltd.*, No. 12 Civ. 8087, 2013 U.S. Dist. LEXIS 21798 (S.D.N.Y Jan. 24, 2013)(finding contempt and imposing sanctions of $5,000 per day for failure to post post-judgment security); *In re Application of Debbie Gushlak*, No. 11-MC-218, 2012 U.S. Dist. LEXIS 60342 (E.D.N.Y. April 30, 2012)(holding respondents in contempt for failure to comply with subpoena and imposing fine of $250 per day).  Accordingly, MLB requests that Mr. Sitrick be subjected to a fine for each day he fails to comply with the subpoena in an amount that would give Mr. Sitrick and/or Sitrick & Co. (and/or Mr. Rodriguez, if he has reimbursed, or intends to reimburse, his former public relations advisor for the expenses he has incurred in connection with this matter) the financial incentive to comply.  In addition, we request that Mr. Sitrick be required to pay Petitioner's attorneys' fees associated with this motion.

## **CONCLUSION**

For the foregoing reasons, Mr. Sitrick's motion for a stay pending appeal should be denied, and MLB's motion for contempt should be granted.

Dated:  December 10, 2013
        New York, New York

PROSKAUER ROSE LLP

By: /s/ Howard L. Ganz
    Howard L. Ganz
    Neil H. Abramson
    Adam M. Lupion
    Susan D. Friedfel
    11 Times Square
    New York, NY 10036-8299
    Tel. (212) 969-3000
    Fax (212) 969-2900
    hganz@proskauer.com

15

nabramson@proskauer.com
alupion@proskauer.com
sfriedfel@proskauer.com

*Attorneys for Petitioner*