UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
THE OFFICE OF THE COMMISSIONER OF    :    13 CV 7990 (ER)
BASEBALL,                            :
                                     :
            Petitioner,              :    **DECLARATION OF**
                                     :    **HOWARD L. GANZ**
      against                        :
                                     :
MICHAEL S. SITRICK,                  :
                                     :
            Respondent.              :
------------------------------------- X

      HOWARD L. GANZ declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1.     I am an attorney duly admitted to practice in this Court and a member of Proskauer Rose LLP, attorneys for Petitioner, The Office of the Commissioner of Baseball, doing business as Major League Baseball ("MLB"). I am fully familiar with the facts set forth herein.

      2.     On November 19, 2013, this Court issued a decision from the bench granting MLB's motion to compel Mr. Sitrick to comply with a trial subpoena, as modified by the Court, that was issued by Fredric R. Horowitz, Chairman of the Arbitration Panel in the arbitration proceeding between The Office of the Commissioner of Baseball and the Major League Baseball Players Association (Alex Rodriguez). On November 22, 2013, this Court issued an Order reflecting the decision and requiring Mr. Sitrick to comply with the subpoena, as modified by the Court.

      3.     On November 20 and 21, 2013, I had communications, via e-mail, with John Briody of McKool Smith, counsel for Mr. Sitrick, in an effort to arrange a mutually convenient time for Mr. Sitrick to appear at the hearing. Mr. Briody took the position that it would be

unreasonable to require Mr. Sitrick to travel to New York during the holiday, but that he would be willing to appear at the hearing by telephone – a proposal that Mr. Briody said I had rejected, which I had not. In fact, in my response to Mr. Briody, I suggested that we discuss the possibility of Mr. Sitrick's appearance by "video or telephone." (Copies of the e-mail messages I exchanged with Mr. Briody on November 20 and 21, 2013 are attached as Exhibit A.)

4. On November 22, 2013, I received an e-mail message from Peter Most, also of McKool Smith, in which Mr. Most said he had seen reports indicating that the Rodriguez arbitration proceedings had concluded and that he had, accordingly, advised Mr. Sitrick that the litigation concerning the Sitrick subpoena "has resolved." (Exhibit B.) Because MLB had made the Arbitration Panel aware of the pendency and status of its efforts to enforce the Sitrick subpoena and had received the assurance that the Panel would entertain an application to reopen the record based on the results of those efforts, I called Mr. Most on November 22, and followed up with an e-mail message to him on November 23, saying just that. My November 23 e-mail to Mr. Most attached a copy of the Court's November 22 Order, and went on to say that MLB was "prepared to discuss with you the means of Mr. Sitrick's compliance with the order." (Copies of the e-mails exchanged between Mr. Most and me on November 22 and 23 are attached as Exhibit B.)

5. In my telephone conversation with Mr. Most, he acknowledged that documents responsive to the subpoena were within the possession, custody and control of Sitrick & Company. In an effort to accommodate Mr. Sitrick, I suggested that the production of such documents (together with a privilege log identifying any documents claimed to be privileged) and an affidavit from Mr. Sitrick providing the information described in the Court's order might suffice to resolve the matter. And, in an e-mail I sent to Mr. Most on December 2, I reiterated

2

this proposal (and also made note of Mr. Most's previous acknowledgement that documents covered by the Court's November 22 Order were, in fact, in the possession, custody or control of Sitrick & Company). (Copies of the e-mails exchanged with Mr. Most on December 2 are attached as Exhibit C.)

6. Mr. Sitrick's decision not to comply with the Court's order and, instead, to file an appeal and seek a stay, has left MLB with no choice but to request that Mr. Sitrick be held in contempt of court and required to pay a daily fine in an amount sufficient to cause him comply. (In addition, MLB requests that Mr. Sitrick be ordered to pay the attorneys' fees and costs it has incurred in connection with this motion.)

7. If Mr. Sitrick's compliance with the November 22 Order is not immediately secured, he will have succeeded in circumventing and/or rendering that Order moot.

8. I respectfully submit that it is necessary for MLB to proceed by order to show cause rather than by notice of motion because there is considerable urgency in obtaining Mr. Sitrick's compliance. The arbitration hearing record was closed on November 21, 2013. Although the Panel agreed, notwithstanding the close of the record, that it would entertain an application to reopen so as to include additional evidence that might be obtained from Sitrick & Co. as a result of this proceeding, the time for MLB to make such an application is extraordinarily limited. This is because the parties are due to submit post-hearing briefs on December 11, 2013 and reply briefs on December 21, 2013; and because the agreement between MLB and the Major League Baseball Players Association ("MLBPA"), pursuant to which the arbitration proceeding is being conducted, explicitly requires the Panel to render its decision in a manner consonant with the mutual desire for expedition shared by MLB and the MLBPA. And,

of course, once the Panel has issued a ruling, there will be no further opportunity to submit evidence.

9. No prior request for the relief sought herein has been made before this Court.


New York, New York
December 9, 2013

                                             _____
                                             HOWARD L. GANZ