UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE OFFICE OF THE COMMISSIONER OF BASEBALL,<br><br>      Petitioner,<br><br>   -against-<br><br>MICHAEL S. SITRICK<br><br>      Respondent. | 13 Civ. 7990 (ER)<br><br>ECF |

## MICHAEL S. SITRICK'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STAY NOVEMBER 22, 2013 ORDER PENDING APPEAL

McKOOL SMITH, P.C.
Gayle R. Klein
John C. Briody
Sachin S. Bansal
Matthew Fleischman

One Bryant Park, 47th Floor
New York, New York 10036
(212) 402-9400

*Attorneys for Michael S. Sitrick*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

FACTS SUBSEQUENT TO NOVEMBER 19, 2013 HEARING ...................................1

ARGUMENT ...............................................................................................................2

    I.     MR. SITRICK HAS ESTABLISHED A STAY IS WARRANTED. ..................................................................................2

          A.     Mr. Sitrick Has Demonstrated the Potential for Success on the Merits...................................................................2

          B.     Absent a Stay, Mr. Sitrick Will Suffer Irreparable Injury.................................................................................4

          C.     The Commissioner Has Failed to Demonstrate Any Irreparable Injury. ..................................................................6

    II.    THERE IS NO LEGAL OR FACTUAL BASIS TO WARRANT CIVIL CONTEMPT. ................................................6

CONCLUSION..............................................................................................................8

Pursuant to the Court's order of December 10, 2013, per its discretion under Local Rule 6.1, Michael S. Sitrick respectfully submits this reply memorandum of law in further support of his Motion to Stay the November 22, 2013 Order Pending Appeal.

## PRELIMINARY STATEMENT

Mr. Sitrick is entitled to a stay of this Court's November 22, 2013 Order (the "Order") pending appeal. The authority the Commissioner and the Court relied upon to compel Mr. Sitrick to testify stands for the proposition that New York Civil Practice Law and Rules § 308 does not create jurisdiction over Mr. Sitrick. Moreover, to date there has been no possibility of compliance. The Subpoena that the Court modified pursuant to the Order required Mr. Sitrick to provide testimony and documents to an Arbitration hearing that had closed and has not reopened.

## FACTS SUBSEQUENT TO NOVEMBER 19, 2013 HEARING

Following the hearing on November 19, 2013, Mr. Sitrick's counsel discussed with the Commissioner's counsel a potential date, time and method of appearance at the Arbitration hearing. (Declaration of Peter J. Most in Further Support of Motion to Stay November 22, 2013 Order Pending Appeal ("Most Decl.") at ¶ 2.) On the evening of November 20, 2013, counsel for the Commissioner stated that he would ask the Arbitrator to direct that Mr. Sitrick appear at a date and time as determined by the Arbitrator when the Arbitration resumed at 9:30 a.m. on November 21, 2013. (*Id.*; *see also* Declaration of Howard L. Ganz dated December 9, 2013 ("Ganz Decl.") at Exhibit A) (ECF Docket #37.) However, Mr. Sitrick was never given a date and time to appear. (Most Decl. at ¶ 3.) Instead, the Arbitrator concluded the evidence on November 21, 2013. (Most Decl. at ¶ 3.) The Court thereafter issued its final order on November 22, 2013. (ECF Docket #25.) Although counsel for the Commissioner informed Mr.

Sitrick that the Arbitration Panel would entertain an application to reopen the record, we do not believe that the Commissioner has sought to do so.  (Most Decl. at ¶ 3.)  Accordingly, any suggestion that Mr. Sitrick has failed to appear at the Arbitration or otherwise comply with the Order is incorrect.

## ARGUMENT

Most of the Commissioner's brief is dedicated to a negotiation for voluntary disclosure that is not called for by the Subpoena (as modified by the Order).  Because Mr. Sitrick has met the factors meriting a stay pending appeal, the Court should grant his motion.

I.      **MR. SITRICK HAS ESTABLISHED A STAY IS WARRANTED.**

      **A.  Mr. Sitrick Has Demonstrated the Potential for Success on the Merits.**

One of the key points of Mr. Sitrick's appeal is that service pursuant to CPLR § 308(2) does not alone confer jurisdiction over Mr. Sitrick.  The Commissioner disagrees but provides no authority to support its position.  In fact, the authority that the Commissioner initially presented to the Court to support the proposition, *First American Corp. v. Price Waterhouse LLP*, 154 F.3d 16 (2d Cir. 1998), which this court relied upon in its Order, states the opposite.

The Commissioner now argues that the ruling in *First American Corp.* is inapplicable. The Commissioner's change in position in his Opposition highlights the likelihood of the success of Mr. Sitrick's appeal.  *First American Corp.* is on point and unambiguously describes CPLR § 308 as "a section which ***presumes an independent basis of jurisdiction* and *merely concerns the giving of notice* to a defendant." *Id.* at 19 (emphasis added).  Under New York law, the adequacy of a court's basis for exercising jurisdiction over a person must be considered *independently* of the adequacy of service of process upon that person.  *Keane v. Kamin*, 94 N.Y.2d 263, 265 (1999) (emphasis in original); *see also Anderson v. Sullivan*, No. 03-CV-4064,

2005 U.S. Dist. LEXIS 43273, at *7 (E.D.N.Y. May 9, 2005). Thus, even if the Subpoena had been properly served (which Mr. Sitrick contends it was not), it still was insufficient to confer jurisdiction over him to command him to attend a proceeding in New York.

The Commissioner's reliance on *Durgom v. Durgom*, 47 Misc. 2d 513 (N.Y. Civ. Ct. 1965) is equally misplaced. That case supports Mr. Sitrick's position. In *Durgom*, like here, the defendant conceded that he maintained an office in New York for conducting business, but that he had resided continuously in California for quite some time. The plaintiff alleged that he had breached a contract to make support payments under a separation agreement and sought to serve him with process by affixing the summons to his door and mailing it to his last known residence in California. *Id.* The Court ruled that service on the defendant "on his place of business in the city in a case where the cause of action does not arise out of his doing business in the city and no other possible substantive basis for the exercise of jurisdiction exists other than the bare unrelated circumstance that he had an office in and did some business within the city, would, at the very least, be stretching the constitutional requirements of due process to its outermost limits." *Id.* at 516. Thus, the court dismissed the complaint because service within the state was improper because the Court lacked jurisdiction. The same is true here. The sole allegation of personal jurisdiction is the bare unrelated circumstance that Sitrick And Company's New York address appears on Mr. Sitrick's v-card. The evidence demonstrates that the Arbitration does not arise out of, and the testimony that is sought is not in any way related to, any of the business that Mr. Sitrick is alleged to have conducted in New York. Thus, to exercise personal jurisdiction over Mr. Sitrick stretches the constitutional requirements of due process beyond its outermost limits and Mr. Sitrick has a strong possibility of success on appeal.

3

Mr. Sitrick further has a likelihood of success on appeal because the Court did not analyze whether general or specific jurisdiction exists over Mr. Sitrick under *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 413-14 (1984). As described above, service alone does not confer jurisdiction; the Court must have found a jurisdictional basis to require Mr. Sitrick to appear in New York before a New York panel. The Commissioner did not respond to this point or in any way discuss why such an analysis is unnecessary. Because such an analysis is necessary to properly compel Mr. Sitrick's attendance in New York, his appeal has merit. [1]

Finally, the Commissioner's argument that Federal Rule of Civil Procedure 45 should allow Mr. Sitrick's attendance in New York should be rejected because there is no record that could support a conclusion that Mr. Sitrick regularly transacts business in New York. Opposition at 6-7. The sole evidence in the record is that Mr. Sitrick travels to New York from time-to-time and has clients in New York. These contacts have nothing to do with the proposed basis for his testimony. (*See* Declaration of Michael S. Sitrick in Opposition to Order to Show Cause to Compel Compliance with Subpoena, dated November 15, 2013 at ¶¶ 4, 10, 14-15) (ECF Docket #23.) Therefore, the evidence on the record is insufficient to justify the imposition of jurisdiction over Mr. Sitrick.

### B.  Absent a Stay, Mr. Sitrick Will Suffer Irreparable Injury.

Without a stay, Mr. Sitrick will suffer irreparable injury. Compliance with the Subpoena will effectively eliminate his right to appeal. The Commissioner's sole argument that Mr. Sitrick will suffer no harm appears to be that they have offered to eliminate his testimony in exchange

---

[1] The Commissioner's attempt to distinguish *Dynegy Midstream Servs. LP v. Trammochem*, 451 F.3d 89 (2d Cir. 2006) is unavailing. The Commissioner claims *Dynegy* does not apply "[b]ecause MLB does not demand that Mr. Sitrick travel to New York in response to the Subpoena." However, this statement does not change the Subpoena. As the Commissioner stated in its Motion, Mr. Sitrick was served with a trial subpoena. Thus, Mr. Sitrick can only be required to appear before the Arbitrator and give testimony. To the extent that the Commissioner may be willing to accept something less than is required is immaterial since the language of the Subpoena itself that is controlling.

for documents.   However, the Commissioner's offer ignores privilege issues that need to be resolved[2] and is inconsistent with the language of the Subpoena, as well as what the Arbitrator (and this Court) have commanded him to do.  Opposition at 9.  The Order compelled Mr. Sitrick to comply with a trial Subpoena to "testify and give evidence as a witness in the above-captioned arbitration ***and bring with you*** the documents requested in Attachment A."  (Notice of Removal, dated November 8, 2013, Exhibit 3) (ECF Docket #1-3) (emphasis added.)

The Commissioner is asking Mr. Sitrick to voluntarily provide information that he cannot compel outside the scope of the Arbitration hearing.  The Commissioner cannot obtain document discovery from Mr. Sitrick.   "The language of Section 7 [of the FAA] is straightforward and unambiguous.  Documents are only discoverable in arbitration when brought before arbitrators by a testifying witness." *Life Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 216 (2d Cir. 2008); *see also Stolt-Nielsen Transp. Group, Inc. v. Celanese AG*, 430 F.3d 567, 580 (2d Cir. 2005); *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 408 (3d Cir. 2004) (Alito, J.).   The Commissioner has acknowledged that discovery is not afforded by the procedures of the Arbitration.  (Transcript of Proceedings, November 12, 2013, p. 14:3-6) ("In respect to the deposition . . . they are not provided for under the rules that apply to this arbitration for depositions are not typically or not allowed in these arbitration processes.")

Because the Court cannot compel Mr. Sitrick to produce documents outside the scope of the Arbitration hearing, the holdings in *Church of Scientology v. U.S.*, 506 U.S. 9 (1992) and *U.S. v. Constr. Prods. Research, Inc.*, 73 F.3d 464 (2d Cir. 1996) are inapplicable.

---

[2] The Commissioner's position further ignores the fact that Mr. Sitrick cannot simply provide the documents to the Commissioner.  Mr. Rodriguez has raised issues of privilege and relevance, which the Court determined must be decided "by the arbitrator."  (*See* Order) (ECF Docket #25.)

### C. The Commissioner Has Failed to Demonstrate Any Irreparable Injury.

The Commissioner's supposed harms are undermined by the basic fact that the proceeding is now closed, despite the Panel's knowledge of the existence of the Subpoena, and the fact that the Commissioner has done nothing to attempt to reopen the hearing. The Commissioner's portrayal of Mr. Sitrick's testimony as essential to the completion of the proceeding is belied by the fact that the proceeding is closed.[3]

## II.    THERE IS NO LEGAL OR FACTUAL BASIS TO WARRANT CIVIL CONTEMPT.

Although the Court did not request Mr. Sitrick respond to the Commissioner's request for sanctions, Mr. Sitrick believes it important to briefly address two points regarding the Commissioner's allegations. Indeed, given the baseless nature of the contempt motion (and the intended resulting flurry of press), Mr. Sitrick believes the Commissioner filed the contempt motion and sought sanctions as a means to generate publicity – in an attempt to pressure Mr. Sitrick into agreeing to voluntarily answer questions, which he has a right not to do.[4] Should the Court determine to entertain the Commissioner's motion, Mr. Sitrick respectfully requests he be given a full and fair opportunity to respond.

Importantly, there has never been a way for Mr. Sitrick to comply with the Court's order. The Arbitration closed on November 21, 2013, *before the Court's final order was entered*. Mr. Sitrick cannot be sanctioned for failing to do something he could never have done. *Itar-Tass Russian News Agency v. Russian Kurier*, No. 95-CIV-2144, 1995 U.S. Dist. LEXIS 6589, at *4

---

[3] Given that the evidence has closed, neither *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283 (S.D.N.Y. 2010) nor *Chevron Corp. v. Donziger*, No. 12-MC-80237, 2013 U.S. Dist. LEXIS 151094, at *6 (N.D. Cal. Oct. 21, 2013) are applicable to the present situation as both involved underlying proceedings where the evidentiary phase had not yet closed. The evidentiary phase of the Arbitration concluded three weeks ago.

[4] The Court can take judicial notice of the press blitz that has accompanied these proceedings. We have attached just a few to this memorandum of law as Exhibit A.

(S.D.N.Y. May 13, 1995) (denying a motion for contempt where alleged contemnor had provided proof that compliance "would have been impossible").[5]

The fact that Mr. Sitrick has not informally provided the Commissioner with documents is irrelevant. The Order compelled Mr. Sitrick to comply with the Subpoena. (ECF Docket #25) ("Mr. Sitrick is ordered to comply with the subpoena to the extent that…"). The Subpoena commanded him to "appear and attend before the Arbitration Panel . . . to testify and give evidence as a witness in the above-captioned arbitration ***and bring with you*** the documents requested in Attachment A." (ECF Docket #1-3) (emphasis added.) As noted above, requiring Mr. Sitrick to provide documents in advance of the hearing is inconsistent with the limit of the law and the fact that the Commissioner acknowledged that discovery is not afforded by the procedures of the Arbitration. (*See infra* at pp. 4-5.) Thus, Mr. Sitrick can be required to provide documents only when he appears at the hearing. Indeed, this protection is necessary to afford Mr. Rodriguez the right to have his relevance and privilege objections ruled upon by the Panel.

Finally, under Federal Rule of Civil Procedure 62, the Order was automatically stayed for fourteen days. Mr. Sitrick filed a notice of appeal and sought a stay during that time. It would be patently unjust and unfair to sanction Mr. Sitrick for acting in good faith and without delay to exercise his appellate rights.

---

[5] The Commissioner alleges that the Arbitration Panel "would entertain an application to reopen [the record] so as to include additional evidence that might be obtained from Sitrick & Co. as a result of this proceeding…" (Ganz Decl. at ¶8.) We understand that the Commissioner has not made an application to reopen the hearing and set a date for Mr. Sitrick to testify, which is the only appropriate method to obtain evidence from him, both under the terms of the Subpoena and the law.

## CONCLUSION

For the foregoing reasons, Mr. Sitrick respectfully requests that the Court grant his motion to stay the November 22, 2013 Order pending appeal.  Mr. Sitrick further respectfully requests the Court grant him such other relief, at law or in equity, to which he is justly entitled.

Dated: New York, New York
   December 12, 2013

        MCKOOL SMITH, P.C.

        By: /s/ Gayle R. Klein
        Gayle R. Klein
        John C. Briody
        Sachin S. Bansal
        Matthew Fleischman
        One Bryant Park, 47th Floor
        New York, NY 10017
        (212) 402-9400
        gklein@mckoolsmith.com

        *Attorneys for Michael S. Sitrick*

# EXHIBIT A

**IN THE NEWS:**     MICHELLE OBAMA     THE WOLF OF WALL STREET     SELFIES     NEW YORK YANKEES

## GUESS WHO GOT A MAKEOVER?

SPORTS

# MLB insisting former A-Rod rep be held in contempt

By Rich Calder                                    December 11, 2013 | 7:21pm





## GUESS WHO GOT A MAKEOVER?

**FOLLOW THE STORY**

- Man arrested for burglary of A-Rod documents
- MLB insisting former A-Rod rep be held in contempt
- Yankees doctor wants A-Rod suit outside Bronx
- A-Rod's problem: 'He tries to please everyone'
- A classic MLB clash – and no one to root for
- Photo adds to A-Rod's Bosch cocaine claims

SEE ALL 143 STORIES

Major League Baseball is playing hardball with Alex Rodriguez's former public relations honcho, filing legal papers Wednesday demanding he be held in contempt of court for refusing a judge's order to testify in arbitration during A-Rod's appeal of his 211-game doping suspension.

PR maven Michael Sitrick has opted to appeal Manhattan federal Judge Edgardo Ramos' Nov. 22 order to honor an MLB subpoena to appear before the independent arbitrator who will determine the ban and also turn over documents MLB believes Rodriguez took from Anthony Bosch, owner of the now-shuttered Florida anti-aging clinic Biogenesis and baseball's star witness in the appeal hearing.

The decision to appeal is not sitting well with Commissioner Bud Selig and the league. Sitrick's testimony would help MLB prove Rodriguez obstructed the Biogenesis investigation.

If Sitrick gets out of testifying, it would be increasingly

### TRENDING NOW



8942

**Shanahan torpedoes career with ridiculous press conference**



6354

**Why Yankees said no to Gardner-Phillips deal**

difficult for the arbitrator to uphold the full suspension.

"Mr. Sitrick's decision not to comply with the court's order and, instead, to file an appeal [with the Second Circuit Court of Appeals] and seek a stay, has left MLB but with no choice but to request that Mr. Sitrick be held in contempt of court and required to pay a daily fine in an amount sufficient to cause him to comply," MLB lawyer Howard Ganz wrote. "If Mr. Sitrick's compliance ... is not immediately secured, he will have succeeded in circumventing and/or rendering that order moot."

Ganz said there is "considerable urgency" in getting Sitrick's testimony immediately because there is "extraordinary limited" time for MLB to apply to the arbitration panel to reopen the now-closed hearing process and take Sitrick's testimony.

He said MLB and its Players Association are required to submit reply briefs to the panel by Dec. 21, and once the panel issues its ruling, "there will be no further opportunity to submit evidence."

"If Mr. Sitrick does not comply with the subpoena immediately, he will preclude MLB from obtaining relevant evidence — likely to be adverse to Mr. Rodriguez — in the arbitration proceeding," Ganz said. "This delay, we believe, is a calculated strategy designed to advance Mr. Rodriguez's efforts to accomplish that result."

Sitrick claimed since he lives in Los Angeles and primarily works out of Irvine, Calif., he shouldn't have to comply with a subpoena served thousands of miles away at his satellite office in Times Square — and on a day he wasn't around to take it.

But Ramos ruled Sitrick "was served" because he can't argue the Times Square location isn't his place of business, adding "it doesn't matter that [Sitrick] wasn't in the state."

MLB lawyers have said they would have been satisfied if Sitrick complied with their initial request to sign an affidavit swearing neither he nor any of his staffers leaked selected portions of Biogenesis documents to the media outing other players, such as Brewers star Ryan Braun and the Yankees' Francisco Cervelli, for using performance-enhancing drugs. That offer is no longer on the table.

Yahoo! Sports broke the story of Braun's and Cervelli's connection to Biogenesis.

Sitrick's lawyer, John Briody, did not immediately return messages seeking comment.

He has previously argued the subpoena should be quashed because individuals, by law, shouldn't be required to travel more than 100 miles from where they live or work to testify.

Sitrick has claimed in legal papers he never leaked the documents, but never responded to questions about whether his staffers did.

Rodriguez also has denied leaking Biogenesis documents and said he reached out to his teammate Cervelli to personally discuss the allegations.

*Additional reporting by Ken Davidoff*

**FILED UNDER**   <u>ALEX RODRIGUEZ</u>, <u>BIOGENESIS</u>, <u>MICHAEL SITRICK</u>, <u>MLB</u>, <u>STEROIDS</u>

READ NEXT:  **Five years after Madoff debacle,...**

## YOU MIGHT ALSO LIKE


MLB's Most Lopsided Midseason Trades


Are these the hottest 21 Pictures of Kate


Santa's Naughty List Contains These 15



2995

**10 of baseball's worst home plate collisions**

## NOW ON



**Emmy Rossum spoofs Giselle's 'multitask' pic**

**Judge: PM David Cameron on 'Team Nigella'**

**Star snaps of the day**

**Taye Diggs, wife Idina Menzel split after 10 years**

**Sofia Vergara: I act like 'a sexy bimbo' - all the way to the bank**

**SEE ALL**

### PAGE SIX VIDEO



**Six in 60: Cameron Diaz buys $9 million Chelsea pad**

### MOST POPULAR THIS WEEK ON NYPOST.COM

**Global-warming 'proof' is evaporating**

**Jobs doctor's house deal raises eyebrows**

**Lesbian waitress in 'anti-gay' receipt flap fired**

**Flirty Obama owes us an apology**



Thursday, December 12, 2013     NYDailyNews.com / I-Team     Like   Follow   SIGN IN ▸

Jobs   Classifieds   Contests   Reader Offers   Home Delivery   Services   Apps   Newsletters     Search site

SITE | WEB | BLOGS

news   politics   sports   showbiz   opinion   living   photos   video   autos

*More of Sports :* BASEBALL | FOOTBALL | BASKETBALL | HOCKEY | COLLEGE | HIGH SCHOOL | SOCCER | MORE SPORTS | I-TEAM | SPORTS PICS | BLOGS

I-Team

# MLB wants Alex Rodriguez's public relations man Michael Sitrick held in contempt of court

**Sitrick's lawyers had the case moved to federal court. Attorneys for the public relations consultant told Ramos at last week's hearing that Sitrick should not be compelled to testify.**

Comments (3)

BY MICHAEL O'KEEFFE / NEW YORK DAILY NEWS

PUBLISHED: WEDNESDAY, DECEMBER 11, 2013, 8:33 PM
UPDATED: WEDNESDAY, DECEMBER 11, 2013, 11:34 PM

SHARE THIS URL:

5   41   0   g+1     nydn.us/1fItHTe    COPY



CHARLES CHERNEY/AP

**Alex Rodriguez's public relations guru will face contempt of court charges is MLB gets its way.**

Major League Baseball wants Alex Rodriguez's former public relations guru to face contempt of court charges if he continues to refuse to travel from sunny Southern California to snowy New York to testify in the embattled superstar's appeal of his 211-game doping suspension.

U.S. District Court Judge Edgardo Ramos ordered public relations executive Michael Sitrick to turn over documents and testify in the case last month, but papers filed by MLB attorney Howard Ganz in Manhattan federal court on Thursday said Sitrick has refused to comply with the order, seeking an appeal. Ganz asked the judge to order either Sitrick or Rodriguez to pay a daily fine "in an amount sufficient to cause him to comply" with the order.

## SPORTS ITEAM BLOG

### MOST POPULAR

MOST READ    MOST SHARED

1   MLB says A-Rod's PR guru should be held in contempt
2   Arrest made in Biogenesis records theft
3   A-Rod tells panel he was duped into taking steroids: source
4   Yankee doctor sued by A-Rod swings back
5   Armstrong accuses ex-cycling chief of covering up his positive drug tests
6   Mastro admits cutting Honus card
7   New book claims Crow sang to feds about Armstrong
8   Hockey scammer pleads not guilty to felony charges
9   A-Rod lawyer grills Yankee president Levine
10   A-Rod's lawyers attack Selig as a coward in amended lawsuit

### RELATED STORIES

Police arrest man, 20, in connection with car break-in at center of Biogenesis scandal

Alex Rodriguez's lawyers attack MLB commissioner Bud Selig as a coward in amended lawsuit

As Alex Rodriguez's appeal ends, fight is just beginning

Alex Rodriguez walks out of MLB's arbitration hearing, slams Bud Selig on Mike Francesa's radio show

Rodriguez's arbitration ended late last month, but Ganz said it is important to get Sitrick's testimony on the record because post-hearing briefs were due Wednesday and reply briefs on Dec. 21.

powered by Inform

According to MLB, Sitrick's avoidance would amount to mitigating the court order. Ganz claimed that Peter Most, one of Sitrick's lawyers, said he told the public relations man that he did not need to honor the subpoena because the arbitration hearing concluded on Nov. 21, a day after an angry A-Rod stormed out because Horowitz ruled that commissioner Bud Selig did not have to testify.

RELATED: ARREST MADE IN BIOGENESIS RECORDS THEFT

MLB attorneys told Ramos during a hearing in Manhattan federal court last month that Rodriguez or someone working on his behalf provided documents to Sitrick & Co. linking Milwaukee Brewers star Ryan Braun and Yankees catcher Francisco Cervelli to Biogenesis, the anti-aging clinic at the center of MLB's latest doping scandal. The firm founded by Sitrick later shared the documents with Yahoo! Sports, which earlier this year reported that Braun and Cervelli had ties to the alleged South Florida doping ring. The PR firm apparently hoped to deflect attention from Rodriguez, who faces a much stiffer penalty for his role in the Biogenesis scandal than other players.

Ganz said in his filing that Sitrick's lawyers had told him that it would be unreasonable to expect Sitrick to travel to New York during the holidays, although MLB had offered to accommodate Sitrick's testimony by video or telephone, or to produce the responsive documents baseball's lawyers asked Sitrick to provide. MLB attorneys asked a Manhattan Supreme Court judge last month to compel Sitrick to supply the documents and provide testimony at Rodriguez's appeal. Baseball lawyers argued in court documents that Rodriguez obtained the documents "for the purpose of preventing MLB from obtaining those records and from uncovering evidence of Rodriguez's use and possession of prohibited substances."

Sitrick's lawyers had the case moved to federal court. Attorneys for the public relations consultant told Ramos at last week's hearing that Sitrick should not be compelled to testify or provide documents because he was part of Rodriguez's legal team and is shielded by attorney-client privilege, a maneuver often attempted by crisis managers and public relations people to avoid testifying in cases involving their clients.

"Mr. Sitrick is not in contempt of the court's order," Gayle Klein, a lawyer for Sitrick, said in a statement.

POST A COMMENT »

## OTHER STORIES



Diamondbacks offer Joba Chamberlain 1-year deal
Sports Illustrated



MLB's Most Lopsided Midseason Trades Ever
ThePostGame



Lindsay Lohan Arrested on Stage During 'Saturday Night Live...
Yahoo! Screen



Girl Arrested After Taking Stupidest Selfie Ever
Articles in the News



Kenyon Martin and Metta World Peace Fought Over What???
The Fumble



Funniest Pictures Of Athletes As Kids
ThePostGame

Recommended by

## DAILY NEWS READERS ALERT

Going forward, the Daily News will require new users to register to the site using full names in order to comment on stories. If you have an existing Daily News account and you registered with only a screen name, that name will still be valid. If you are an existing user and you registered using both a screen name and your full name, your full name will appear on comments posted



FAST&FREE
SHIPPING
BOTH WAYS
24/7 Customer Service
FREE RETURNS
365 DAYS A YEAR
Zappos.com
POWERED by SERVICE™
SHOP NOW

## EDITORS' PICKS



**Mets edge Yanks in Subway Series opener**
Daniel Murphy added some flourish to the Subway Series Monday night, tomahawking his bat into the turf as he ran to first



**Harper: Captain Wright's the ship for Mets**
The catch seemed destined to be another moment that defined the baseball pecking order in New York



**The other '42' bids farewell to Flushing**
Mariano Rivera's retirement tour continued Monday with the iconic final player in baseball ever to wear No. 42 seated in front of a giant



**Indiana's George taken to LeSchool**
Apparently, defending Carmelo Anthony just isn't the same as trying to stop LeBron James. Paul George, the Pacers' small



**Bondy: Torts' future linked to Henrik's**
The rules regarding the media and John Tortorella are brutally clear: If you ask the Ranger coach any questions about his



**PHOTOS: Dan's the man! Murph's hit gives Mets Subway win**
The first Subway Series meeting of 2013 didn't lack for drama. But Daniel



**IT'S GRATUITOUS! Met ace is dating ANNE V!**
Each week we scour the wide world of sports looking for a little sports-related eye candy to spice up the

**Subway Series Greatest Hits in PHOTOS**
News takes a look back at some of the most memorable moments from

## MLB Seeks Contempt Fine Against Alex Rodriguez Ex-Spokesman

By Bob Van Voris
December 11, 2013 5:24 PM EST

Major League Baseball asked a judge to sanction a former spokesman for New York Yankees third baseman **Alex Rodriguez**, claiming he's dragging his feet to avoid turning over documents subpoenaed in an arbitration over the player's alleged use of performance-enhancing drugs.

Major League Baseball today asked U.S. District Judge Edgardo Ramos in **Manhattan** to impose a "substantial fine" for contempt of court on the former spokesman, **Michael Sitrick**, the founder and chief executive officer of the public relations firm Sitrick & Co. The organization claimed Sitrick is trying to delay producing the material until it's too late for it to be used in the ballplayer's arbitration.

Rodriguez is appealing a 211-game suspension over allegations he used performance-enhancing drugs obtained from Anthony Bosch and his **Coral Gables**, Florida-based clinic, Biogenesis of America. **Major League Baseball** is seeking to force Sitrick to turn over any records he or the company may have related to Bosch and Biogenesis for use in the arbitration.

"The application for a stay is just one of the many roadblocks that Mr. Sitrick and Mr. Rodriguez have placed in MLB's path in their joint effort to prevent MLB from obtaining and submitting to the arbitration panel evidence that the panel should consider in reaching a decision with respect to Mr. Rodriguez's appeal of his suspension," Major League Baseball said in its court fling.

"Mr. Sitrick is not in contempt of the court's order," Gayle Klein, a lawyer for Sitrick, said in an e-mailed statement.

Sitrick was subpoenaed in September in connection with Rodriguez's arbitration. Ramos narrowed the subpoena Nov. 22 and ordered Sitrick to comply with the request for documents. Major League Baseball today opposed Sitrick's request that Ramos delay enforcing the order while he appeals.

The case is Office of the Commissioner of Baseball v. Sitrick, 13-cv-07990, U.S. District Court, Southern District of **New York** (Manhattan).

To contact the reporter on this story: Bob Van Voris in federal court in Manhattan at **rvanvoris@bloomberg.net**

To contact the editor responsible for this story: Michael Hytha at **mhytha@bloomberg.net**



Barry Petchesky on Deadspin
mlb
Today 9:17am
24,923<u>43</u>

# MLB's Biogenesis Documents Are So, So Dirty



Expand

As more and more comes out about MLB's Biogenesis investigation, we're forced to conclude this whole thing is just an Elmore Leonard novel. After the arrest of a man accused of breaking

into whistleblower Porter Fischer's car, here's where it now stands: MLB bought Biogenesis documents from a guy who got them from a guy who stole them from a guy who stole them from Biogenesis.

Boca Raton police announced the arrest of Reginald St. Fleur, a tanning salon worker with a criminal record. He's an occasional associate of both Fischer, the former Biogenesis employee, and Gary Jones, the man who sold the clinic records to MLB. The exact path of those documents, which MLB used to pressure a dozen players into copping pleas and amounts to the bulk of the evidence against Alex Rodriguez, isn't precisely known, but there are only two possibilities: a criminal conspiracy, or a different type of criminal conspiracy.

Here's what we know. MLB, through an investigator, had been unsuccessfully negotiating with Fischer to purchase the documents he took from Tony Bosch after a dispute over money. On March 25th, they were scheduled to be handed over to the Florida Department of Health for its investigation into Bosch and Biogenesis. On March 24th, Fischer met Jones at a Boca Raton tanning salon. While the two met, Fischer's car was broken into and the documents stolen. On April 16th, MLB purchased the documents from Jones for $25,000. (On top of an additional $100,000 for an earlier set of documents. Also, without the evidence, the health department's case against Bosch collapsed.)

DNA evidence from Fischer's car linked St. Fleur to the break-in. How did the records get from St. Fleur to Jones?

The first possibility is that Fischer, who was restrained by a court order from dealing with MLB, was in on the con. He agreed to a phony break-in so that the documents could be sold through Jones, his intermediary. This is what MLB reportedly believed, with a source telling *Outside The Lines*:

"And they kind of staged this whole break-in, because Porter Fischer couldn't sell the documents himself because [MLB had a court order preventing Fischer from selling, transferring or destroying the documents]," an MLB official told "Outside the Lines."

The second possibility is that Fischer was set up by Jones, who lured him to a meeting to take the documents and sell them to MLB himself. This is what Fischer claims.

"Let me ask, then, why would I have turned down their offer for $125,000 five days before [the car break-in]?" Fischer said. "I turned them down at every stage. So they want to say I gave this to [Jones]? And that is why I immediately called the cops? ... That is why I've been jumping up and down to the feds and the state government? That I knew the [guy] stole from my car? Really. That is baseball's theory? Go for it, dude. Prosecute me. And let's find every single accessory that was involved. I need to know. This is bullshit."

The case was closed by police, but only re-opened recently after Jones acknowledged in an affidavit supporting Alex Rodriguez's appeal that he had obtained property stolen from Fischer's car. Complicating everything is the fact that Jones's car was broken into at the same time as Fischer's, but Jones declined to file a police report.

Did MLB know what it was buying? It swears up and down it had no clue the documents were stolen, but the evidence doesn't back that up. Jones told *Outside The Lines* that MLB was very clear on the source of the documents, and said "of course" he had told investigators they were stolen. Additionally, police records indicate that an MLB investigator contacted Boca Raton police about the break-in, four days before MLB purchased the documents from Jones.

No one's played fair here. Rodriguez's legal team, too, has paid witnesses for evidence and cooperation. But the deeper this caper goes, the more it looks like MLB may actually have interfered with criminal and state investigations, just to nail a few PED users. Not a good look. But maybe a great South Florida crime novel someday.

http://deadspin.com/mlbs-biogenesis-documents-are-so-so-dirty-1481818290